UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| J.D. Isaacs,<br>*Plaintiff*,<br><br>v.<br><br>Dartmouth Hitchcock Medical Center, et al.<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:12-cv-00040-JL |
|---|---|---|

### DEFENDANTS' DARTMOUTH HITCHCOCK MEDICAL CENTER AND MARY HITCHCOCK MEMORIAL HOSPITAL'S MOTION TO QUASH SERVICE

The Defendants, Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH") (collectively, "Defendants") hereby move pursuant to Federal Rule of Civil Procedure 12(b)(5) to quash service purportedly made on the undersigned counsel as agent for Defendants on February 7, 2012. Plaintiff's attempted service on counsel on that date is ineffective because, at the time such service was attempted, counsel did not have authority to accept service on behalf of Defendants. In support of this Motion, Defendants state as follows:

I.      Procedural Background

On February 7, 2012, a process server appeared at the office of the undersigned counsel and attempted to serve a copy of Plaintiff's Summons and Complaint in the present action. *See* Affidavit of Edward M. Kaplan, attached as Exhibit A. Counsel informed the process server that, although counsel had represented Defendants in the past, counsel was not authorized by Defendants to accept service on their behalf without Defendants' prior approval specific to the matter in which service was sought. *See* Letter

{C0916665.1}

from Edward Kaplan, Esq., to Jeffrey David Isaacs, M.D., dated February 10, 2012, and Waiver of the Service of Summons, attached as Exhibit B; *see also* Affidavit of Edward M. Kaplan. Despite receiving this information, the process server then left the Summons and Complaint in counsel's office. *See* Affidavit of Edward M. Kaplan.

After the failed service attempt, the process server noted, in correspondence with Plaintiff, who is proceeding pro se, filed with this Court, "[counsel] said he wasn't authorized to take [the Summons and Complaint] but took it anyways." E-mail from Seldon Nason to Jeffrey Isaacs, dated February 7, 2012, attached as Exhibit C.

Plaintiff appears to have based his assumption that counsel is an agent authorized to accept service on behalf of Defendants on counsel's letter to Plaintiff, dated January 23, 2012, (attached as Exhibit D) in which counsel notified Plaintiff that he (counsel) would be representing "Dartmouth Hitchcock Medical Center and the various entities" that Plaintiff named in a "notice" of Plaintiff's intention to seek some sort of relief in "United States District Court." At that point, Plaintiff had not filed suit, nor did counsel make any representation that Defendants had specifically authorized him to accept service of any suit on their behalf. In fact, both Defendants require counsel to obtain authorization to accept service on their behalf on a case by case basis. *See* Affidavit of Edward M. Kaplan.

Immediately after Plaintiff's attempted service on counsel as the purported agent of Defendants, counsel contacted Defendants for authorization to act on their behalf with respect to the acceptance, or waiver, of service on their behalf. Counsel received authorization to so act on February 8, 2012. *See* Affidavit of Edward M. Kaplan. Although Plaintiff made no formal request for waiver of service, along with the February

10, 2012, letter, counsel sent Plaintiff a completed Waiver of the Service of Summons form (the "waiver"). *See* Letter and Waiver, attached as Exhibit B.

On February 15, 2012, the Court entered the following docket entry:

> Return of Service Executed as to Dartmouth College Trustees, Dartmouth Hitchcock Medical Center, Mary Hitchcock Memorial Hospital by J.D. Isaacs. Served/Mailed on 2/7/2012. Answer Follow Up on 3/2/2012. (dae) (Entered: 02/15/2012)

*See* Doc. No. 5.

II.   Analysis

Federal Rule of Civil Procedure 4(h)(1)(B) provides, in relevant part, that a plaintiff may serve a defendant corporation, partnership or association by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other **agent authorized by appointment or by law to receive service of process**." (Emphasis added.) "In order for service on an attorney to constitute proper service on a party, the attorney must be specifically authorized by the defendant to perform that particular task." *Guess ?, Inc. v. Chang*, No. 94-C-3685, 163 F.R.D. 505, 507-508, 1995 U.S. Dist. LEXIS 12144, 7 (N.D. Ill. Aug. 22, 1995). *See also Obot v. Citibank South Dakota, N.A.*, No. 04-CV-784A, 2006 U.S. Dist. LEXIS 75260, 4 (W.D.N.Y. Oct. 17, 2006)(unpublished) citing *United States v. Bonsurgi*, 343 F. Supp. 815, 817-18 (S.D.N.Y. 1972)("As a general rule, an attorney does not become his client's agent for service of process solely by reason of serving in the capacity as attorney.").

