

**Sulloway & Hollis** P.L.L.C.
COUNSELORS AT LAW

REPLY TO: CAPITAL OFFICE
Fax number: (603) 224-2557
ekaplan@sulloway.com

February 10, 2012

FRANK J. SULLOWAY
(1883-1981)
FRANKLIN HOLLIS
(1941-1980)

SENIOR COUNSEL
CHARLES F. SHERIDAN, JR.
MARTIN L. GROSS
ROBERT M. LARSEN
FRED L. POTTER

MICHAEL M. LONERGAN
EDWARD M. KAPLAN
IRVIN D. GORDON
MICHAEL P. LEHMAN
MICHEL A. LAFOND
PETER F. IMSE
R. CARL ANDERSON
DOUGLAS R. CHAMBERLAIN
MARGARET H. NELSON
JAMES O. BARNEY
JAMES E. OWERS
ROBERT J. LANNEY
PETER A. MEYER
JOHN R. HARRINGTON
RONNA E. WISE
WILLIAM D. PANDOLPH
JEANINE L. POOLE
W. KIRK ABBOTT, JR.
ELISE E. SALEK
MARTIN F. HONIGBERG
SARAH S. MURDOUGH
PATRICK J. SHEEHAN
DEREK D. LICK
MELISSA M. HANLON
CHRISTOPHER J. PYLES
KEVIN M. O'SHEA
BETH G. CATENZA
JAY SURDUKOWSKI
NICOLE J. SCHULTZ-PRICE
KATHERINE DEFOREST
MATTHEW J. SNYDER
HEATHER L. DEVINE
ROSEMARY H. GUILTINAN

ALL ATTORNEYS ADMITTED
IN NEW HAMPSHIRE

INDIVIDUAL ATTORNEYS
ADMITTED IN:
MAINE, VERMONT, FLORIDA
MASSACHUSETTS, NEW YORK,
AND OTHER STATES

VIA EMAIL AND U.S. MAIL
Jeffrey David Isaacs, M.D.
3553 West Chester Pike Unit #177
Newton Square, PA 19073

Re:    Dr. J.D. Isaacs v. Dartmouth Hitchcock Medical Center, et al.

Dear Dr. Isaacs:

As you may know, a process server appeared at my office on February 7, 2012, attempting to serve a copy of the complaint you filed against Dartmouth Hitchcock Medical Center, Mary Hitchcock Memorial Hospital, Trustees of Dartmouth College and John Doe. As I explained to the process server, although I have represented these entities in the past, I was not authorized to accept service on their behalf without each defendant's prior approval.

Since the service attempt, I have spoken with representatives of the defendants, and am now authorized to accept service on behalf of defendants Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital. Rather than go through the expense of having the process server return to my office, we are willing to waive formal service. Enclosed is a completed Waiver of Service of Summons, which you may file with the Court.

Please let me know if this proposal is acceptable to you with regard to service of your Complaint.

Very truly yours,

*Edward M. Hanlon (for)*

Edward M. Kaplan

/jbb
Enc.

CAPITAL OFFICE
9 Capitol Street
P.O. Box 1256
Concord, NH 03302
Tel: 603-224-2341

PORTLAND OFFICE
477 Congress Street
5th Floor
Portland, ME 04101
Tel: 207-253-5141

GORHAM OFFICE
30 Exchange Street
P.O. Box 335
Gorham, NH 03581
Tel: 603-466-5946

*Celebrating More Than 150 Years of Service to Clients and Community*

AO 399 (1/09)   Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| J.D. Isaacs _____ ) | |
| Plaintiff ) | |
| v. ) | Civil Action No.   1:12-cv-00040-PB |
| Dartmouth Hitchcock Medical Center, et al. ) | |
| Defendant ) | |

### Waiver of the Service of Summons

To:  Dr. J.D. Isaacs
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____02/07/2012_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date  ____02/10/2012____

/s/ Edward M. Kaplan
_____
Signature of the attorney or unrepresented party

Edward M. Kaplan, Esq. as counsel for Defendants
Printed name
Dartmouth Hitchcock Medical Center and
Mary Hitchcock Memorial Hospital
Sulloway & Hollis,  PLLC 9 Capitol St., Concord, NH
03301
Address

ekaplan@sulloway.com
E-mail address

603-224-2341
Telephone number

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.