UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Dr. J.D. Isaacs, pro se, <br>     Plaintiff <br><br> v. <br><br> Dartmouth Hitchcock Medical Center, <br> Mary Hitchcock Memorial Hospital; <br> Trustees of Dartmouth College; and <br> John Doe, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 12-cv-40-JL |

**EXHIBIT B**

to

**MOTION OF THE TRUSTEES OF DARTMOUTH COLLEGE
TO JOIN DARTMOUTH HITCHCOCK MEDICAL CENTER
AND MARY HITCHCOCK MEMORIAL HOSPITAL'S
MOTION TO QUASH SERVICE**

# WADLEIGH, STARR & PETERS, P.L.L.C

WILLIAM C. TUCKER
EUGENE M. VAN LOAN III
JOHN E. FRIBERG, Sr.
JAMES C. WHEAT
RONALD J. LAJOIE
KATHLEEN N. SULLIVAN
JEFFREY H. KARLIN
DONALD J. PERRAULT
MARC R. SCHEER
GREGORY G. PETERS
ROBERT E. MURPHY, Jr.
DEAN B. EGGERT

MICHAEL R. MORTIMER
KATHLEEN C. PEAHL
RICHARD THORNER
CHARLES F. CLEARY
CHRISTINE GORDON
JENNIFER L. ST. HILAIRE
TODD J. HATHAWAY
STEPHEN J. JUDGE
STEPHEN L. BOYD
ALISON M. MINUTELLI
MICHAEL J. TIERNEY
PIERRE A. CHABOT
JOSEPH G. MATTSON

Attorneys At Law
95 Market Street
Manchester, New Hampshire 03101
Telephone (603) 669-4140
Facsimile (603) 669-6018

WWW.WADLEIGHLAW.COM

*Serving New Hampshire since 1899*

Direct Dial: (603) 206-7229
kpeahl@wadleighlaw.com

February 9, 2012

Dr. J.D. Isaacs
3553 West Chester Pike, Unit #177
Newtown Square, PA 19073

Re: Dr. J.D. Isaacs, pro se
v.
Dartmouth Hitchcock Medical Center; Mary Hitchcock Memorial Hospital; Trustees of Dartmouth College; and Joe Doe
Case No. CV12-40

Dear Dr. Isaacs:

I am in receipt of a copy of a Verified Complaint in the above-captioned matter. This firm represents the Trustees of Dartmouth College and intends to enter an appearance on behalf of the Trustees of Dartmouth College.

Service of your Verified Complaint has not been properly effected on the Trustees of Dartmouth College. I am enclosing a Notice of a Lawsuit and Request to Waive Service of a Summons as well as a completed Waiver of the Service of Summons form. These forms are typically forwarded by the plaintiff to a defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. I am authorized to accept service on behalf of the Trustees of Dartmouth College and I have inserted today's date in the waiver form, which allows 60 days for my client to file an answer. You are required to file the signed waiver with the court with a copy to counsel of record.

Very truly yours,

Kathleen C. Peahl

KCP/tav
Enclosures
Cc: Edward M. Kaplan, Esq.
Kevin D. O'Leary, Esq.
David F. Foster

AO 398 (1/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Dr. J.D. Isaacs, pro se <br> Plaintiff <br> v. <br> Dartmouth Hitchcock Medical Center; Mary Hitchcock <br> Defendant | Civil Action No. CV12-40 |

### Notice of a Lawsuit and Request to Waive Service of a Summons

To: Dartmouth Hitchcock Medical Center; Mary Hitchcock Memorial Hospital; Trustees of Dartmouth College; and Joe Do
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __60__ days ( *give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States* ) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you and you, or the entity you represent, may be required to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date _____

_____
Signature of the attorney or unrepresented party

Dr. J.D. Isaacs
Printed name

3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Address

jdi@alum.dartmouth.org
E-mail address

212-257-0737
Telephone number

AO 399 (1/09)  Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Dr. J.D. Isaacs, pro se<br>Plaintiff<br>v.<br>Dartmouth Hitchcock Medical Center; Mary Hitchcock<br>Defendant | Civil Action No. CV12-40 |

### Waiver of the Service of Summons
on behalf of Trustees of Dartmouth College

To: Dr. J.D. Isaacs, pro se
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   February 9, 2012  , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date  February 9, 2012

*Signature*
Signature of the attorney or unrepresented party

Kathleen C. Peahl, NH Bar #6880
Printed name

Wadleigh, Starr & Peters, P.L.L.C.
95 Market Street
Manchester, NH 03101
Address

kpeahl@wadleighlaw.com
E-mail address

603-669-4140
Telephone number

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.