UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| J.D. Isaacs, *Plaintiff*, v. Dartmouth Hitchcock Medical Center, et al. *Defendants*. | § § § § § § § § | Civil Action No. 1:12-cv-00040-JL |
|---|---|---|

**DEFENDANTS DARTMOUTH HITCHCOCK MEDICAL CENTER AND
MARY HITCHCOCK MEMORIAL HOSPITAL'S
OBJECTION TO PLAINTIFF'S MOTION TO STRIKE**

The Defendants, Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH") (collectively, "Defendants") hereby object to Plaintiff's Motion to Strike Defendants' Motion to Quash Service.   In support of this objection, Defendants state as follows:

1.   Plaintiff's motion should be denied to the extent he seeks to have Defendants' Motion to Quash Service stricken from the record because he fails to identify any "redundant, immaterial, impertinent, or scandalous matter" that would require striking, nor does Defendants' Motion to Quash contain any such material.

2.    Plaintiff also fails to demonstrate that he completed valid service on Defendants on February 7, 2012, and fails to show that, under the circumstances of this case, the deficiencies regarding the attempted service were cured or should otherwise be excused.  Plaintiff's motion should be denied to the extent he asserts valid service occurred on February 7, 2012, or at any point thereafter.

{C0921349.1 }

3.      Finally, Plaintiff appears to allege that Defendants' counsel engaged in conduct in violation of Fed. R. Civ. P. 11(b)(1) & (2), but provides no credible evidence that such a violation, which is a serious matter, occurred.  Defendants' counsel filed the Motion to Quash Service based on credible facts and a more than plausible legal argument to contest the validity of Plaintiff's deficient February 7, 2012, service attempt. Defendants' counsel's conduct in no way violated Rule 11.

4.      Defendants' Memorandum of Law in Support of Defendants' Objection to Plaintiff's Motion to Strike is filed herewith and incorporated herein.

WHEREFORE, Defendants, Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital, respectfully request that this Court:

(A)     Deny Plaintiff's Motion to Strike Defendants' Motion to Quash Service;

(B)     Quash service on Edward M. Kaplan as Defendant's agent, which purportedly occurred on February 7, 2012, on the basis that Attorney Kaplan was not authorized as an agent to accept such service; and

(C)     Grant such other relief as is just and equitable.

Respectfully submitted,

DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated:  March 13, 2012            By  /s/ Edward M. Kaplan_____
                                      Edward M. Kaplan (#1307)
                                      Sulloway & Hollis, P.L.L.C.
                                      9 Capitol Street
                                      Concord, NH 03301
                                      (603)223-2863

{C0921349.1 }

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was served electronically on:

            **Jeffrey David Isaacs**
            **3553 West Chester Pike Unit 177**
            **Newtown Square, PA  19073**

            **Kathleen Peahl**
            **Wadleigh, Starr & Peters, P.L.L.C.**
            **95 Market Street**
            **Manchester, NH 03101**


Dated: March 13, 2012        By   /s/ Edward M. Kaplan
                                                 Edward M. Kaplan