UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| J.D. Isaacs,<br>*Plaintiff*,<br><br>v.<br><br>Dartmouth Hitchcock Medical Center, et al.<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:12-cv-00040-JL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DARTMOUTH
HITCHCOCK MEDICAL CENTER AND
MARY HITCHCOCK MEMORIAL HOSPITAL'S
OBJECTION TO PLAINTIFF'S MOTION TO STRIKE**

The Defendants, Dartmouth Hitchcock Medical Center ("DHMC") and Mary

Hitchcock Memorial Hospital ("MHMH") (collectively, "Defendants") respectfully

submit this memorandum in support of Defendants' Objection to Plaintiff's Motion to

Strike (doc. no. 8).

**I.      Plaintiff Fails to Identify Any Statements that are the Proper Subject of a**

**Motion to Strike**

Defendants' Motion to Quash Service (doc. no. 6) sets forth facts and legal

argument in support of Plaintiff's failure to complete valid service on Attorney Kaplan as

agent for the Defendants as of February 7, 2012, and the failure of a Waiver of the

Service of Summons executed by the Defendants (the "Waiver") to excuse any defect in

service absent the filing of such a waiver with the Court.  There is nothing "redundant,

immaterial, impertinent, or scandalous" (Fed. R. Civ. P. 12(f)) regarding any of the

statements or arguments made in Defendants' Motion to Quash Service, and Plaintiff

fails to identify any such statements in his Motion to Strike.  On this independent ground,

{C0920868.1 }

Plaintiff's Motion should be denied, insofar as it seeks to strike Defendants' Motion to Quash from the record.

**II.      Plaintiff's Reliance on Statements By Process Server is Misplaced**

Plaintiff asserts that process server, Seldon Nason ("Mr. Nason"), advised him that the February 7, 2012, attempt to serve Attorney Kaplan as Defendants' agent "should stand up in Court," and that Plaintiff based his decision not to attempt further service on Defendants on Mr. Nason's advice (Motion to Strike, ¶ 6), even after being notified of Defendants' subsequent grant of authority to accept service to Attorney Kaplan. *See* Letter from Edward M. Kaplan to Jeffrey David Isaacs, dated February 10, 2012, attached to Motion to Quash as Exhibit B (doc. no. 6-2). However, both Mr. Nason's advice and Plaintiff's reliance thereon is irrelevant to the validity of service.

It is undisputed that Attorney Kaplan immediately notified Mr. Nason that he, Attorney Kaplan, was not authorized to accept service on behalf of Defendants. *See* Affidavit of Edward M. Kaplan, ¶ 5, attached to Motion to Quash Service as Exhibit A (doc. no. 6-1); e-mail from Seldon Nason to Jeffrey Isaacs, dated Feb. 7, 2012, attached to Motion to Quash Service as Exhibit C (doc. no. 6-3). Mr. Nason's assertion that Attorney Kaplan, in fact, accepted service after notifying Mr. Nason that he, Attorney Kaplan, was not authorized to do so, is nonsensical and is not credible. The fact that the Summons was left in Attorney Kaplan's office also does not validate such service, where the process server had already been notified that Attorney Kaplan was not authorized to accept service.

Thus, the substance of Mr. Nason's advice and Plaintiff's purported reliance on the information provided by Mr. Nason, does not serve to validate the February 7, 2012, attempted service, and Plaintiff's motion should be denied.

**III.    Plaintiff Fails to Show that Counsel was Authorized to Accept Service at the Time Such Service was Attempted**

Plaintiff's attempts to distinguish *Obot v. Citibank South Dakota, N.A.* (No. 04-CV-784A, 2006 U.S. Dist. LEXIS 75260, 4 (W.D.N.Y. Oct. 17, 2006)(unpublished)) and *United States v. Bonsurgi* (343 F. Supp. 815, 817-18 (S.D.N.Y. 1972)) are likewise unavailing under the present circumstances.  Here, Attorney Kaplan expressly notified both the process server and Plaintiff that counsel was not authorized to accept service as of February 7, 2012.  Thus, there is no evidence in the present case that service could have been validly completed under the guise of apparent authority.  Plaintiff fails to demonstrate any facts that would cure the defective February 7, 2012, service attempt, and his motion should therefore be denied.

