UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

```
****************************************
Dr. J.D. Isaacs                          *
                                         *
      Plaintiff,                         *
                                         *
         -v-                             *    Case No. 1:12-cv-00040-JL
                                         *
Dartmouth-Hitchcock Medical Center,      *
Mary Hitchcock Memorial Hospital,        *
Dr. Christine T. Finn, Dr. Douglas Noordsy, *  Judge Joseph N. Laplante
Trustees of Dartmouth College, Dr. Jim Yong *
Kim and "John Doe,"                      *
                                         *
      Defendants.                        *
                                         *
****************************************
```

### Defendants Trustees of Dartmouth College, Dr. Jim Yong Kim, Dr. Christine Finn and Dr. Douglas Noordsy's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

NOW COME the Trustees of Dartmouth College, Dr. Jim Yong Kim, Dr. Douglas Noordsy and Dr. Christine Finn, by and through their attorneys, Wadleigh, Starr & Peters, P.L.L.C., and respectfully request that this Honorable Court DISMISS all claims against The Trustees of Dartmouth College and Dr. Kim, and DISMISS Counts 1, 2, 3, 4, 5, 7, 8 and 9 against Drs. Noordsy and Finn.

1.      The claims asserted in Plaintiff's Amended Complaint ("Complaint") all arose out of, or relate to, his employment in the Graduate Medical Education Program with Mary Hitchcock Memorial Hospital at the Dartmouth-Hitchcock Medical Center ("DHMC"). As

explained in the attached Memorandum of Law, and as supported by documents of which this Court may take judicial notice, both Mary Hitchcock Memorial Hospital and Dartmouth-Hitchcock Medical Center are distinct and separate corporate entities from Dartmouth College.

2. Plaintiff has not alleged that he had a contract with anyone other than Mary Hitchcock Memorial Hospital and/or Dartmouth-Hitchcock Medical Center. Indeed, Plaintiff's Resident Agreement of Appointment ("Employment Contract") accompanies this Motion, and makes it clear that Plaintiff's contract was with DHMC and Mary Hitchcock Memorial Hospital only.

3. Even given the most generous construction of Plaintiff's Complaint, Defendants Dr. Kim and the Trustees of Dartmouth College ("Dartmouth") had no employment relationship or contractual relationship with Plaintiff. Nor did they take part in or owe any duty in regard to Plaintiff's medical treatment. Plaintiff has plead no facts that could plausibly support any claim of liability against Dr. Kim or Dartmouth College. Even if a cause of action could exist against Dartmouth College, Plaintiff has asserted no facts to establish individual liability on the part of Dartmouth's President, Dr. Jim Yong Kim.

4. Plaintiff's allegations of Constitutional deprivations (Count 1) do not state a cause of action against any defendant. Plaintiff has not alleged that any defendant was acting under color of law.

5. Defendants Dr. Noordsy and Dr. Finn are professors at Dartmouth College who oversaw or supervised Plaintiff's work as a resident at Mary Hitchcock Memorial Hospital. Although they supervised his work, they are not "employers" within the meaning of the Americans With Disabilities Act ("ADA") or the Rehabilitation Act. Counts 2 and 4 of

Plaintiff's Complaint, based on these federal laws, and the related retaliation claims alleged in Count 1, must be dismissed as against Dr. Finn and Noordsy.

6. Plaintiff likewise had no employment relationship whatsoever with Dartmouth or Dr. Kim. All ADA (Count 4), Rehabilitation Act (Count 2), and related retaliation claims (Count 1) against these defendants must be dismissed.

7. Plaintiff has not alleged that he exhausted his administrative remedies under the Americans with Disabilities Act. For this additional reason, Count 4 must be dismissed as against all defendants.

8. As Plaintiff has not asserted that a contract existed with any party other than Mary Hitchcock Memorial Hospital or DHMC, any causes of action sounding in contract (Count 3), including causes of action for breach of the duty of good faith and fair dealing (Count 9), must be dismissed as against Dartmouth, Dr. Kim, Dr. Finn and Dr. Noordsy.

9. Plaintiff's Complaint does not allege that Dartmouth or Dr. Kim took any action against him, let alone actions that could rise to the level of "extreme and outrageous" conduct. Thus, Count 5 does not state a claim for intentional infliction of emotional distress against those defendants.

10. Plaintiff's Complaint only alleges that Dr. Noordsy made false criticisms of his work. This allegation is insufficient to support an intentional infliction of emotional distress claim under New Hampshire law, and so Count 5 must be dismissed as against Dr. Noordsy.

