## Affidavit of Michael H. Payne, Esquire

I, Michael H. Payne, Esquire, being duly sworn, hereby depose and say:

1. I am an attorney-at-law and I am duly licensed to practice law in the Commonwealth of Pennsylvania. Currently, I am a partner at Cohen Seglias Pallas Greenhall & Furman, PC, a law firm in Philadelphia, Pennsylvania.

2. Previously, and during the time period from May 2005 to April 2009, I was a partner in the law firm of Payne Hackenbracht & Sullivan, located in Fort Washington, Pennsylvania.

3. During that time period I represented Jeffrey Isaacs with regard to certain matters involving the University of Southern California ("USC").

4. I have been informed, by Dr. Isaacs, that he has received notice of an investigation of his ERAS 2012 application, and that there is a question about whether Dr. Isaacs omitted information on his application regarding his alleged attendance at USC's Keck School of Medicine from August 2005 to June 2006.

5. Dr. Isaacs is in a difficult position regard to his ability to answer questions regarding the Keck School because he became involved in a dispute with the University that is the subject of a confidentiality agreement.

6. Although it is true the Dr. Isaacs was admitted to the School, his enrollment was terminated during the first semester, without any subsequent finding of fault by either party, and his dispute with the University was resolved by agreement of the parties.

7. I represented Dr. Isaacs with regard to the negotiation of a settlement agreement which both parties agreed was to remain confidential.

8. In view of the settlement, Dr. Isaacs correctly determined that his attendance at the Keck School was a nullity and that he not was not required to list the Keck School on any application that required a listing of prior educational institutions he attended and that, in fact, he would be in violation of the terms of the confidentiality agreement if he listed the Keck School on any future application or similar document.

9. In my opinion, the purported "omission" by Dr. Isaacs of any reference to the Keck School was not intended to mislead or deceive the AAMC, but was simply something that he was required to do by virtue of a confidentiality agreement. In fact, it appears that a violation of the confidentiality agreement by another party may have resulted in the improper disclosure of information to the AAMC.

10. It is my further opinion, as the attorney who represented Dr. Isaacs during the settlement negotiations, that he acted properly in treating any matters associated with the Keck School as a nullity. In my view, he should not be penalized for abiding by the terms of a confidentiality agreement.

I declare that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 4-30-12

Michael H. Payne, Esq.

Sworn to and subscribed before me this 30th day of April, 2012.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Melinda T. Norcross, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires March 1, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES