Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@bakerisaacs.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | ) |
| | ) |
| Plaintiff, *pro se*, | ) Case No. CV-12-40-JL |
| | ) |
| -V- | ) |
| | ) **PLAINTIFF'S MOTION FOR** |
| DOCTOR CHRISTINE T. FINN; | ) **PRELIMINARY INJUNCTION** |
| DOCTOR JIM YONG KIM; | ) **AGAINST DARTMOUTH COLLEGE** |
| DOCTOR DOUGLAS NOORDSY; | ) **AND DARTMOUTH-HITCHCOCK** |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; | ) **MEMORIAL HOSPITAL** |
| MARY HITCHCOCK MEMORIAL HOSPITAL; | ) |
| TRUSTEES OF DARTMOUTH COLLEGE; | ) |
| and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

# I. INTRODUCTION

The Amended Complaint argues that the Defendants became aware of prior time Plaintiff spent in Arizona and California, including federal litigation against an NIH director, and then subjected Plaintiff to a six-month sham to oust him. Upon learning of this, Plaintiff attempted to file a criminal report during his hospitalization on January 13th, 2012, as well as an Ethics complaint with Defendant Jim Yong Kim, but was ignored. His *Complaint Against Dartmouth Psychiatry for Ethical and Criminal Violations* is filed as Exhibit #1 in this case docket. Both the Amended Complaint and Ethics Complaint are incorporated herein as background. As the Court is aware, Plaintiff has pleaded that Dartmouth retaliated and denied him due process on numerous occasions. Multiple requests for medical leave were ignored. Plaintiff's patient records and emails were withheld or destroyed. Plaintiff was terminated on March 19th without ever being afforded probation or a fair hearing – standard procedure in United Stated academic teaching centers like Dartmouth-Hitchcock. Plaintiff alleges his termination occurred to discredit him, days before President Barack Obama nominated Defendant Kim to lead the World Bank.

This case was filed nearly six months ago. In the meantime, Plaintiff was terminated without any due process. Opposing counsel has delayed the case by seemingly evading summonses and making outrageous claims that Plaintiff doesn't even have a right to file a civil complaint against the Dartmouth College Department of Psychiatry.

Plaintiff files this request for a preliminary injunction to correct the most obvious of the due process violations that occurred at Dartmouth. Additionally, while not formally filing a motion, Plaintiff requests that the Court consider appointing an attorney to represent the Plaintiff. In light of the nature of this case, Plaintiff's own medical impairment, and Defendant's time and resource consuming tactics, a court-appointed attorney may be in the public interest.

# II. STATEMENT OF FACTS

1.    See Plaintiff's Amended Complaint and *Complaint Against Dartmouth Psychiatry for Ethical and Criminal Violations* (Exhibit #1)

1

2                                    **III.  ARGUMENT**

3        **A.      Plaintiff is likely to succeed on the merits**

4        1.    Plaintiff was terminated on March 19th, 2012, without any "Fair Hearing" as required

5   under DHMC bylaws and ACGME accreditation standards. Defendant Finn issued a letter of

6   termination (Exhibit A) which details the purported reasons for terminating Plaintiff. They are, in

7   summary a) Failing to disclose enrollment at USC, which was later nullified and sealed in United

8   States District Court, b) Failing to disclose enrollment at Arizona, which in fact Plaintiff disclosed on

9   three separate application pages sent to Dartmouth HR in April 2011, and c) "false reporting on

10  patient charts," which are in fact clerical errors that, if not made under duress from alleged criminal

11  activity, might at most warrant probation. The court may also take judicial notice of determinations of

12  the NH Employment Security Office, which determined that Plaintiff was terminated in violation of

13  NH RSA requirements and without evidence of any willful misconduct on Plaintiff's part.

14            a ) In CV-06-3338 (California Central District), Plaintiff entered into a federal court

15            ordered mutual release of claims and confidentiality agreement with Keck USC School of

16            Medicine. The settlement agreement "acquitted Plaintiff of all claims and controversies."

17            The agreement also cancelled and voided any existing contracts of any type, known or

18            unknown. Furthermore, the parties agreed that neither party was required to disclose events

19            disputed within the lawsuit.

20            Dartmouth has terminated Plaintiff for merely complying with a settlement agreement.

21  Why Dartmouth did this is now the subject of criminal, civil, and ethics complaints filed by

22  the Plaintiff.

23            As recently as April 27 2012, Dartmouth updated its Alumni Directory to include USC

24  and thereby harass and libel the Plaintiff. Likewise, the Letter of Termination (Exhibit A)

25  contains statements that Plaintiff falsified information to the NH Board of Medicine, which

26  is simply untrue. The NH Board of Medicine has never taken adverse action on this matter.

27            Furthermore, the American Academy of Medical Colleges withdrew an investigation

28  on the matter, agreeing with Plaintiff's interpretation of the settlement agreement.

