//// Dartmouth-Hitchcock

**Dartmouth-Hitchcock Medical Center**
One Medical Center Drive
Lebanon, NH 03756-0001
Phone (603) 650-5748
Fax (603) 650-5754
Dartmouth-Hitchcock.org

GRADUATE MEDICAL EDUCATION

March 19, 2012

Jeffrey D. Isaacs, MD, MBA
3553 West Chester Pike Unit 177
Newton Square, PA   19073

Dr. Isaacs:

This letter is to inform you of your dismissal from the adult psychiatry residency training program at the Dartmouth Hitchcock Medical Center effective March 19, 2012.  Given that you have not taken advantage of the voluntary resignation option previously provided, and as you are currently on leave and no longer available to meet directly, this letter shall serve as written notice of the academic and non-academic deficiencies that have resulted in your dismissal.

The decision to dismiss you from your position in the residency is based on academic deficiency issues as well as behavior incompatible with the role of a physician including the omission of material information from your Electronic Residency Application Service (ERAS) application, falsification of information provided to the New Hampshire Board of Medicine, and false reporting in a patient's electronic medical record as well as other substantiated competency and integrity concerns.

Specifically, your ERAS application lacked information regarding your prior residency training in Arizona as well as time served as a medical student at the University of Southern California. You also failed to divulge your dismissal from medical school at USC in information provided to the New Hampshire Board of Medicine in support of a NH training license.  Concerns have been raised during rotations on both psychiatry and internal medicine regarding false reporting in the medical record and appropriation of medical student notes as your own.

You received feedback regarding academic performance concerns beginning in your first week of residency training and were subsequently removed from internal medicine rotations on two separate occasions due to deficits in knowledge, professionalism issues, and inability to perform basic PGY-1 level tasks when caring for patients.  Furthermore, you have failed to achieve a performance level in psychiatry that would allow progression to PGY-2 year duties.

The Office of Graduate Medical Education will continue your salary through March 31, 2012 to facilitate your transition from the adult psychiatry residency program.  Consistent with your termination of employment effective March 19, 2012 your life and disability insurance will end.

Dartmouth-Hitchcock Clinic | Mary Hitchcock Memorial Hospital | Dartmouth Medical School | V.A. Medical Center, White River Junction, VT

Dartmouth-Hitchcock will extend medical and dental benefits to you through to April 30, 2012. Effective May 1, 2012, you will be offered COBRA coverage for medical and dental insurance. Included with this notice of termination is a copy of our GME grievance process and procedures. Should you choose to pursue the grievance option described in these attachments you must notify Dr. Bertrand in the Office of Graduate Medical Education within five days of receipt of this notice.  We wish you the best in your future endeavors.


Christine T. Finn, MD
Program Director
Psychiatry Residency Program


Marc L. Bertrand, MD
Associate Dean for Graduate Medical Education
Designated Institutional Official

//// Dartmouth-Hitchcock



**LEBANON (DHMC)  |  CONCORD  |  KEENE  |  MANCHESTER  |  NASHUA  |  CHILDREN'S HOSPITAL AT DARTMOUTH (CHAD)  |  NORRIS COTTON CANCER CENTER  |**

| PATIENTS & VISITORS | HEALTH CARE PROFESSIONALS | RESIDENTS & FELLOWS | DONORS & VOLUNTEERS | CAREERS |
| --- | --- | --- | --- | --- |
| EMPLOYEES | | | | |

# Policies & Procedures

Home ▸ Residents & Fellows ▸ Policies & Procedures › Policies and Procedures Manual › GME Policies ▸ Grievance Policy ▸ Procedures

## Procedures

1. **Academic Deficiency**

   **Definition**: Academic deficiency shall include, but not be limited to: a) insufficient fund of medical knowledge, (b) inability to use knowledge effectively, and/or (c) behavior detrimental to the educational process or the care of patients.

