```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

J.D. Isaacs

    v.                                    Civil No. 12-cv-40-JL

Dartmouth Hitchcock
Medical Center *et al.*

**SUMMARY ORDER**

In early February 2012, plaintiff J.D. Isaacs, proceeding pro se, filed this action against Dartmouth Hitchcock Medical Center ("DHMC"), where he had been enrolled in a residency training program, as well as a number of related individuals and entities. Several months later, in early June 2012, he filed a motion for a preliminary injunction. See Fed. R. Civ. P. 65. The motion seeks to enjoin certain defendants from "terminating [Isaacs's] employment and enrollment in their graduate medical education program, prior to satisfying" claimed "due process requirements," and from "publishing information about [Isaacs's] litigation against" a different (and unrelated) medical school.

The problem--or one of them, anyway--is that DHMC has already terminated Isaacs from its graduate medical education program and published the information in question. A request for injunctive relief to prevent actions that have already occurred is moot. See, e.g., Newspaper Guild of Salem v. Ottaway Newspapers, Inc., 79 F.3d 1273, 1275 (1st Cir. 1996) (ruling that

a request for an injunction against the termination of employment was moot once the employees were terminated). It is worth noting in this regard that Isaacs commenced this lawsuit <u>before</u> he was terminated, so he could have sought prospective relief against it then, but did not, waiting until almost three months afterwards.

Isaacs also asks that the injunction compel certain defendants to "correct" or "withdraw" information that has already been published. Even if this relief would not be moot, Isaacs is not entitled to it, because he has not shown how the mere existence of the information in published form is causing him any harm, let alone the sort of irreparable harm that would justify ordering the defendants to "correct" or "withdraw" the material before this matter is fully adjudicated on the merits. Indeed, Isaacs complains only that a Dartmouth alumni directory and his termination letter refer to the fact that he was previously enrolled at the other medical school. He does not explain how the disclosure of this fact--which he does not even say is false--is causing him any harm whatsoever.[1] As Isaacs

---

[1] Instead, Isaacs says that he "entered into a federal court ordered mutual release of claims and confidentiality agreement" with the other medical school in which "the parties agreed that neither party was required to disclose events disputed within the lawsuit." But he does not say that the agreement <u>prohibited</u> either party from disclosing anything--particularly the mere fact of his prior enrollment at the school--and, in any event, none of the defendants to this lawsuit were parties to that confidentiality agreement anyway.

recognizes, a showing of irreparable harm is an "essential prerequisite for equitable relief." Braintree Labs., Inc. v. Citigroup Global Mkts. Inc., 622 F.3d 36, 41 (1st Cir. 2010) (quotation marks omitted).

Isaacs's motion for preliminary injunction also requests that certain defendants be ordered to "provide [him] with access to his email records, so that he may defend himself as part of the due process" he claims he should have received prior to his termination. Insofar as this request is not moot because, again, Isaacs has already been terminated, it appears to be a request for discovery improperly set forth as a request for preliminary injunctive relief. After this court rules on the pending motion to dismiss this matter (filed by some, but not all, of the defendants), the parties will have the opportunity to confer and submit a joint plan for conducting discovery and other aspects of the case. See Fed. R. Civ. P. 16(b).

Finally, Isaacs seeks to compel DHMC to provide him with "a copy of his patient audit trail and accompanying medical records," which he claims he is entitled to under federal law, namely, 42 U.S.C. § 17935(c). But his amended complaint (in count 7) does not claim that DHMC refused to provide him with this information; it claims that DHMC was negligent in failing to maintain the confidentiality of this information against others.

A plaintiff cannot obtain preliminary injunctive relief on a claim that is not even set forth in the complaint.  See Ligotti v. Garafolo, 562 F. Supp. 2d 204, 206 n.1 (D.N.H. 2008).

Moreover, § 17935(e) does not provide a blanket right of access to one's medical records, but to "an accounting of disclosures" of "protected health information" as described in 45 C.F.R. § 164.528 (which contains numerous exceptions to even that right of access).  Isaacs does not explain how his request for his "patient audit trail and accompanying medical records" amounts to a request for the "accounting of disclosures of [his] protected health information" provided for by 42 U.S.C. § 17935(e) and 45 C.F.R. § 164.528, and that proposition is not apparent to the court.  Even if Isaacs had properly presented a claim to that effect, then, he has not shown the likelihood of success on that claim essential to the sought-after preliminary injunctive relief.  See, e.g., Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008).  Nor has he shown--or even articulated--how he is suffering irreparable harm from DHMC's alleged failure to provide this information.

For the foregoing reasons, Isaacs's motion for a preliminary injunction (document no. 34) is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:   June 8, 2012

cc:   J.D. Isaacs, pro se
      Edward M. Kaplan, Esq.
      Kathleen C. Peahl, Esq.
      Pierre A. Chabot, Esq.