UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| J.D. Isaacs, *Plaintiff*, v. Dartmouth Hitchcock Medical Center, et al. *Defendants*. | § § § § § § § | Civil Action No. 1:12-cv-00040-JL |
|---|---|---|

**OBJECTION OF DEFENDANTS DARTMOUTH HITCHCOCK MEDICAL CENTER AND MARY HITCHCOCK MEMORIAL HOSPITAL TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF**

NOW COME Defendants Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH"), by and through counsel, Sulloway & Hollis, P.L.L.C., and object to "Plaintiff's Motion for Declaratory Relief." The pro se plaintiff seeks permission to withdraw his earlier agreement so he can contact represented parties directly. These defendants oppose that request because it will complicate discovery, expand litigation, and allow the plaintiff to more directly harass and intimidate represented parties with pleadings such as the "Motion for Perjury Investigation" that the plaintiff has recently filed with New Hampshire Employment Security. For these reasons and as set forth below, these defendants respectfully request that the plaintiff's motion be denied, and that the Court enter an order prohibiting him from contacting represented parties in the future.

I.   <u>The plaintiff has not been denied any discovery</u>.

These defendants have never denied the plaintiff any discovery or access to his own medical information. To the contrary, on June 4, 2012, counsel acknowledged the plaintiff's request for his medical records and responded as follows: "You have requested copies of your medical records of your admission to Mary Hitchcock Memorial Hospital. Enclosed is a medical records authorization form which DHMC requires to be completed by any individual requesting their records. Once you complete and return the release to me, I will forward your records." <u>See</u> Exhibit 1.

In that same letter, counsel acknowledged the plaintiff's requests for additional information and replied as follows: ". . . . requests for materials related to your allegation must be made in accordance with the Federal Rules of Civil Procedure and will not be addressed outside of those rules." <u>Id.</u>

One week later, counsel again offered to provide the plaintiff's medical records after he returned an executed release. <u>See</u> Exhibit 2.

The plaintiff has never returned an authorization for the release of his medical records, so these defendants have therefore been unable to release medical records. He has never propounded any discovery requests on these defendants, so it is misleading for the plaintiff to suggest that other requests have been ignored. The bottom line is that the plaintiff has not been denied discovery; he has simply failed to abide by the Federal Rules of Civil Procedure.

Holding the plaintiff to the Federal Rules is consistent with the previous notice that the Court gave to the plaintiff. On March 30, 2012, the Court held

a telephonic hearing during which it repeated that notice at least three times: "… the rules still apply to you[;]" "[t]he Federal Rules of Civil Procedure apply, and I'm going to need to hold you to them[;]" and, "those rules to apply to you, and I can't overlook them or not hold you to them." See Exhibit 3, Hearing Transcript, page 13.

The plaintiff has ignored the Federal Rules of Civil Procedure, has refused to make discovery requests under those rules, and has disregarded the request to provide an authorization for the release of his medical records. In short, he has not been refused any discovery; he simply refuses to use the proper methods of obtaining information.

II.    **The plaintiff should not be allowed to contact represented parties.**

The plaintiff raises the illusory discovery issue as an excuse to withdraw from his earlier agreement with the Court and counsel not to contact represented parties. That agreement was made on the record during the March 30 hearing, and the plaintiff clearly agreed that he would not contact represented parties. See Exhibit 3, pages 20 – 25.

The plaintiff has already violated that agreement. In conjunction with an Appeal Tribunal Hearing before New Hampshire Employment Security, the plaintiff e-mailed exhibits directly to represented parties. More significantly, immediately after that telephonic hearing, he filed a baseless motion with that administrative body to initiate perjury proceedings against witnesses, including

Dr. Finn, a defendant in this case.[1] Prior to that time, he filed ethics complaints against Dr. Kim, and threatened to file criminal actions against Dr. Bertrand. See Exhibit 4.

