```
             UNITED STATES DISTRICT COURT
              DISTRICT OF NEW HAMPSHIRE
```

<u>J.D. Isaacs</u>

    v.                                    Civil No. 12-cv-40-JL

<u>Dartmouth Hitchcock</u>
<u>Medical Center</u> *et al.*

### SUMMARY ORDER

Plaintiff J.D. Isaacs, proceeding pro se, has filed a "motion for declaratory relief" in this action against Dartmouth Hitchcock Medical Center ("DHMC"), Mary Hitchcock Memorial Hospital, the trustees of Dartmouth College, and certain other individuals allegedly "employed by and or located at" the college. Isaacs asks this court to declare his right to communicate directly with Dartmouth employees about the matters at issue in this litigation. As explained below, and subject to the limitations set forth below, his request is GRANTED.

Isaacs's request has its origins in an on-the-record telephone conference this court conducted in March 2012. There, in response to a request from counsel for the Dartmouth trustees and employees named as defendants here, the court asked Isaacs whether he would agree not to "contact administrators or trustees of Dartmouth College during the pendency of this litigation," except through their counsel of record. Isaacs agreed.

The court also notified Isaacs, however, that if he were to "change [his] position" on that agreement, he could simply "notify the court." Through his latest filing, Isaacs has done just that. So there would seem to be no controversy over Isaacs's right, going forward, to communicate directly with the Dartmouth trustees or administrators named as defendants here or, for that matter, any other Dartmouth employees, even about the matters at issue in this lawsuit.[1]

In their objection to Isaacs's motion, however, the defendants argue that this court should order Isaacs "to communicate with counsel, rather than with represented parties" as a way to facilitate more orderly discovery in this matter. But contacting represented parties, and seeking discovery from represented parties are two different matters altogether. The provisions of Rule 5 of the Federal Rules of Civil Procedure state that "a discovery paper required to be served upon a party" (which include deposition notices, see Fed. R. Civ. P. 30(b)(1), interrogatories, see Fed. R. Civ. P. 33(a)(1), requests for the production of documents and things, see Fed. R. Civ. P. 34(a),

---

[1] It should be noted that the defendants never asked, and Isaacs never agreed, that he refrain from doing anything other than having direct contact with Dartmouth trustees and administrators. So Isaacs's complaints in his motion that the agreement somehow restricted his ability to "file for disability benefits" or report perceived crimes are difficult to understand.

and requests for admissions, see Fed. R. Civ. P. 36(a)(1)) must be served upon that party's attorney, if he or she is represented by one.  Fed. R. Civ. P. 5(a)(1)(C), (b)(1).  So allowing Isaacs to communicate with the defendants directly, rather than through their counsel, will not allow him to seek discovery from the defendants directly.  As just explained, the Rules of Civil Procedure allow him to seek discovery from the defendants only by serving requests upon their counsel.

The defendants also invoke the New Hampshire Rules of Professional Conduct, which provide in relevant part that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter."  N.H. R. Prof. Cond. 4.2.  But, as the court noted when the defendants raised this same argument during the telephone conference, Isaacs is not a "lawyer" who is "representing a client" in this matter; he is a party who is representing himself.  By its terms, then, the rule prohibiting a lawyer from contacting a represented party on a client's behalf does not apply to him.  While the defendants, commendably, have located a few decisions by other district courts that applied the similar rules of other states to pro se litigants, those decisions do not explain how a rule governing the professional conduct of lawyers can be legitimately applied

to non-lawyers, and no such basis is offered by the defendants or otherwise apparent to this court.

This is not to say that this court lacks the power, as part of its managerial authority over its cases, to prevent Isaacs (or any pro se litigant who comes before it) from directly contacting represented parties in order to prevent harassment.  But, while the defendants predict that allowing Isaacs direct contact with them "will lead to the harassment and intimidation of individuals," they offer nothing to substantiate that charge. Instead, they point out that Isaacs has sought the initiation of criminal charges against one of the individual defendants here, and filed ethics complaints against another.  Whatever the legitimacy of those actions, they have nothing to do with Isaacs's directly contacting those parties:  indeed, an order preventing Isaacs from doing so would not prevent him from pursuing grievances against them in other fora.  The parties are advised, however, that if Isaacs uses direct contact with the defendants to harass or intimidate them, they should bring it to the court's attention immediately, and the court will initiate proceedings to reconsider this order.

At the moment, however, Isaacs's motion seeking a declaration of his right to have direct contact with the defendants, and their administrators or employees (document no.

37) is GRANTED. Isaacs is cautioned, however, that this relief in no way obligates any of these people to communicate with him if they do not wish to do so, nor, as just discussed, does it entitle him to harass or intimidate them, or to seek discovery directly from them.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: July 9, 2012

cc: J.D. Isaacs, pro se
    Edward M. Kaplan, Esq.
    Kathleen C. Peahl, Esq.
    Pierre A. Chabot, Esq.