UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

Dr. J.D. Isaacs,

      Plaintiff

§
§
v.                                                              §   Civil Action No. 1:12-cv-00040-JL
§
Dr. Christine T. Finn;                                          §
Dartmouth Hitchcock Medical Center;                             §
Mary Hitchcock Memorial Hospital;                               §
Trustees of Dartmouth College                                   §
§
      Defendants                                              §

---

**DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

---

**DATE/PLACE OF CONFERENCE:  Counsel for the parties communicated by
telephone and electronically on multiple occasions between March 1, 2013 and the
filing of this Discovery Plan.**

**COUNSEL PRESENT/REPRESENTING:**

| Party: | Counsel: |
|---|---|
| Dr. J.D. Isaacs | John F. Skinner, III<br>Keith Mathews<br>Patrick Rivard |
| Dartmouth Hitchcock Medical Center<br>Mary Hitchcock Memorial Hospital | Edward M. Kaplan<br>Christopher Pyles |
| Dr. Christine T. Finn<br>Trustees of Dartmouth College | Kathleen C. Peahl<br>Pierre Chabot |

## CASE SUMMARY

**THEORY OF LIABILITY:**  The Plaintiff asserts that Dartmouth Medical School and
Dartmouth Hitchcock Medical Center, under various trade names, and through their
agents, unlawfully discriminated against the plaintiff, breached their contract with him,
wrongfully terminated him, and made negligent or fraudulent misrepresentations along

the way causing severe emotional distress, disability, and other economic and non-economic damages.

**THEORY OF DEFENSE:**  Generally, defendants deny all claims asserted by plaintiff, and assert that the defendant was dismissed from the residency program for lawful and appropriate reasons.  More specifically, defendants also rely upon each of the affirmative defenses included in their respective answers to the Amended Complaint.  Additionally, defendants acted in good faith with respect to all interactions with plaintiff. Any injury or damage suffered by plaintiff resulted from his own negligent conduct or his own comparative negligence.  Plaintiff has not taken appropriate steps to mitigate the damages claimed in this matter. Defendants reserve the right to supplement theories of the defense as discovery continues.

**DAMAGES:**  As of March 25, 2012, the Plaintiff had estimated his damages to be $6,529,000.

**DEMAND:**  The plaintiff shall communicate a settlement demand on or before **May 1, 2013.**

**OFFER:**   The defendants shall respond to plaintiff's settlement demand within 30 days of receipt.

**JURISDICTIONAL QUESTIONS:**   The parties do not anticipate any jurisdictional questions.

**QUESTIONS OF LAW:**  There are likely to be numerous questions of law in this matter involving issues surrounding whether plaintiff was disabled as defined by the Americans with Disabilities Act, whether some of plaintiff's claims are barred by applicable worker's compensation statutes, whether plaintiff's failure to comply with mandatory administrative requirements bars him from maintaining his claims, and whether the academic decisions made by defendants should be afforded judicial deference. The parties reserve the right to identify further questions of law as the case proceeds.

**TYPE OF TRIAL:**  Jury.

## DISCOVERY

**TRACK ASSIGNMENT:**   Standard – 12 MONTHS.

**DISCOVERY NEEDED:**  The parties are likely to conduct depositions and exchange all manner of permissible discovery.  Defendants will request that plaintiff execute appropriate authorizations allowing the independent gathering of medical, employment and tax documentation and medical school training documentation relating to liability and damage claims made by plaintiff.  Currently, defendants anticipate they will require

the depositions of plaintiff, certain witnesses to the incidents described in the complaint, personnel from prior medical training facilities at which plaintiff trained and, possibly, plaintiff's medical treatment providers.  Should plaintiff identify any experts, defendants anticipate their depositions as well.

