UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Dr. J.D. Isaacs )<br>    Plaintiff, )<br> )<br>v. )<br> )<br> )    Case No. 1:12-cv-00040-JL<br>Dartmouth- Hitchcock Medical )<br>Center, Mary Hitchcock Memorial )<br>Hospital, Dr. Christine T. Finn, and the )<br>Trustees of Dartmouth College )<br> )<br>    Defendants. )<br>_____ ) | |

### DEFENDANTS DARTMOUTH-HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Dartmouth-Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH"), by and through its counsel, Sulloway & Hollis, P.L.L.C., hereby respond to Plaintiff's First Requests to Produce Documents and Other Items (the "Document Requests") as follows:

### PRELIMINARY STATEMENT

DHMC and MHMH have responded to the Document Requests as they interpret and understand such requests. If plaintiff subsequently asserts an interpretation of any request that differs from DHMC's and MHMH's interpretation or understanding, DHMC and MHMH reserve the right to supplement their objections and/or responses.

### GENERAL OBJECTIONS

The following General Objections are made to each request in plaintiff's Document Requests in addition to any objections addressed to particular requests:

1. Defendants object to the Document Requests to the extent that they are overly broad and unduly burdensome.

2. Defendants object to the Document Requests to the extent that they seek documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to the Document Requests to the extent that they seek documents pertaining to persons who are not parties to this action and which are protected from disclosure by their rights of privacy, whether arising under common law, statute, defendant's policies and procedures, ACGME requirements, or otherwise.

4. Defendants object to the Document Requests to the extent that they seek documents which are protected from disclosure by the statutory or common law of the State of New Hampshire (including, but not limited to, New Hampshire RSA 151:13(a) and 329:29(a)).

5. Defendants object to the Document Requests to the extent that they seek documents protected by the attorney-client privilege or attorney-work product doctrine.

6. Defendants object to the Document Requests to the extent they are vague and ambiguous, unreasonably cumulative or duplicative, or request documents that are equally available to plaintiff, and the burden on plaintiff to obtain the requested documents is no greater than the burden on defendant

7. The objections and responses herein are made without waiver of and with specific preservation of: (a) all objections as to competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions; (b) the right to object on any grounds at anytime to a demand for further responses to these or any other discovery requests or

other discovery proceedings involved in or related to the subject matter of the discovery to which information or documents are provided; and, (c) the right at any time to review, correct, add to, supplement or clarify any of these responses.

### **RESPONSES TO DOCUMENT REQUESTS**

1. Please identify and produce notes or other documents produced pertaining to critiques of the Plaintiff by past or current agents of the Defendants.

   **RESPONSE:**

   Please see responsive documents previously produced by defendants at ISAACS GME/TRAINING 000001-000053 and ISAACS 000001-000063. . Upon execution of an agreed-to Confidentiality Agreement, Defendants will produce the evaluative materials contained in plaintiff's Quality Assurance file (bates stamped ISAACS Q.A. 1-110) and evaluations completed by plaintiff or regarding plaintiff's residency (bates stamped ISAACS EVALUATIONS 1-90).

2. Please identify and produce any and all documents pertaining to Plaintiff's requests for medical leave.

**RESPONSE:**

Defendants MHMH and DHMC were not aware of any requests made by plaintiff for medical leave prior January 13, 2012, the date he was placed on administrative leave from the residency program. Please see attached documents and emails pertaining to plaintiff's subsequent requests for medical leave, short term disability benefits and health insurance benefits, along with defendants' Leave of Absence policies (bates stamped ISAACS LOA 1-78).

3. Please identify and produce any and all documents pertaining to Plaintiff's health problems or disability or pertaining to Plaintiff's lack of health problems or disability. This request should be read to include all emails and correspondence about these issues.

**RESPONSE:**

Objection. At the time that plaintiff was a resident in the Graduate Medical Education residency program, defendant was unaware of any documents pertaining to plaintiff's alleged "health problems or disability." As to plaintiff's "lack of health problems or disability" please see previously produced ISAACS GME/TRAINING 000009 and 000052.

After litigation was commenced, plaintiff executed a signed medical authorization requesting copies of his medical records, and said records were previously produced to plaintiff.

4. Please identify and produce any and all of Plaintiff's test scores and performance evaluations.

**RESPONSE:**

Please see response to Request No. 1.

5. Please identify and produce any and all documentation pertaining to Plaintiff's sleep studies. This request should be read to include all emails and correspondence about these studies.

**RESPONSE:**

Objection. At the time that plaintiff was a resident in the Graduate Medical Education residency program; defendants had no knowledge of documentation pertaining to plaintiff's sleep study. After litigation was commenced, plaintiff executed a signed medical authorization requesting copies of his medical records. Said records, and a CD containing sleep study data, were previously produced to plaintiff. Defendants object to producing copies of emails and correspondence plaintiff exchanged with defendants and undersigned defense counsel after litigation was commenced, as those documents are equally available to plaintiff.

6. Please identify and produce any and all documentation pertaining to Plaintiff's work schedule. This request should be read to include all emails and correspondence about scheduling.

**RESPONSE:**

None within the possession, custody of control of defendants DHMC and MHMH.

