Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | |
| Plaintiff, *pro se*, | Case No. CV-12-40-JL |
| -V- | |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; DOCTOR CHRISTINE FINN; MARY HITCHCOCK MEMORIAL HOSPITAL; TRUSTEES OF DARTMOUTH COLLEGE; and JOHN DOE, | **PROPOSED INJUNCTIVE ORDER & REFERRAL TO LAW ENFORCEMENT AGENCIES** |
| Defendants. | |

## PROPOSED INJUNCTIVE ORDER

PROPOSED INJUNCTIVE ORDER PURSUANT TO FRCP 37 AND 34,

1) Defendants are hereby ordered, at their own expense, to hire a qualified, nationally regarded, independent e-Discovery forensics firm to assess, report, and convey to the Court (with email archives under seal, and for Plaintiff's inspection) the following:

    a) Defendants email and backup archival system technical overview

    b) All email (Dartmouth and DHMC) archives containing the search term "Isaacs" for the years spanning 2011-2012

    c) Any evidence (physical loss, meta data, etc) the independent firm possesses to implicate or exonerate Defendants' of willful and/or negligent records loss.

    d) Any and all of Jeffrey Isaacs, Simon Khagi, Peggy Meunier, Ghislaine Guez, Harley Friedman, Christine Finn, Alan Green, Jim Yong Kim, and Marc Bertrand's Dartmouth/DHMC emails (from archival and active data) spanning 2011-2013.

The independent firm shall operate autonomously and not work with Defendant's counsel at any time. It is permitted to work with Defendant's IT department for minimal technical guidance. The firm shall have no prior contractual relationships with the Defendants.

2) In the event any of the above email accounts were not properly preserved and no longer exist in entirety at conclusion of the independent audit, in accordance with FRCP 37, it shall be deemed:

    *"Defendants had a duty to preserve critical evidence pertaining to Isaacs' civil and criminal allegations. That duty was breached, with probable (more likely than not) cause of intentional breach."*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

3) In the event any of the above email accounts were not properly preserved , Isaacs' assertion shall hereby be deemed PROVEN that Dartmouth was aware of his Arizona and USC history PRIOR to his employment.

4) In the event any of the above email accounts were not properly preserved, Isaacs' belief shall hereby be deemed PROVEN that Dartmouth hazed , ridiculed, assaulted, and/or abused Isaacs beginning his first week of M2 at Dartmouth.

5) Pursuant to # 3 and #4 above, Isaacs' termination letter is hence materially false and misleading, and shall be void and annulled. Should Isaacs be medically fit to return to his residency program, Defendants' shall be enjoined from prohibiting his return from disability leave.

Referral to Law Enforcement Authorities

The independent audit ordered above, shall be available and immediately referred to appropriate Federal and State law enforcement agents. The Plaintiff in this case asserts that the Defendants have destroyed or improperly withheld evidence so as to obstruct due process in a federal court proceeding. Furthermore, Plaintiff believes evidence destruction, if it occurred, represented an attempt to obstruct both this civil case, and potential investigations of the following crimes:

a.) **638:12 Fraudulent Execution of Documents.** – A person is guilty of a misdemeanor if, by deception or threat, he causes another to sign or execute any instrument which affects or is likely to affect the pecuniary interest of any person.

It is alleged that either Bertrand or Finn mislead the other to execute a deceptive and materially misleading termination letter affecting Plaintiff's pecuniary interests.

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

1  **b) 632-A:2 Aggravated Felonious Sexual Assault.** – I. A person is guilty of the
2  felony of aggravated felonious sexual assault if such person engages in [ (5) Any
3  intrusion, however slight, of any part of the actor's body, including emissions, or any
4  object manipulated by the actor into genital or anal openings of the victim's body] with
5  another person under any of the following circumstances:   (g) When the actor provides
6  therapy, medical treatment or examination of the victim and in the course of that
7  therapeutic or treating relationship or within one year of termination of that therapeutic or
8  treating relationship:  (1) Acts in a manner or for purposes which are not professionally
9  recognized as ethical or acceptable;

10 It is alleged that Plaintiff, acting under the medical license of Dr Harley Friedman
11 and Dr Simon Khagi, was hazed and served as a physical proxy manipulated by
12 Friedman/Khagi to conduct at least one, and possibly two, unnecessary prostate exams,
13 with the intent to create a humiliating situation. In particular, Plaintiff now understands
14 that multiple agents of Defendant's ridiculed his 'gullible' Asperger's nature – including
15 impaired capacity to understand ironic stance.

16 **c) 641:4 False Reports to Law Enforcement**. – A person is guilty of a
17 misdemeanor if he:  I. Knowingly gives or causes to be given false information to any law
18 enforcement officer with the purpose of inducing such officer to believe that another has
19 committed an offense.

20 It is alleged that Bertrand and Finn issued a false report to the NH Board of
21 medicine (the termination letter), in suggesting to the Board that they recently learned of
22 omission of Plaintiff's Arizona internship, when in fact, as a matter of law, they had
23 known for eight months and even hazed Plaintiff because of it.

24 <u>ORDERED</u>

27 [For Court use]

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL