UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| J.D. Isaacs,<br>　　　　　　*Plaintiff*,<br><br>　　　　v.<br><br>Dartmouth Hitchcock Medical Center,<br>et al.<br>　　　　　　*Defendants*. | §<br>§<br>§<br>§　Civil Action No. 1:12-cv-00040-JL<br>§<br>§<br>§ |

**DEFENDANTS DARTMOUTH HITCHCOCK MEDICAL CENTER, MARY HITCHCOCK MEMORIAL HOSPITAL, TRUSTEES OF DARTMOUTH COLLEGE and DR. CHRISTINE FINN'S
JOINT MOTION FOR EMERGENCY SCHEDULING CONFERENCE**

NOW COME the Defendants, Dartmouth Hitchcock Medical Center ("DHMC"), Mary Hitchcock Memorial Hospital ("MHMH"), Trustees of Dartmouth College ("Dartmouth College") and Dr. Christine Finn, and say as follows:

1. As of the filing of this Motion *pro se* Plaintiff has filed numerous Notices for deposition of individuals along with Fed. R. Civ. P. 30(b)(6) deposition requests.  Some of the 30(b)(6) Notices demand the deponent be knowledgeable in approximately 50 categories of inquiry.  These Notices are attached to this Motion. (See Notices and emails, attached as Ex. A.)

2. *Pro se* Plaintiff apparently has some difficulty understanding the requirements of discovery practice.  For example, although *pro se* Plaintiff was willing to excuse undersigned counsel from depositions noticed on a religious holiday, he nonetheless demanded that other

{C1074016.2 }

parties proceed with those depositions not realizing that undersigned counsel has a right to attend. Plaintiff eventually agreed to postpone those depositions, but only after defendant prepared and exchanged a number of letters, emails, and finally, a draft motion for protective order.

3. The scheduling demands in *pro se* Plaintiff's underlying Notices and requests are unreasonable. By way of example, the 30(b)(6) request for DHMC/MHMH witnesses included forty-one areas of inquiry, including subjects such as, "41) Knowledge of Mr. George Baker's EPIC and legacy audit trail." (See July 26, 2013 email included in Ex. A) However, Mr. George Baker is not a party to this litigation, and is not an employee of defendants.

4. *Pro se* Plaintiff has filed Requests for Admission directed to improper parties (See Requests for Admission, attached as Ex. B). He has filed Interrogatories directed to individuals who are not parties. (See Interrogatories, attached as Ex. C.)

5. *Pro se* Plaintiff has indicated his intention to amend his complaint to add additional defendants, including Dartmouth College's former President, Dr. Jim Yong Kim. Dr. Kim was previously named in this lawsuit and was dismissed with the filing of the Amended Complaint. There is no new evidence which would warrant the addition of Dr. Kim as an individual defendant. (See email of August 9, 2013, attached as Ex. D)

6. *Pro se* Plaintiff has also recently sent e-mails to the current President of Dartmouth College demanding an investigation into various allegations, all relating to his status as a resident and his termination from the residency program, and demanding a Fair Hearing regarding his termination. Plaintiff asserts in one e-mail that any attempt to refer his demand to the College's attorneys will result in the filing of a civil action against the President.  Clearly, there is no basis for any claim against the current President in his individual capacity and such threats are meant to intimidate Dartmouth College into complying with Plaintiff's other unreasonable demands.  (See e-mail of August 14, 2013, attached as Ex. E.)

7. Co-defense counsel receive multiple (as many as 10) e-mails a day on matters that are irrelevant to the litigation and assert "fictional truths" which (probably) require responses which are time consuming and expensive. (See Emails of August 12, 2012 through August 13, 2013, attached as Ex. F.)

8. Despite the best efforts of counsel, it has been virtually impossible to coordinate any meaningful discovery steps or to deal with the daily multiple communications by *pro se* Plaintiff.  Simply put, as a matter of fairness, the parties need help from the Court to put some controls in place pertaining to discovery.

9. A separate memorandum of law is not necessary as the relief sought herein is within the sound discretion of the court.

10. Defendants have made a good faith attempt to obtain concurrence in the relief sought by this Motion; however the plaintiff does not assent to the motion.

**WHEREFORE**, Defendants pray that the Court:

a) schedule a hearing as promptly as possible; and

b) For such other and further relief as the Court deems just.

                                                Respectfully submitted,

**DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL**

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated: August 15, 2013                 By <u>/s/ Edward M. Kaplan</u>
                                                Edward M. Kaplan (#1307)
                                                Sulloway & Hollis, P.L.L.C.
                                                9 Capitol Street
                                                Concord, NH 03301
                                                (603)223-2863


**TRUSTEES OF DARTMOUTH COLLEGE**
and
**DR. CHRISTINE FINN**

By Their Attorneys,
WADLEIGH STARR & PETERS, PLLC

Dated: August 15, 2013                 By  <u>/s/ Kathleen Peahl</u>
                                                Kathleen Peahl, Esq. (#6880)
                                                Wadleigh Starr & Peters, PLLC
                                                95 Market Street
                                                Manchester, NH 03101

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101


Dated: August 15, 2013                    By /s/ Edward M. Kaplan
                                          Edward M. Kaplan