**Kathleen Peahl**

| | |
|---|---|
| **From:** | JDI <jeffreydi@gmail.com> |
| **Sent:** | Friday, August 09, 2013 6:53 PM |
| **To:** | Kathleen Peahl |
| **Subject:** | Re: FW: Isaacs |

Dear Attorney Peahl:

This is in response to your letter from earlier this hour.

You are correct that I have not issued a formal deposition order for Finn. I would anticipate, to comply with the rules of a 30b6 deposition, that FInn would be produced for that deposition. In the event she is not, and I have remaining questions that I believe should have been answered by the designated 30b6 representative, I will make a decision at that time whether to move to compel further 30b6 production, or simply depose Finn individually. So at this time, I will defer that matter until the 30b6 is scheduled.

I continue to maintain that Bertrand , as an officer of Dartmouth Geisel Med School, should be produced by your client. Please be advised that the requests for admissions shall be deemed ADMITTED but for a court order declaring that Bertrand is not an officer subject to control/custody by DMS.

I was not present in the meeting with Judge LaPlante and Skinner Rivard attorneys. I do understand they felt pressure to drop Kim from the lawsuit. My impression is that the discussions centered around individual liability for ADA claims, in which case, I agree with Judge LaPlante's assertion you purport he made. That said, given knowledge I learned during the past two weeks, this case has shifted away from ADA claims and towards the criminal acts and tortious acts I alleged in the ED on 1/13/12. Kim had a clear duty to do more than what he did -- forward my call to his attorney (OLeary) who ridiculed me that I couldn't complain, because "you sue everybody." Again, my order to Kim stands, and be advised that I am in final review of new complaint/pleadings that will make specific charges against Kim for turning a blind eye on criminal activity amongst his colleagues. This has absolutely nothing to do with ADA individual liability, as you know.

While I understand I do not possess all knowledge of Dartmouth/DHMCs corporate infrastructure (it will be discovered in the 30b6 as you stated), I do believe that as an applicant to LPMR, MPH degree program at Dartmouth, and in light of Mayo vs. US, Kim and Bertrand had responsibilities to the Trustees with regards to my claims. Specifically, they had a duty to protect the well-being of their students. As a resident physician, and MPH applicant, my well-being was legally guarded by a Dean of GME, Bertrand, and his superior, Kim.  Therefore, they shall be produced and I will fight any attempt to shield your client on the far-fetched assertion that because Bertrand's salary comes from his anesthesiology work at the hospital, Dartmouth College had no role or responsibility.

I agree it may not be possible to schedule all depositions on the same week, but efforts should be made to make them promptly. It has been almost three weeks since i Made the 30b6 request, and it is not scheduled. I responded to Kaplan's request for a deposition within 24 hours. Furthermore, I hereby request that you/your firm be present and participate at the deposition with Kaplan/DHMC and me, and only file a separate deposition order upon me if there is good cause to do so.

At this point, to summarize,  pending are as follows:
1) Deposition scheduling for 30b6, Kim, Bertrand and Riblet, and Twork/Friedman
2) Admissions from Bertrand, deemed admitted if not answered within 30 days or blocked by a protective order

1

3) Motion to compel and sanctions, injunctive orders, referral for criminal investigation
4) Civil Claim against DHMC and U Arizona, Bertrand, Kim in USDC / D.C. - federal deprivation of rights
5) outstanding criminal complaints for assault, fraud, false statements to institutions in receipt of federal funds, evidence destructions

As you asserted you have a duty to protect your clients, please understand that I have reviewed these matters with numerous physicians, family members, etc, and all find it reasonable to believe that, but for a crime(s), i would be enrolled in a federally funded residency program today.

Regards,
Jeffrey Isaacs


On Fri, Aug 9, 2013 at 6:03 PM, Kathleen Peahl <kpeahl@wadleighlaw.com> wrote:

Dr. Isaacs:


Please see attached letter.


Kathleen Peahl