> What is necessary is that it appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client. And if such agency is to be implied, it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer.

*Obot*, 1995 U.S. Dist. LEXIS 12144 at 4, citing *Bonsurgi*, *supra*.

{C0916665.1 }

The present circumstances do not give rise to the appearance of authority on behalf of the undersigned counsel. Counsel promptly and expressly informed the process server that he did not have authority to accept service on behalf of Defendants. Counsel further informed Plaintiff by letter that, at the time Plaintiff attempted to serve counsel in hand as agent, such agency did not exist. To the extent Plaintiff may have assumed counsel had authority to accept service on behalf of Defendants based on counsel's January 23, 2012, letter, Plaintiff's reliance on that letter as of the February 7, 2012, is clearly misplaced and unjustified. In the letter, counsel did not represent that he was authorized to accept service on behalf of Defendants, and indeed, such a suit was not pending at that time. When service was attempted, counsel immediately informed the process server that counsel was not so authorized, which put Plaintiff on express notice that such attempted service was invalid. Thus, Plaintiff did not complete service on Defendants on February 7, 2012.

Additionally, there is no equitable justification for accepting Plaintiff's invalid service. Plaintiff was timely notified of the deficiency in his attempt to serve Defendants and, indeed, still has time to remedy such defect through proper service. *See* Fed. R. Civ. P. 4(m)(allowing 120 days from the date of filing for service).[1]

III.   Conclusion

To date, Plaintiff has failed to properly serve Defendants. Plaintiff attempted to serve the undersigned counsel as agent of the Defendants at a time when no such agency

---

[1] After receiving authorization from Defendants to accept or waive service in this matter on their behalf, counsel provided Plaintiff with an executed Waiver of the Service of Summons form. However, counsel understands that the Waiver provided is invalid because Plaintiff did not fulfill any of the requirements set forth in Federal Rule of Civil Procedure 4(d), and, absent a request for such waiver from Plaintiff, does not trigger a deadline for filing a response pursuant to Federal Rule of Civil Procedure 4(d)(3)(time to serve an answer to the complaint is "60 days **after the request** [for waiver] was made")(emphasis added). *See also* Fed. R. Civ. P. 12(a)(1)(A)(ii). In any case, Plaintiff has not filed the Waiver with the Court.

{C0916665.1 }

existed. Moreover, Plaintiff had no reason to believe, at the time of service, that counsel was authorized to accept such service on behalf of Defendants, having been informed to the contrary both through the process server during the attempted service, and by letter from counsel shortly thereafter. Finally, there exists no justification in equity for accepting Plaintiff's invalid service attempt, Plaintiff having ample time to remedy the defects known to him since February 7, 2012.

WHEREFORE, Defendants respectfully request that the Court:

(A) Quash service on Edward M. Kaplan as Defendant's agent, which purportedly occurred on February 7, 2012, on the basis that Attorney Kaplan was not authorized as an agent to accept such service; and

(B) Grant such other relief as is just and equitable.

        Respectfully submitted,

        DARTMOUTH HITCHCOCK MEDICAL
        CENTER and MARY HITCHCOCK
        MEMORIAL HOSPITAL

        By Their Attorneys,
        SULLOWAY & HOLLIS, P.L.L.C.

Dated: February 27, 2012        By  /s/ Edward M. Kaplan
                                       Edward M. Kaplan (#1307)
                                       Sulloway & Hollis, P.L.L.C.
                                       9 Capitol Street
                                       Concord, NH 03301
                                       (603)223-2863

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was served on the following persons on this date and in the manner specified herein:

                              **Conventionally Served:**

                              **Jeffrey David Isaacs**
                              **3553 West Chester Pike Unit 177**
                              **Newtown Square, PA  19073**

Dated: February 27, 2012        By   /s/ Edward M. Kaplan
                                                     Edward M. Kaplan

{C0916665.1 }