**IV.    The Waiver of the Service of Summons is Ineffective Unless Filed with the Court**

While Plaintiff attempts to impute some bad intent into Attorney Kaplan's provision of the Waiver, Attorney Kaplan provided the Waiver in good faith as a courtesy, and as an indication that Defendants were willing to waive service pursuant to the provisions of Fed. R. Civ. P. 4(d).  Defendants would have accepted the date of the Waiver as Plaintiff's de facto request for the same, in compliance with Fed. R. Civ. P. 4(d)(1).

However, Plaintiff chose not to file the Waiver with the Court.  In the absence of

Plaintiff filing the Waiver with the Court, the fact that Defendants authorized and

executed the Waiver does not excuse the valid completion of service of process.  *See e.g.*,

*Knotts v. Arroyo*, 1996 U.S. Dist. LEXIS 18950, *6 (E.D.L.A. 1996)(service of process is

not excused, even though defendant seemed to have executed a waiver where no waiver

of service was filed into the record); *Davis v. Liese*, No. 08-3326, 2009 U.S. App. LEXIS

24488, **6 (10th Cir. Nov. 6, 2009) (unpublished)(service of process not excused where

plaintiff did not file the waiver with the court).   Thus, Plaintiff must either file the

Waiver and accept the 60-day deadline for Defendants' answer, or otherwise complete

service on Defendants.

V.      **Plaintiff's Allegations are Wholly Insufficient to Support His Claim of a
        Rule 11 Violation**

Plaintiff, who is pro se, cites Fed. R. of Civ. P. 11(b)(1) & (2), but fails to provide

any analysis regarding how he believes those sections of the rule apply to the factual

allegations he presents in his Motion to Strike.  Read liberally, his motion alleges that

Defendants dispute the effectiveness of service as a tactic to delay the resolution of the

case.  However, as Defendant's Motion to Quash and this objection indicate, Defendants

have a more than plausible factual and legal basis for believing Plaintiff's attempted

service on February 7, 2012, was invalid, and for contesting the validity of the Waiver,

absent filing, to excuse service of process.  Additionally, Attorney Kaplan's purported

statement that "this case will go the way they usually go" cannot be reasonably read to

support an inference that Defendants would engage in unreasonable delays.  Plaintiff's

unsupported allegations in no way indicate that a Rule 11 violation occurred with respect

to the filing of Defendant's Motion to Quash.

## VI.    Conclusion

In his Motion to Strike, Plaintiff fails to demonstrate the existence of any matter

that should be stricken from the record pursuant to Fed. R. Civ. P. 12(f).  Plaintiff also

fails to show that he completed valid service on Defendants on February 7, 2012, or the

existence of any circumstances that would excuse the completion of service on

Defendants.  Moreover, although Plaintiff cites Rule 11(b)(1) & (2) in support of his

motion, he provides no factual basis from which the Court could reasonably conclude that

any Rule 11 violation occurred.  For the foregoing reasons, Plaintiff's Motion to Strike

should be denied.

<div style="margin-left: 50%;">

Respectfully submitted,

DARTMOUTH HITCHCOCK MEDICAL
CENTER and MARY HITCHCOCK
MEMORIAL HOSPITAL

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

</div>

Dated:  March 13, 2012                    By   /s/ Edward M. Kaplan
                                                 Edward M. Kaplan (#1307)
                                                 Sulloway & Hollis, P.L.L.C.
                                                 9 Capitol Street
                                                 Concord, NH 03301
                                                 (603)223-2863

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading was served electronically on:

**Jeffrey David Isaacs**
**3553 West Chester Pike Unit 177**
**Newtown Square, PA  19073**

**Kathleen Peahl**
**Wadleigh, Starr & Peters, P.L.L.C.**
**95 Market Street**
**Manchester, NH 03101**

Dated: March 13, 2012                    By   /s/ Edward M. Kaplan
                                               Edward M. Kaplan