11. Plaintiff's Complaint alleges that Dr. Finn unlawfully denied him accommodations, falsely criticized his performance, and caused a hostile working environment because of his legally protected status. Additionally, he insinuates that he may have been the subject of human experimentation without adequate informed consent, though he does not

specifically allege that Dr. Finn took part in such testing. These allegations amount to a claim that Plaintiff believes he was wrongfully terminated and subject to harassment in the workplace by his supervisor, Dr. Finn. These allegations are insufficient to support an intentional infliction of emotional distress claim as a matter of law, and Count 5 must be dismissed as against Dr. Finn.

12. Plaintiff's Complaint does not state that Dartmouth College or Dr. Kim owed him any duty with respect to his employment at DHMC or Mary Hitchcock, or to his medical treatment there. Plaintiff's conclusory allegations that he believed that Dartmouth should have taken action on his "ethics complaint," or responded to his inquiries about his employment at DHMC, or concerning his HIPAA complaint, do not establish such a duty. Absent the allegation of a legally cognizable duty, Plaintiff's claims for negligence and negligent infliction of emotional distress (Counts 6 and 7) must be dismissed as to Dartmouth and Dr. Kim.

13. Plaintiff's Complaint does not allege that Dartmouth or Dr. Kim made any representations to him about his employment or treatment at DHMC or Mary Hitchcock. Absent any allegation of any statement, let alone a knowingly false statement made with a purpose to induce Plaintiff's detrimental reliance, Plaintiff's fraud claims (Count 8) against Dartmouth and Dr. Kim must be dismissed.

14. Count 8 of Plaintiff's Complaint fails to assert a legally sufficient claim of detrimental reliance under Fed. R. Civ. Pro. 9(b) to survive a Motion to Dismiss as to Drs. Noordsy and Finn. Plaintiff asserts that the allegedly unwarranted criticisms of his work as a resident were made to induce his resignation—but he does not allege that he resigned—in fact, he alleges that he continued to work up until January 13, 2012. To the extent that Plaintiff claims that any defendant derived a financial benefit from his continued participation in the

residency program, that claim is contradictory of his claim that Defendants sought to force him to resign his residency.

15. This Motion is accompanied by the attached Memorandum of Law. See L.R. 7.1(a)(2).

16. As this is a dispositive motion, Plaintiff's concurrence was not sought. See L.R. 7.1(c).

WHEREFORE, Defendants Trustees of Dartmouth College, Dr. Jim Yong Kim, Dr. Christine Finn and Dr. Douglas Noordsy respectfully request that this Honorable Court:

A. DISMISS ALL CLAIMS as against the Trustees of Dartmouth College; and

B. DISMISS all claims against Dr. Jim Yong Kim; and

C. DISMISS counts 1, 2, 3, 4, 5, 7, 8 and 9 against Dr. Noordsy; and

D. DISMISS counts 1, 2, 3, 4, 5, 7, 8 and 9 against Dr. Finn; and

E. GRANT such other relief as may be just and necessary.

        Respectfully Submitted,

        /s/ Kathleen C. Peahl
        Kathleen C. Peahl, NH Bar No. 6880
        Pierre A. Chabot, NH Bar No. 17606
        Wadleigh, Starr & Peters, P.L.L.C.
        95 Market Street
        Manchester, NH 03101
        (603) 669-4140
        Kpeahl@wadleighlaw.com
        pchabot@wadleighlaw.com

CERTIFICATE OF SERVICE

  I hereby certify that the foregoing MOTION TO DISMISS, along with Attached Memorandum of Law and Associated Exhibits, was served on the following persons on this date and in the manner specified herein:

Electronically Served Through ECF:

| | |
|---|---|
| **Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital,** <br> By their Attorneys, <br> SULLOWAY & HOLLIS, P.L.L.C. <br> Edward M. Kaplan <br> 9 Capitol Street, P.O. Box 1256 <br> Concord, NH 03302-1256 <br> Telephone: (603) 223-2863 <br> Email: ekaplan@sulloway.com | **Dr. J.D. Isaacs, Plaintiff** <br> Pro Se <br> Dr. Isaacs <br> 3553 West Chester Pike Unit #177 <br> Newtown Square, P A 19073 <br> Telephone: (212) 257-0737 <br> Email: jdi@alum.dartmouth.org |

Conventionally Served:

Date: April 20, 2012           /s/ Kathleen C. Peahl
                  Kathleen C. Peahl
                  NH Bar 6880
                  Pierre A. Chabot
                  NH Bar No. 17606
                  Wadleigh, Starr & Peters, PLLC
                  95 Market Street
                  Manchester, NH 03101
                  Phone: (603) 669-4140
                  E-mail: kpeahl@wadleighlaw.com
                  E-mail: pchabot@wadleighlaw.com