In summary, the primary reason Dartmouth claims to have terminated Plaintiff is not justifiable in a court of law. Moreover, there exists serious concern as to criminal intent behind raising this matter against Plaintiff, seven years after the fact.

b)  Plaintiff voluntarily resigned from the University of Arizona Surgery Program, in part because he believed they too were holding USC against him. He was there for six weeks. In April 2011, he disclosed this six week internship on three different papers (Exhibit B) submitted to Dartmouth HR. It is simply false and unreasonable for Dartmouth, nine months after Plaintiff's disclosure, to purport that a voluntarily resignation disclosed three months prior to employment start at DHMC justifies termination without due process.

c)  Dartmouth alleges "False reporting" as a third reason for terminating plaintiff without affording him any form of probation or hearing. As stated in the *Complaint Against Dartmouth Psychiatry for Ethical and Criminal Violations,* Plaintiff affirms that such criticisms were constructed after placing Plaintiff under duress. At best they were "knit-picking", to disguise the true intent for terminating Plaintiff. Nonetheless, for the purposes of this motion, it is clear that Plaintiff shall be entitled to administrative leave while defending these allegations. Furthermore, to invoke Occam's razor, the probability of three independent reasons (Dartmouth learning about USC, Arizona, and false reporting simultaneously) to terminate Plaintiff, all occurring on Friday January 13th 2012, seems rather unlikely.

**B.    Plaintiff will suffer irreparable harm if injunction is not granted**

1.    Plaintiff has attempted for two years to complete his post-doc medical training. Should more time lapse, the likelihood that Plaintiff can successfully complete a residency diminishes. Furthermore, Plaintiff continues to suffer emotional distress from the wrongful dismissal, and again, the more time that lapses, the less likely Plaintiff will be able to realize his goal of becoming a physician.

**C.    The Balance of Harms Strongly Favors The Plaintiff**

1.    The proposed injunction only asks that Dartmouth abide by due process requirements. Namely, they must maintain Plaintiff on administrative leave status, while the "Fair Hearing" and

ethics/criminal/civil complaints undergo process. The injunction also requests that Plaintiff's Dartmouth email accounts be preserved, which should be a normal part of Defendant's compliance with the FRCP. Finally, the injunction asks the Defendants to simply comply with the American Recovery and Reinvestment HITECH Act, and provide Plaintiff with a copy of his EPIC EMR audit trail.

2.    In short, the injunctive relief only requests minimal compliance with due process, FRCP, and ARRA laws pending the progression of this case, and does not overly burden the Defendants.

### D.    An Injunction is in the Public Interest

Generally, Plaintiff alleges he is a victim for filing a federal lawsuit seven years ago. It is clearly in the public interest to enforce constitutional rights, rather than blacklist Plaintiff for filing a lawsuit. More recently, Plaintiff requested medical leave and filed a complaint against the Defendants, which may have also motivated the abrupt termination. Again, under numerous whistleblower laws, public interest supports maintaining the *status quo* of administrative leave pending litigation. Finally, if Plaintiff was in fact terminated to discredit him prior to a public political nomination, it would be in the public interest to afford him due process pending litigation.

### IV. PROPOSED INJUNCTION

1)    Dartmouth College Department of Psychiatry and Mary Hitchcock Memorial Hospital are hereby enjoined from terminating Plaintiff's employment and enrollment in their graduate medical education program, prior to satisfying the due process requirements of this lawsuit, national accreditation ACGME due process requirements, and Dartmouth's "Fair Hearing" Policy.

2)    Dartmouth College and Mary Hitchcock Memorial Hospital are enjoined from publishing information about Plaintiff's litigation against Keck USC School of Medicine and an NIH director. Specifically, an April 27th Dartmouth Alumni Directory publication of Plaintiff's time at Keck shall be withdrawn. Additionally, Dartmouth-Hitchcock's Termination Letter dated March 19th shall be corrected so

as to not include Keck USC, as it is subject to a United States District Court ordered confidentiality agreement.

3)        Dartmouth-Hitchcock Memorial Hospital is hereby ordered to comply with the American Reinvestment and Recovery Act of 2009, Division A, Title XIII, Subtitle D, Section 13405(c) "HITECH Act," and without delay, provide Plaintiff a copy of his patient audit trail he requested in January 2012.

1)        Dartmouth-Hitchcock and Dartmouth College shall provide Plaintiff with access to his email records, so that he may defend himself as part of the due process ordered in Item #1 of this injunction.

Respectfully submitted, this 3rd day of June, 2012.

/s/  J. D. Isaacs
_____

J. D. ISAACS

Plaintiff

**CERTIFICATE OF SERVICE**


Plaintiff served this Motion for Preliminary Injunction on all Defendants via ECF.


/s/   J. D. Isaacs

DATED: June 3, 2012.

J. D. ISAACS

Plaintiff, *pro se*