   **Length and Goals of Remediation:** A Resident whose academic performance does not meet departmental standards may be entitled to a defined period of remedial training in order to allow the Resident to improve academically and remain in the program.

2. **Non-academic Deficiency**

   **Definition:** Medical and surgical disciplines require unique abilities and talents which are unrelated to intellect, motivation or other academic qualities common to the physician. When a Resident's non-academic abilities and talents are judged insufficient by the Program Director, notification should be offered at an early stage, when a change in career direction will be least disruptive to the Resident.

   **Length and Goal of Remediation:** A Resident whose non-academic performance does not meet department standards may be offered a defined period of remedial training in order to allow the Resident to improve and remain in the program. If correction is not deemed feasible by the Program Director, the Resident's exploration of career alternatives and Program Director's assistance in finding a position more in keeping with the Resident's abilities and talents will take place.

3. **Behavior Incompatible with the Role of the Physician**

   **Definition:** Some behavior may be judged by the Program Director to be illegal, immoral, unethical or so objectionable as to be incompatible with the role of the physician. When such behavior on the part of a Resident has been alleged and not refuted to the Program Director's satisfaction, the Program Director, after discussion with the Director of GME, may recommend the Resident's dismissal without an intervening probationary period.

   **Length and Goal of Remediation:** There is no right to remediation under these circumstances.

4. **Procedure for Notification of Non-renewal, Dismissal or Other Concerns**

   1. The Resident shall be informed in writing of the documented deficiencies or allegations and of the recommendation for non-renewal, dismissal or remedial training in a private meeting with the Program Director or a duly appointed representative. At this meeting or as soon thereafter as possible, the Resident shall be provided with a copy of this policy.

   2. The Program Director shall submit written notification of the deficiencies, allegations and recommendation for non-renewal or dismissal to the Resident, the Director of Graduate Medical Education, the Chief of Staff of the Veterans Affairs Medical Center (White River Junction, Vermont) and the GMEC where appropriate.

   3. The Resident shall have five days, or within a mutually agreed upon time, from the date of this written notification to either (a) agree to the remedial plan (b) submit a resignation effective at a mutually acceptable date within the context of these guidelines, or (c) request a review of the case from the Director of Graduate Medical Education.

4. If the Resident does not reach resolution after meeting with the Director of GME and attempted mediation, the Resident may request a review in a written request for the Fair Hearing Process, as described below, to be followed.

Copyright © 2012 Dartmouth-Hitchcock. All Rights Reserved.

About This Site | Notice of Privacy Practices | Website Privacy Policy | Feedback

 **Dartmouth-Hitchcock**

LEBANON (DHMC)  |  CONCORD  |  KEENE  |  MANCHESTER  |  NASHUA  |  CHILDREN'S HOSPITAL AT DARTMOUTH (CHAD)  |  NORRIS COTTON CANCER CENTER  |

| PATIENTS & VISITORS | HEALTH CARE PROFESSIONALS | RESIDENTS & FELLOWS | DONORS & VOLUNTEERS | CAREERS |
| --- | --- | --- | --- | --- |
| EMPLOYEES | | | | |

# Policies & Procedures

Home ▸ Residents & Fellows ▸ Policies & Procedures ▸ Policies and Procedures Manual ▸ GME Policies ▸ Grievance Policy ▸ Grievance Process

## Grievance Process

At any time during this process, the Resident may resign. Once a written resignation has been delivered to the Program Director, however, the Resident shall be deemed to have waived all rights to a hearing or to a continuance of their appointment.

## Hearing Procedure

1. Upon notification by the Resident that a review is requested, the Director of Graduate Medical Education or his designee shall form a committee consisting of the Director of Graduate Medical Education or his designee, a Hospital administrator, a house officer and two program directors or one program director and one physician faculty member selected by the Director of Graduate Medical Education or his designee (hereafter called the Committee.) The Director shall not select any person having a direct working relationship with the Resident. The Director of Graduate Medical Education or his designee shall chair the Committee.