The plaintiff's mischaracterizations of discovery requests, claims of perjury against witnesses, and tactic of filing innumerable complaints and claims against anyone who disagrees with him all underscore why he should not be allowed to contact represented parties. Allowing him to do so will deprive the defendants adequate opportunity to object to improper discovery requests; it will needlessly complicate discovery by allowing for further mischaracterizations by the plaintiff; it will expand litigation relating to discovery disputes; and it will lead to the harassment and intimidation of individuals, as evidenced by the recent perjury motion and threats of ethics charges and criminal complaints made by the plaintiff.

During the hearing of March 30, there was a discussion as to whether the Court could bar a pro se plaintiff from contacting represented parties. Other courts examining similar issues have held that they can. In Bisciglia v. Lee, 370 F. Supp. 2nd 874, 879 (D. Minn. 2005) the court held that pro se litigants must abide by the Rules of Professional Conduct, which prohibit a lawyer from communicating with a party known to be represented. The court held that the same rule applied to pro se litigants, and further stated that if the pro se plaintiffs continued to contact represented defendants directly, the court would consider motions for sanctions. Likewise, in Gaines-Hanna v. Farmington

---

[1] New Hampshire Employment Security subsequently disqualified the plaintiff from receiving unemployment benefits based upon deliberate misrepresentations made in his application materials.

Pub. Sch. Dist., 2006 U.S. Dist. LEXIS 14885 (E.D. Mich. March 31, 2006), the court applied Rule of Professional Conduct 4.2 to a pro se party, finding that "in her capacity as a pro se plaintiff she is nevertheless required to refrain from directly contacting the named defendants[.]"  See also Brown v. Wash. State Univ., 2011 U.S. Dist. LEXIS 119224 (E.D. Wash. October 14, 2011).

    The same rationale used by those courts should be used here.  The plaintiff has proven to be extremely litigious, filing a host of actions and complaints involving these same facts and occurrences, before administrative bodies, different courts, and different boards.  He has accused witnesses of perjury, criminal activity and ethics violations, and mischaracterized the status of discovery and other communications.  The most appropriate way to protect the legal interests of these represented parties is to therefore create a record for discovery, as intended by the Federal Rules.  That will require the plaintiff to communicate through counsel, and pursuant to the Federal Rules of Civil Procedure, relating to discovery, requests for information from represented parties, and to all contested matters.  It will promote efficiency by documenting discovery requests and responses, to be orderly addressed should any disputes arise.

    There is no waiver of First Amendment rights as alleged by the plaintiff, and it is another misstatement to allege that he is barred from discussing "any matters of this lawsuit within the Dartmouth community" as stated in his motion.  To the contrary, the discussions held during the March 30 hearing made it clear that prohibited communications by the plaintiff related only to

defendants and represented parties, and not to the larger "community."  See Exhibit 3.  Denying the plaintiff's motion - and requiring him to abstain from communicating with represented parties, and to pursue discovery as contemplated by the Federal Rules of Civil Procedure - will not prejudice the plaintiff or interfere with his prosecution of his claims.  It will, however, allow for more orderly discovery, judicial economy, and the preservation of rights and defenses of all parties.

WHEREFORE, for the reasons stated above, these Defendants respectfully request that the plaintiff's motion for declaratory relief be denied, and that the Court enter an order requiring the plaintiff to communicate with counsel rather than represented parties.

Respectfully submitted,

DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated:  June 29, 2012            By   /s/ Edward M. Kaplan          ____
                                 Edward M. Kaplan (#1307)
                                 Sulloway & Hollis, P.L.L.C.
                                 9 Capitol Street
                                 Concord, NH 03301
                                 (603)223-2863

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

> Jeffrey David Isaacs
> 3553 West Chester Pike Unit 177
> Newtown Square, PA  19073
>
> Kathleen Peahl, Esq.
> Wadleigh Starr & Peters, PLLC
> 95 Market Street
> Manchester, NH  03101

Dated:  June 29, 2012         By   /s/ Edward M. Kaplan
                                     Edward M. Kaplan