The parties propose that discovery needed may include, but is not limited to, the following subjects:

(i)     Communications between J. D. Isaacs and any agent of any defendant concerning plaintiff's alleged disability and any requested accommodations therefor;

(ii)    Plaintiff's medical and psychiatric condition, including but not limited to discovery concerning any causal link between any disability or condition of plaintiff and the actions of any defendant;

(iii)   Discovery concerning the plaintiff's prior knowledge of, and understanding of,  the Americans with Disabilities Act, the Rehabilitation Act, and RSA 354-A, as well as regulations pertaining to each and all of these laws;

(iv)    Discovery concerning plaintiff's alleged damages;

(v)     Discovery concerning plaintiff's efforts to mitigate his alleged damages;

(vi)    Discovery concerning the scope and substance of any accommodations claimed to have been requested by plaintiff in the course of his employment at Dartmouth-Hitchcock Medical Center and/or Mary Hitchcock Memorial Hospital;

(vii)   Discovery concerning the research opportunities and employment opportunities which plaintiff claims were denied him, including but without limitation the requirements and/or application process for same; and,

(viii)  The contents, timing, and service of any administrative complaint claimed by plaintiff to have been served pursuant to the ADA, Rehabilitation Act, or RSA 354-A.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**.

The parties will make their Rule 26(a)(1) "initial disclosure" by **April 17, 2013.**

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**

a)   GENERALLY: The parties' believe that discovery in electronic form should be preserved and produced in text searchable electronic form.  The parties agree to

work together to preserve and exchange electronic discovery via mutually agreeable modes and methods, at mutually agreeable times.

b) ESI: Counsel have advised their respective clients to save and preserve all electronically stored information that may be relevant to the case at bar.

c) EMAIL: Counsel recognize that many emails may be attorney client privileged. No email to or from counsel should be produced.  Only emails relating to the subject matter of the case at bar should be produced.  Counsel agree to informally work out email search and production requests with this in mind and only bring such disputes to the Court if such talks fail.

d) ARCHIVAL DATA: Counsel presume that archival data exists. The parties agree that they shall tailor their discovery efforts and requests to avoid unduly burdensome discovery requests, and agree that archival data need not be gathered, searched or produced absent a compelling showing that needed discovery cannot be obtained through non-archival sources.  If the party from which the archival data is requested does not believe that they have the back-up data available to it, then they will serve such notice on the opposing party within 30 days, who may then have 14 days to refute such position.  If the parties cannot agree on production within 30 days thereafter, such dispute shall be submitted to the Court for resolution.

e) FORMAT AND MEDIA: All electronic discovery, where possible, should be produced in text searchable electronic form.  The media used may be flash drive, internet server, DVD or CD. Nothing in this Discovery Plan shall be construed to impose an obligation on any party to add functionality to a document where such functionality does not exist in the document's native format.

f) REASONABLY ACCESSIBLE INFORMATION AND COSTS:  If the party from which the data is requested does not believe it is reasonably accessible, then they will serve such notice on the opposing party within 30 days, who may then have 14 days to refute such position.  If the parties cannot agree on production within 30 days thereafter, such dispute shall be submitted to the Court for resolution by the requesting party.

g) PRIVILEGED OR TRIAL PREPARATION MATERIALS.  Inadvertently disclosed privileged or trial preparation materials shall be handled in accordance with Fed. R. Evid. 502.   Counsel shall endeavor to avoid such disclosure. Counsel each recognize that New Hampshire Rule of professional Conduct 3.4 may impose obligations on the party requesting discovery, with respect to materials that they know or reasonably should know have been produced inadvertently.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))**

The parties agree that should materials protected by the attorney-client privilege and/or the work product doctrine or other privileged or confidential documents be inadvertently produced during discovery, the parties agree to voluntarily return any and all inadvertently-produced material protected from disclosure to the other party, destroy any copies made, and agree such inadvertent disclosure will not constitute a general waiver of privilege. Should it be necessary, the parties agree to collaborate on a protective order acceptable to plaintiff and defendants.

**COMPLETION OF DISCOVERY:**          **December 13, 2013**


**INTERROGATORIES:**

A maximum of twenty-five (25) interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR PRODUCTION:**

A maximum of twenty (25) requests for production by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

A maximum of thirty-five (35) requests for admission by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

A maximum of **10** depositions by all plaintiffs and 12 by all defendants such that there can be no more than a total of 22 depositions without leave of Court

Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties. Unless otherwise agreed in advance, all depositions shall be concluded during the same calendar day on which they were commenced.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

All experts will be disclosed in compliance with Fed. R.Civ. P. 26(a)(2)(B).