7. Please identify and produce all emails in any email archives containing the terms "Dr. Isaacs" and/or "Isaacs" and/or "Jeffrey Isaacs" and/or "Jeff Isaacs" and/or any other name used to refer to the Plaintiff.

   **RESPONSE:**

   Defendants object to this request as it is overly broad and burdensome and not limited in time or in scope. Additionally, Defendants object to the production of quality assurance emails which may be responsive to this request, as said privileged documents are protected from disclosure by New Hampshire RSA 151:13(a) and 329:29(a). Defendants also object to producing documents which may be responsive to this request which were prepared after January 13, 2012, as those attorney client and/or work product documents were prepared in anticipation of litigation and are also privileged. Without waiving said objections, defendants are reviewing email databases, and upon execution of an agreed-to Confidentiality Agreement, will produce documents which they are able to locate which are responsive to this request.

8. Please identify and produce all communication records from Defendants to the University of Arizona.

   **RESPONSE:**

   None.

9. Please identify and produce any and all documentation pertaining to Plaintiff's sleep studies. This request should be read to include all emails and correspondence about or regarding these studies.

   **RESPONSE:**

   Please see response to Request No. 5.

10. Please identify and produce any and all documentation pertaining to Plaintiff's work schedule. Include in this request all emails or correspondence regarding these schedules.

    **RESPONSE:**

    Please see response to Request No. 6.

11. Please identify and produce any and all documentation pertaining to Plaintiff's NH Board of Medicine complaint against Dr. Finn and Dr. Noordsy.

    **RESPONSE:**

    Objection. The materials requested herein are confidential pursuant to New Hampshire RSA 329:18.

12. Please identify and produce all emails in any email archives containing the terms "J.D." and/or "Isaacs" and/or any other name used to refer to the Plaintiff.

**RESPONSE:**

Please see response to Request No. 7.

13. Please identify and produce all communication records from Defendants to the University of Arizona.

**RESPONSE:**

Please see response to Request No. 8.

14. Please identify and produce all records concerning Plaintiff, the University of Southern California, the University of Arizona, and Robert Baugman.

**RESPONSE:**

Please see CD of materials previously produced by defendants to all counsel on April 22, 2013, which included Pleadings and exhibits from <u>Jeffrey David Isaacs v. University of Southern California; Robert William Baughman; Brian E. Henderson; Peter J. Katsufrakis; and James M.H. Ball</u>, Case No. CV-06-3338 GAF-E, United States District Court, Central District of California.

15. Please identify and produce any and all of Plaintiff's email records.

**RESPONSE:**

The requested records are no longer available. By way of explanation, upon information and belief, a litigation hold request was submitted to Defendants' information technology department on or about January 17, 2012 requesting the preservation of plaintiff's email records. Defendants understood that said litigation hold was in place; however, when gathering the email records in order to prepare responses to plaintiff's request for production of documents, defendants first learned that the litigation hold had not actually been timely implemented. Accordingly, Dr. Isaacs' Hitchcock.org email account was not preserved. By way of further response, please see responses to Request Nos. 7 and 12 which will include emails sent to and from plaintiff which are still in defendants' possession, custody and control. Defendants believe they will be able to produce the vast majority of emails exchanged among plaintiff and those individuals who evaluated, supervised or participated in decisions concerning his brief residency.

16. Please identify and produce any and all documents pertaining to Plaintiff's ethics investigation request.

    **RESPONSE:**

    Objection. This request is confusing and unclear as to which "ethics investigation request" plaintiff is referring. Plaintiff has made numerous allegations in a number of different forums, each claiming some type of investigation necessary. Prior to January 13, 2012 when plaintiff was placed on administrative leave from the residency program, defendants MHMH and DHMC were not aware of any ethics investigation request directed to them. Defendants object to the production of documents regarding plaintiff's numerous investigation requests prepared subsequent to January 13, 2012, as they are privileged work-product and/or attorney client records prepared in anticipation of litigation.

17. Please identify and produce any and all documents pertaining to any investigation conducted regarding the Plaintiff or any Plaintiff's request for investigation.

    **RESPONSE:**

    Please see response to Request No. 16.

                                                    Respectfully submitted
                                                    J.D. Isaacs
                                                    By his Attorneys,

DATED: May 16, 2013

                                                  _____
                                                  Keith A. Mathews
                                                  NH Bar. No. 20997
                                                  Skinner | Rivard Law Offices
                                                  530 Chestnut Street, 3rd Floor
                                                  Manchester, NH 03101
                                                  (603) 622-8100
                                                  Keith.Mathews@skinnerrivard.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of May 2013, an original and two copies of the foregoing request for production of documents were forwarded to Sulloway & Hollis PLLC counsel for the Defendants.

                                                  _____
                                                  Keith A. Mathews

Respectfully submitted,

DARTMOUTH-HITCHCOCK MEDICAL
CENTER and
MARY HITCHCOCK MEMORIAL
HOSPITAL
By Their Attorneys,
SULLOWAY & HOLLIS, PLLC

Dated: July 2, 2013

_____
Edward M. Kaplan
9 Capitol Street
P.O. Box 1256
Concord, New Hampshire 03301-1256
(603) 224-2341
ekaplan@sulloway.com

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2013, Defendants Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital's Responses to Plaintiff's Requests for Production of Documents were forwarded, via first-class mail and email, to all counsel of record.

_____
Edward M. Kaplan