2. The Committee shall schedule a hearing to occur within 14 days, or within a reasonable period of time based upon availability of the Resident, Program Director and Committee, but not less than seven days from the date of the Resident's request for review. In the interim, the GME Office shall obtain all relevant evaluation and academic records.

3. All evidence available to the Committee shall be provided to the Resident and Program Director at least three *working* days prior to the hearing. The specification of reasons for non-renewal or dismissal or other factors in the original written notice shall not prevent the Committee from relying on other reasons which are presented at the hearing; provided that the Committee may, at the request of the Resident and without special notice, recess the hearing and reconvene later in order to allow the Resident adequate opportunity to address reasons not included in the notice. The Committee may also, at its sole discretion and without special notice, recess the hearing and reconvene later in order to study new evidence presented by the Resident at the hearing.

4. The Resident shall be present and prepared to proceed at the scheduled hearing or shall be deemed to have waived all rights to a hearing and to have accepted any adverse recommendation or decision made by the Committee. Another hearing may be scheduled at the Committee's sole discretion if the Resident presents good cause for failing to appear or proceed. Hearings scheduled under these Guidelines shall be postponed only for good cause and at the sole discretion of the Committee.

5. The Resident and the Program Director may invite up to five witnesses each to present before the Committee. The Resident and Program Director may also ask others not invited to speak to submit written statements which will be collected for the GME Office at least five days prior to the hearing date.

6. The GME Director may appoint a separate hearing officer or designate a member of the Committee to preside over the hearing, to determine the order of procedure, to assure that all participants have a reasonable opportunity to present relevant oral and documentary evidence, to maintain decorum and to make any necessary procedural rulings.

7. The hearing need not be conducted strictly according to the rules of law relating to the examination of witnesses or the presentation of evidence. Any relevant matter upon which responsible persons customarily rely in the conduct of serious affairs shall be considered.

8. The Resident shall be entitled to submit, either prior to or during the hearing, memoranda concerning any issue of procedure or fact and such memoranda shall become part of the hearing record.

9. The order of presentation shall be determined by the Chair of the Committee. The Program Director shall be responsible for presenting appropriate evidence in support of the decision being questioned by the Resident. The Resident shall be responsible for presenting evidence which contradicts the Program Director's evidence or indicates that the Program Director's decision was arbitrary, unreasonable or capricious.

10. The Resident, the Program Director and the Committee may be entitled to consult with legal counsel in preparation for the hearing or with regard to other related matters.

11. Neither the Resident nor the Program Director shall be represented at the hearing by an attorney.

12. The Resident or Program Director may utilize a DHMC physician or staff member as an advisor during the Fair Hearing Process. This advisor may be present throughout the hearing.

13. The Committee may, without special notice, recess the hearing and reconvene the same for the convenience of the participants or for the purpose of obtaining new or additional evidence or consultation. Upon conclusion of the presentation of oral and written evidence, the hearing shall be closed.

14. The hearing may not be tape-recorded.

## Post-Hearing Procedure

1. The Committee shall conduct its deliberations in closed sessions. Only Committee members will be permitted to observe or participate in the deliberations.

2. Within 14 days, or a reasonable period of time after the conclusion of the hearing, the Committee shall make its final decision and shall deliver written notice thereof to the Program Director and the Resident. The notice shall indicate the reasons relied upon by the Committee in reaching its decision.

3. In the event the Committee should not concur with the Program Director's recommendation for non-renewal or dismissal or other issues regarding the Resident, the Program Director may be asked to accept the Resident in the departmental program for an additional period of specified duration during which remedial efforts may be continued on the Resident's behalf. The Resident's appointment shall be continued under such conditions as shall be defined in writing by the Program Director to the Resident and to the Director of Graduate Medical Education.

4. There shall be no appeal from the decision of the Committee.

Copyright © 2012 Dartmouth-Hitchcock. All Rights Reserved.

About This Site | Notice of Privacy Practices | Website Privacy Policy | Feedback