**Plaintiff:   October 4, 2013.          Defendant: Dec 4, 2013**

**Supplementations under Rule 26(e) due:**

**Plaintiff: November 16, 2013, 2013.   Defendant:  December 18, 2013.**

**CHALLENGES TO EXPERT TESTIMONY:   February 28, 2014.**

## OTHER ITEMS

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  If defendant(s) claim that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault no later than 30 days before the Joinder of Additional Parties deadline and 45 days before the Plaintiff's Expert Disclosure deadline.  Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**JOINDER OF ADDITIONAL PARTIES:**

**Plaintiff:  April 05, 2013.**          **Defendant: April 25, 2013.**

**THIRD-PARTY ACTIONS:**

**May 1, 2013.**

**AMENDMENT OF PLEADINGS:**

**April 05, 2013.**

**DISPOSITIVE MOTIONS:**

**To Dismiss: May 15, 2013.**

**For Summary Judgment: January 2, 2014.**

**SETTLEMENT POSSIBILITIES:**
(1)   is likely
(2)   is unlikely
(3)   cannot be evaluated prior to (date)
(4)   may be enhanced by ADR:                     (a) Request to the court
                                                   (b) Outside source

**Is Unlikely.**

**JOINT STATEMENT RE MEDIATION:**

Mediation, if agreed to by the parties, will occur before **January 12, 2014.**

**WITNESSES AND EXHIBITS:**  In accordance with local rules.

All witnesses and exhibits will be disclosed and exchanged between the parties in accordance with the Local and Federal Rules of Civil Procedure.

**TRIAL ESTIMATE:**  Five (5) days.

**TRIAL DATE:**  Two week trial period beginning **May 6, 2014**.                    .

**PRELIMINARY PRETRIAL CONFERENCE:**  The parties do not request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**

The parties are not aware of any other matters which should be brought to the Court's attention at this time.

Respectfully submitted,

**Dr. J.D. Isaacs**
By His Attorney,
JOHN F. SKINNER, III, Esq.

DATED:   March 20, 2013          By:    /s/ John F. Skinner, III
John F. Skinner, III, Esq.(NH Bar No. 19886)
530 Chestnut St., 3rd Floor
Manchester, NH 03101
(603) 622-8100
E-mail: Attorneyskinner@gmail.com

**Dartmouth Hitchcock Medical Center**
**Mary Hitchcock Memorial Hospital**
By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:   March 20, 2013          By:    /s/ Christopher J. Pyles
Edward M. Kaplan, Esq. (NH Bar No. 1307)
Christopher J. Pyles, Esq. (NH Bar No. 15165)
9 Capitol Street, P.O. Box 1256
Concord, NH 03302-1256
(603) 224-2341
E-mail:  ekaplan@sulloway.com
E-mail:  cpyles@sulloway.com

**Dr. Christine T. Finn**
**Trustees of Dartmouth College**
By Their Attorneys
WADLEIGH, STARR & PETERS, PLLC


DATED:  March 20, 2013          By:    /s/ Kathleen C. Peahl _____
                                       Kathleen C. Peahl (NH Bar 6880)
                                       Pierre A. Chabot (NH Bar 17606)
                                       95 Market Street
                                       Manchester, NH 03101
                                       Phone: (603) 669-4140
                                       Email: kpeahl@wadleighlaw.com
                                       Email: pchabot@wadleighlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that this Joint Discovery Plan was served on the following persons on this date and in the manner specified herein:  Electronically Served Through ECF:  John F. Skinner, III, Esq., Keith Matthews, Esq., Patrick Rivard, Esq., Kathleen C. Peahl, Esq. and Pierre A. Chabot, Esq.


DATED:  March 20, 2013          By:    /s/ Christopher J. Pyles_____
                                       Christopher J. Pyles, Esq.