## Jeanne Batchelder

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Tuesday, August 13, 2013 10:14 PM |
| **To:** | Kathleen Peahl; Pierre Chabot; Edward Kaplan |
| **Subject:** | Deposition Notices |
| **Attachments:** | dms30b6.pdf; riblet.pdf; kim depo.pdf |

Dear Attys Peahl & Chabot:

In light of Atty Kaplan's observation of Yom Kippur the evening of 9/13, I am serving you Dr Riblet's deposition notice, as a GME instructor/Senior resident of the Trustees, and LPMR enrollee and advisor.

I am also sending you the completed proof-of-service for the 30b6 and Kim, since I haven't heard from you for three weeks with any alternative dates. In the event you wish to change any times/venues at this point, you will need a protective order.

Regards,
Jeffrey Isaacs

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Tuesday, August 13, 2013 3:17 PM |
| **To:** | Kathleen Peahl; Edward Kaplan; Christopher J. Pyles; Pierre Chabot |
| **Subject:** | Pending motion for rule 37 violations and referral to law enforcement |

Dear Attorneys:

Yesterday I realized the court has a 15 page filing local rule limit and limit on separate motions; as such, I will be splitting the motion for leave for amend from the document i sent you Sunday.I will be filing the separate motions tonight or tomorrow via ECF.

Regards,
Jeffrey

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> |
| **Sent:** | Tuesday, August 13, 2013 3:03 PM |
| **To:** | Edward Kaplan; Christopher J. Pyles |
| **Cc:** | Kathleen Peahl |
| **Subject:** | Additional/revised 30b6 topics |

Dear Attorney Kaplan:

This letter shall address additional objections you raised today, and specify/narrow down the issues:

Generally, you object to patient orders and QA privilege. Please note that the RSA you provided does not allow for privilege in claims asserting harm to indivduals on the premises. As I allege mental assault, hazing, and felonious sexual assault, your purported privilege under RSA simply doesn't hold.

You object to item #17, regarding to orders issued to conduct two unnecessary prostate exams. You state the organization does not have knowledge of these orders. That is simply false. They have written records on EPIC. They are ordered to review these records and be knowledgeable to the matters. Any specific patient information may be redacted pursuant to HIPAA (name, DOB, etc). I will refer to the two prostate exam patients as Patient A, and Patient B, for purposes of this deposition. Patient A had terminal metastatic cancer. Patient B had PEs and Psych issues. If you need any more information to locate these two EPIC records, let me know, otherwise, you should consider your client properly noticed.

For #24 and #25, I will revise this to a five (5) year period. I may ask about 15 year period, but the answer may not be binding.

For 29, I refer/revise this to communication between Finn/Friedman, based upon review of emails and other ESI, and Finn/Friedman's personal recollection of telephone calls and other conferences. Surely, if they are not present at the 20b6, they could inform an authorized representative of all conversations they recall and emails sent.

For 16/17, re indications of prostate exams, your client has access to statistics and individual patient records. I will be asking about all prostate exams (summarized) conducted on M2 by Psych and GIM interns during the 2011-12 year. Indications, frequency, and other statistics. I already have academic papers on these matters, and I will give you an advance notice -- the data/research I have thus far is compelling that your clients rate of 20/month was beyond absurd.

For 11, let me specify: All professional interactions between Baughman and Kim/Green. This includes research papers, conference attendance, personal relationships, knowledge of employment at the same/affiliated facilities, emails, telephone calls, mutual friends, etc. Basically, did Kim/Green know or ever work with or in collaboration with Baughman. This should be easy knowledge to appoint a representative (or Green/Kim themselves). Your attempts to object to this simple question seems to evidence Guilt. Again, provide case law if you wish stating why I cannot pursue reasonable questions to see if one of DHMC's agents/officers had a relationship with a prior defendant, and therefore, a motive to retaliate or take sides.

Please add as an enumerated subject: All performance reviews, written statements, emails, knowledge (during M2), and beliefs (during M2) from Khagi, Guez, and Twork regarding Plaintiff. I expect these individuals to be present at the deposition; they were my instructors/advisors/supervisors for critical periods on M2. They, basically, established the paper trail to incorrectly terminate me. The shall be present for questioning (or

designated representative) knowledgeable to all of their performance concerns, their knowledge about facts (partial or whole, true or false) about my past history in AZ/CA.


Please let me know if you have further questions. This now represent my full reply to your letter from earlier today. It is hoped we can resolve/narrow down these 30b6 issues and avoid intervention of the Court.

Regards,
Jeffrey Isaacs

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Tuesday, August 13, 2013 2:43 PM |
| **To:** | Edward Kaplan; Kathleen Peahl; Jeanne Batchelder |
| **Subject:** | Deposition beyond enumerated items, suggested dates |

Dear Attorney Kaplan:

I would like to suggest you contact the court to reserve a room for a date that works for you, after September 6th and prior to September 20th. This is 5 weeks notice and I am giving you adequate flexibility. Again, I will not do the deposition at DHMC, as this is unsafe for me given my allegations of mental abuse, fraud, and felonious sexual assault that occurred at the facility.

With regards to your assertion that I may not ask questions beyond enumerated topics, I wish to agree, in part, and disagree in part. My understanding from the current case law is that I may ask questions beyond the topics, and they must be answered, but the answers may not necessarily be binding. As such, this is my intent with the deposition, based on current case law.

I may agree to attorney-client objections you raised, except in the circumstances where attorneys are acting as de facto administrators.

Again, the biggest concern re teh 30b6 at this point is about the knowledge of USC/AZ, and I will await your reply with case law, if you choose to do so.


Regards,
Jeffrey Isaacs

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Tuesday, August 13, 2013 2:29 PM |
| **To:** | Kathleen Peahl; Pierre Chabot |
| **Cc:** | Edward Kaplan |
| **Subject:** | Arrival time for Trustees/Kim |

Dear Attorney Peahl:

It appears Atty Kaplan may be rescheduling Bertrand/Friedman/Niblet's deposition on the 13th. Please reserve your clients beginning at noon that day (versus 1PM), in the event Kaplan reschedules his depositions. I have informed him that rescheduling must occur by Thursday, otherwise, there will be no changes to the proposed schedule.

Regards,
Jeffrey Isaacs

## Jeanne Batchelder

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Tuesday, August 13, 2013 2:04 PM |
| **To:** | Edward Kaplan; Kathleen Peahl; Christopher J. Pyles; Pierre Chabot |
| **Subject:** | Re: 30(b)(6) matters |

Please note that I still anticipate deposing Bertrand after the 30b6, but wish to defer the matter for several weeks, pending subpoeana requests I will be sending to you later this week.

Regards,
Jeffrey Isaacs

On Tue, Aug 13, 2013 at 2:01 PM, Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
Attorney Kaplan: Since you will be producing Bertrand for the 30b6, you may defer scheduling him for an individual deposition. It appears as Dean he will also be produced for the Trustees 30b6. Please reschedule Friedman and Riblet no later than this Thursday, otherwise, 9/13 will stand as an order.

I have briefly looked at your 30b6 objections. I am hereby giving you the opportunity to provide case law for your purported objects. As you know, the purpose of a 30b6 is to "curb the 'bandying' by which officers or managing  agents of a organization are deposed in turn but each disclaims knowledge of facts that are clearly known  to persons in the organization and thereby to it." As such, my allegation is that most, if not all, of my supervising physicians at Dartmouth/DHMC knew about my past legal history with USC and Arizona, and used it against me. It appears you are attempting to subvert the very reason of the 30b6, that is, to curb such bandying. As such, it is most necessary for this deposition to produce a representative who can attest to each of my supervising physician's knowledge (factually and belief), and opinion (those transmitted by written email, etc) about prior litigation/training with USC/AZ. After destroying all email evidence, now they want to subvert the deposition process.

Again, please provide relevant case law that I am forbidden from asking about Twork, Guez, Friedman, Finn, Bertrand, Khagi , Psychiatry PGY1-4s knowledge and beliefs about my legal/training history at USC/AZ. Otherwise, I shall consider your objections waived and will proceed to question about these central issues to the case.

Regards,
Jeffrey Isaacs

## Jeanne Batchelder

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Tuesday, August 13, 2013 2:02 PM |
| **To:** | Edward Kaplan; Kathleen Peahl; Christopher J. Pyles; Pierre Chabot |
| **Subject:** | 30(b)(6) matters |

Attorney Kaplan: Since you will be producing Bertrand for the 30b6, you may defer scheduling him for an individual deposition. It appears as Dean he will also be produced for the Trustees 30b6. Please reschedule Friedman and Riblet no later than this Thursday, otherwise, 9/13 will stand as an order.

I have briefly looked at your 30b6 objections. I am hereby giving you the opportunity to provide case law for your purported objects. As you know, the purpose of a 30b6 is to "curb the 'bandying' by which officers or managing  agents of a organization are deposed in turn but each disclaims knowledge of facts that are clearly known  to persons in the organization and thereby to it." As such, my allegation is that most, if not all, of my supervising physicians at Dartmouth/DHMC knew about my past legal history with USC and Arizona, and used it against me. It appears you are attempting to subvert the very reason of the 30b6, that is, to curb such bandying. As such, it is most necessary for this deposition to produce a representative who can attest to each of my supervising physician's knowledge (factually and belief), and opinion (those transmitted by written email, etc) about prior litigation/training with USC/AZ. After destroying all email evidence, now they want to subvert the deposition process.

Again, please provide relevant case law that I am forbidden from asking about Twork, Guez, Friedman, Finn, Bertrand, Khagi , Psychiatry PGY1-4s knowledge and beliefs about my legal/training history at USC/AZ. Otherwise, I shall consider your objections waived and will proceed to question about these central issues to the case.

Regards,
Jeffrey Isaacs

## Jeanne Batchelder

| | |
|---|---|
| **From:** | JDI <jeffreydi@gmail.com> |
| **Sent:** | Tuesday, August 13, 2013 1:08 PM |
| **To:** | Jeanne Batchelder; Edward Kaplan; Kathleen Peahl |
| **Subject:** | Re: Isaacs v. DHMC, et al. |

To clarify, I will permit your firm rescheduling of Friedman and Bertrand. The 30b6 against Dartmouth shall proceed on 9/13, and Kim and Riblet would be expected to attend. Friedman might be expected to attend the 30b6, but due to the holiday, he may attend the second 30b6 session.

Regards,
Jeffrey Isaacs

On Tue, Aug 13, 2013 at 1:01 PM, JDI <jeffreydi@gmail.com> wrote:
Dr Kaplan:

I can consent to a schedule change for Yom Kippur if YOUR FIRM handles the rescheduling with the court for a date no later than September 18th. September 11th will not work for me. Please advise if you can find an alternative date, before 9/18, and manage this with the court.

I absolutely will not consent to a deposition at DHMC - I do not feel safe going there. All depositions shall be at the USDC.

Please advise if you will handle the rescheduling; if not, you will need to move for a protective order.

Finally, I do not agree to your objections that, generally, the knowledge and beliefs of supervising physicians (Twork, Guez, etc) are privileged, and you will need to move for a protective order as I will proceed with questions on all items I enumerated on the 30b6. Failure to provide adequately prepared witnesses shall be deemed failure to appear.

Regards,
Jeffrey


On Tue, Aug 13, 2013 at 11:14 AM, Jeanne Batchelder <jbatchelder@sulloway.com> wrote:

Dr. Isaacs:


Please see attached correspondence from Attorney Kaplan.


Jeanne B. Batchelder

Litigation Paralegal

Sulloway & Hollis, P.L.L.C.

9 Capitol St.

PO Box 1256

Concord, NH 03302-1256

603-223-2858

jbatchelder@sulloway.com

SULLOWAY & HOLLIS, P.L.L.C.: This message is a PRIVATE communication which may contain attorney / client privileged material. If you are not the intended recipient, please do not read, copy, use, or disclose to others. If you have received this message in error, please reply to sender and delete this message from your system. Thank you.

## Jeanne Batchelder

| | |
|---|---|
| **From:** | JDI <jeffreydi@gmail.com> |
| **Sent:** | Tuesday, August 13, 2013 1:01 PM |
| **To:** | Jeanne Batchelder; Edward Kaplan; Kathleen Peahl |
| **Subject:** | Re: Isaacs v. DHMC, et al. |

Dr Kaplan:

I can consent to a schedule change for Yom Kippur if YOUR FIRM handles the rescheduling with the court for a date no later than September 18th. September 11th will not work for me. Please advise if you can find an alternative date, before 9/18, and manage this with the court.

I absolutely will not consent to a deposition at DHMC - I do not feel safe going there. All depositions shall be at the USDC.

Please advise if you will handle the rescheduling; if not, you will need to move for a protective order.

Finally, I do not agree to your objections that, generally, the knowledge and beliefs of supervising physicians (Twork, Guez, etc) are privileged, and you will need to move for a protective order as I will proceed with questions on all items I enumerated on the 30b6. Failure to provide adequately prepared witnesses shall be deemed failure to appear.

Regards,
Jeffrey


On Tue, Aug 13, 2013 at 11:14 AM, Jeanne Batchelder <jbatchelder@sulloway.com> wrote:

Dr. Isaacs:


Please see attached correspondence from Attorney Kaplan.


Jeanne B. Batchelder

Litigation Paralegal

Sulloway & Hollis, P.L.L.C.

9 Capitol St.

PO Box 1256

Concord, NH 03302-1256

603-223-2858

jbatchelder@sulloway.com

## Jeanne Batchelder

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Tuesday, August 13, 2013 12:01 AM |
| **To:** | Edward Kaplan; Christopher J. Pyles; Jeanne Batchelder; Kathleen Peahl; Pierre Chabot |
| **Subject:** | Trustees 30b6 deposition |
| **Attachments:** | dms30b6.pdf |

Dear Attorney Peahl:

Please find attached, official notice for the first 30b6 session.

It is noted that I requested scheduling of this matter three weeks ago. I will not accept any excuses at this point for rescheduling, as the courthouse has confirmed the venue.

Please note that the initial RFP/interrogatory deadlines were extended by one month. We then spent the greater part of the last month going in circles about compelling responses. No depositions were scheduled (except mine, which I volunteered for).

Please let me know how you seriously expect to conclude discovery on complex matters that relate to the loss of a physicians entire career? It seems you have succeeded in running out the clock, as of today your firm is still asking for another week delay on trivial matters. Your client has unlimited resources compared to me, a pro se individual with no career and $400,000 in medical school and law school loans.

This is a complex federal lawsuit (potentially multi-district in the foreseeable future) about how your clients seriously harmed my well-being, and your firm is treating it like a traffic ticket matter. If you / Atty Chabot are truly busy with scheduling other cases, I suggest you have an ethical obligation to inform your client of the need for more legal resources. We have less than 2 months left in fact discovery - and nothing has been produced yet. Not even my emails from DHMC. Not a single deposion. We haven't even gotten to subpoeanas of telephone/email national transmission data, etc. I believe the NSA might have evidence useful for this trial as well, if your clients truly deleted everything.

Please confirm receipt of these deposition notices within twenty-four hours. Advise of any questions if necessary. Please provide dates for the second 30b6 session within 10 days.

Thank you,
Jeffrey Isaacs

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Monday, August 12, 2013 11:02 PM |
| **To:** | Edward Kaplan; Christopher J. Pyles; Jeanne Batchelder; Kathleen Peahl; Pierre Chabot |
| **Subject:** | Deposition for Dr N Riblet |
| **Attachments:** | riblet.pdf |

Dear Attorney Kaplan:

Please find attached formal notice of Dr Riblet's deposition. Her deposition shall occur immediately after Dr Jim Yong Kim's deposition, in the same room.

MHMH/DHMC is receiving formal notice of this deposition, but Dr Riblet may also be questioned about the MPH/LPMR program, and internal Department of Psychiatry (Trustees) communications. As such, Attorney Peahl/Chabot are invited to attend this deposition.

Please let me know if you have any questions about this deposition.

Regards,
Jeffrey Isaacs

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Monday, August 12, 2013 10:29 PM |
| **To:** | Edward Kaplan; Christopher J. Pyles; Jeanne Batchelder; Kathleen Peahl; Pierre Chabot |
| **Subject:** | Deposition for Jim Yong Kim |
| **Attachments:** | kimdepo.pdf |

Dear Attorney Peahl:

Please find attached a final deposition order for President Kim. Because he has not responded to offer of venue, I have proceeded with scheduling him at the Concord courthouse , immediately following Bertrand's noon deposition. This notice supercedes the prior notice (I have a prior sleep medicine appointment on 9-11 at 3PM and would be unable to depose Kim that day).

Please let me know if you have any questions about this deposition. Counsel for DHMC is invited to attend if they feel so obliged.

Regards,
Jeffrey Isaacs

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Monday, August 12, 2013 10:17 PM |
| **To:** | Edward Kaplan; Christopher J. Pyles; Jeanne Batchelder; Kathleen Peahl; Pierre Chabot |
| **Subject:** | Deposition for Harley Friedman |
| **Attachments:** | friedman.pdf |

Dear Attorney Kaplan:
Please find attached formal notice of Dr Friedman's deposition. His deposition shall occur immediately prior to Dean Bertrands, in the same room. Please note that you are invited to attend Bertrand's deposition; I noticed Attorney Peahl, but Bertrand will be questioned regarding his dual administrative roles at DHMC/DMS.

Please let me know if you have any questions about this deposition.
Also, I see that Jeanne Batchelder said you would be suggesting dates for the 30b6 deposition. It had been 3 weeks since the request and I have not heard from you. This is quite a delay given we have a short discovery timeframe. While I understand you have a busy litigation schedule, your client should be able to produce/hire additional attorneys in lieu of unnecessary three week delays.
Please let me know the status of the 30b6 request no later than Wednesday (this week).

Regards,
Jeffrey Isaacs

## Jeanne Batchelder

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Monday, August 12, 2013 1:43 PM |
| **To:** | Kathleen Peahl |
| **Cc:** | Pierre Chabot; Christopher J. Pyles; Edward Kaplan |
| **Subject:** | Re: Assent to pending motion |

Thank you for your response . Asking for an extra week here and there , which is what Atty Chabot was doing, is no longer appropriate. Discovery is scheduled to wrap up soon, and it has been illegally resisted , delayed, and evidence destroyed. There is no more time for unnecessary week -month long delays. We have been discussing these matters back and forth since I resumed pro se status a month ago.

Likewise, the 30b6 is now 3 weeks pending. I have scheduled a room at the Courthouse for 9/13/2013 for several depositions, and will send you the formal orders for 30b6, Kim(rescheduled), Bertrand, Riblet and Friedman shortly.

Regards,
Jeffrey
On Mon, Aug 12, 2013 at 1:29 PM, Kathleen Peahl <kpeahl@wadleighlaw.com> wrote:

Dr. Isaacs,


I know that Atty Chabot is tied up until late this afternoon and will not have the opportunity to respond during the three hour time frame you have identified.  Accordingly, I am responding on behalf of our clients.  Although we have not had time to closely read and digest your lengthy motion, to the extent that it seeks any relief with respect to our clients, we do not assent.




Kathleen Peahl

Wadleigh, Starr & Peters, PLLC

95 Market Street
Manchester NH 03101
(603)206-7229 (direct dial)



**** CONFIDENTIALITY NOTE ****

The content of this e-mail contains information from the law firm of Wadleigh, Starr & Peters, P.L.L.C., which is confidential or privileged. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this e-mail is prohibited. If you have received this e-mail in error, please notify us immediately. Thank you.

**From:** jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] **On Behalf Of** Jeffrey D. Isaacs
**Sent:** Monday, August 12, 2013 12:04 PM
**To:** Pierre Chabot
**Cc:** Kathleen Peahl; Chris Pyles; Edward Kaplan
**Subject:** Re: Assent to pending motion

Attorney Chabot--

It is noted that your firm has not responded for nearly 3 weeks to my 30b6 request.

It is noted that you continue to use organizational structure to delay and confuse me -- I have discussed the evidence destruction for over a month with your Sulloway & Hollis.

I will consider any further delays or threats that I didn't "confer" with you to be intimidation not to file a crime report, and will report your behavior to the NH Attorney Generals office.

I will mail this in 3 hours - please advise whether or not you consent to the matters involving your firm (Amend Kim/Bertrand, Fitt's role in deleting DHMC emails - which I wrote your client about over 18 months agi).

Regards,

Jeffrey Isaacs

On Mon, Aug 12, 2013 at 10:43 AM, Pierre Chabot <pchabot@wadleighlaw.com> wrote:

Dr. Isaacs,

While we appreciate your attempt to "meet and confer" on the discovery issues that you claim exist, we must inform you that we simply cannot digest your proposed motion, speak to our clients about it, and make any intelligent suggestions about resolving or narrowing discovery issues without court involvement by the artificial deadline you have set.  If you file your motion at noon today, we will inform the judge that you have filed without engaging in the  mandatory "meet and confer" process that needs precede all discovery motions.  As you have acknowledged in your email, you intend to file approximately one-half of one business day after notifying us of the planned motion, which we received on Sunday afternoon.

Neither Kathy nor I are available this morning to go through your lengthy motion, and to identify those issues that involve (or which you claim involve) our client.  Even if we were, it would be unrealistic to expect us to have a meaningful conversation with our clients in that timeframe and to get back to you.

We will review your proposed motion in due course.  We will make every effort to have a response to the issues raised to you by close of business Friday, August 16, 2013.  Given an impending trial on my calendar, this is the soonest we will be able to get back to you, and we think this is a reasonable time in which to respond given the multitude of issues you seek to raise.

Thanks in advance for your consideration and courtesy.

-Pierre A. Chabot

Wadleigh, Starr & Peters, PLLC

95 Market Street

Manchester, NH 03101

*Respond by email only to this communication.  Thank you.*

**From:** jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] **On Behalf Of** Jeffrey D. Isaacs
**Sent:** Sunday, August 11, 2013 12:59 PM
**To:** Kathleen Peahl; Pierre Chabot; Chris Pyles; Edward Kaplan
**Subject:** Assent to pending motion


Dear Attys Peahl/Chabot:


Last week I asked Sulloway & Hollis for assent to the pending motion, but it appears I did not ask your firm. I will be filing at noon tomorrow; please advise in the case that you do assent to this motion.


Attachment: Motion for Rule 37 Enforcement, Preliminary Injunction, Leave to Amend, Referral to Law Enforcement Authorities


Regards,

Jeffrey Isaacs

## Jeanne Batchelder

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Monday, August 12, 2013 12:04 PM |
| **To:** | Pierre Chabot |
| **Cc:** | Kathleen Peahl; Christopher J. Pyles; Edward Kaplan |
| **Subject:** | Re: Assent to pending motion |

Attorney Chabot--

It is noted that your firm has not responded for nearly 3 weeks to my 30b6 request.

It is noted that you continue to use organizational structure to delay and confuse me -- I have discussed the evidence destruction for over a month with your Sulloway & Hollis.

I will consider any further delays or threats that I didn't "confer" with you to be intimidation not to file a crime report, and will report your behavior to the NH Attorney Generals office.

I will mail this in 3 hours - please advise whether or not you consent to the matters involving your firm (Amend Kim/Bertrand, Fitt's role in deleting DHMC emails - which I wrote your client about over 18 months agi).

Regards,
Jeffrey Isaacs

On Mon, Aug 12, 2013 at 10:43 AM, Pierre Chabot <pchabot@wadleighlaw.com> wrote:

Dr. Isaacs,


While we appreciate your attempt to "meet and confer" on the discovery issues that you claim exist, we must inform you that we simply cannot digest your proposed motion, speak to our clients about it, and make any intelligent suggestions about resolving or narrowing discovery issues without court involvement by the artificial deadline you have set.  If you file your motion at noon today, we will inform the judge that you have filed without engaging in the  mandatory "meet and confer" process that needs precede all discovery motions.  As you have acknowledged in your email, you intend to file approximately one-half of one business day after notifying us of the planned motion, which we received on Sunday afternoon.


Neither Kathy nor I are available this morning to go through your lengthy motion, and to identify those issues that involve (or which you claim involve) our client.  Even if we were, it would be unrealistic to expect us to have a meaningful conversation with our clients in that timeframe and to get back to you.


We will review your proposed motion in due course.  We will make every effort to have a response to the issues raised to you by close of business Friday, August 16, 2013.  Given an impending trial on my calendar,

this is the soonest we will be able to get back to you, and we think this is a reasonable time in which to respond given the multitude of issues you seek to raise.

Thanks in advance for your consideration and courtesy.

-Pierre A. Chabot

Wadleigh, Starr & Peters, PLLC

95 Market Street

Manchester, NH 03101

*Respond by email only to this communication.  Thank you.*

**From:** jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] **On Behalf Of** Jeffrey D. Isaacs
**Sent:** Sunday, August 11, 2013 12:59 PM
**To:** Kathleen Peahl; Pierre Chabot; Chris Pyles; Edward Kaplan
**Subject:** Assent to pending motion

Dear Attys Peahl/Chabot:

Last week I asked Sulloway & Hollis for assent to the pending motion, but it appears I did not ask your firm. I will be filing at noon tomorrow; please advise in the case that you do assent to this motion.

Attachment: Motion for Rule 37 Enforcement, Preliminary Injunction, Leave to Amend, Referral to Law Enforcement Authorities

Regards,

Jeffrey Isaacs

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | JDI <jeffreydi@gmail.com> |
| **Sent:** | Monday, August 12, 2013 11:28 AM |
| **To:** | Jeanne Batchelder |
| **Cc:** | Edward Kaplan; Kathleen Peahl; Pierre Chabot; Christopher J. Pyles |
| **Subject:** | Re: Isaacs v. DHMC, et al. |

Hello Jeanne,

Attorney Pyles emailed me last week already confirming that your client does not assent to any motion to compel. Also note that I emailed a notice that I needed to know, for my pending potion, whether or not backups were available , and there has been no response for a month.

 Thank you for relaying Attorney Kaplan's message confirming that.

Regards,
Jeffrey Isaacs

On Mon, Aug 12, 2013 at 10:38 AM, Jeanne Batchelder <jbatchelder@sulloway.com> wrote:

Dr. Isaacs:


Attorney Edward Kaplan is out of the office today, but he asked me to forward his response  to your 08/11/13 (12:59 PM) email to Attorney Peahl concerning the motion you intend to file today.  Your email mentions that you previously requested the assent of Sulloway & Hollis, P.L.L.C. to said motion.  Attorney Kaplan is not aware of any such request to assent, and does not assent to the motion attached to your email to Attorney Peahl.




Jeanne B. Batchelder

Litigation Paralegal

Sulloway & Hollis, P.L.L.C.

9 Capitol St.

PO Box 1256

Concord, NH 03302-1256

603-223-2858

jbatchelder@sulloway.com

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Monday, August 12, 2013 11:01 AM |
| **To:** | Pierre Chabot |
| **Cc:** | Kathleen Peahl; Christopher J. Pyles; Edward Kaplan |
| **Subject:** | Re: Assent to pending motion |

Attorney Chabot:

This is by no means an exhaustive list, but we have already met and conferred - for over a year on some issues.

1) Leave to amend Dr Jim Yong Kim - this has been discussed for weeks with Atty Peahl and she adamantly denies that I have a right to sue him for negligence. We have gone back and forth on this many, many times. There is no further need to confer on the matter.

2) Felonious sexual assault referral to law enforcement - I filed a "DHMC Criminal Violations" report with your firm over a year ago, and have attempted to meet and confer on ethics/criminal violations - with Jim Yong Kim for over 18 months. Please tell me what more meet and confer I must do , before the criminal statutes of limitations expire?

3) Destruction of email evidence -- Again, I have warned you/Kaplan for more than a month that your email production is entirely insufficient and that I would move to compel. I believe a month is more than sufficient for meet and confer on this matter. It appears our discussions had reached an impasse.

Regards,
Jeffrey Isaacs

On Mon, Aug 12, 2013 at 10:43 AM, Pierre Chabot <pchabot@wadleighlaw.com> wrote:

Dr. Isaacs,


While we appreciate your attempt to "meet and confer" on the discovery issues that you claim exist, we must inform you that we simply cannot digest your proposed motion, speak to our clients about it, and make any intelligent suggestions about resolving or narrowing discovery issues without court involvement by the artificial deadline you have set.  If you file your motion at noon today, we will inform the judge that you have filed without engaging in the  mandatory "meet and confer" process that needs precede all discovery motions.  As you have acknowledged in your email, you intend to file approximately one-half of one business day after notifying us of the planned motion, which we received on Sunday afternoon.


Neither Kathy nor I are available this morning to go through your lengthy motion, and to identify those issues that involve (or which you claim involve) our client.  Even if we were, it would be unrealistic to expect us to have a meaningful conversation with our clients in that timeframe and to get back to you.

We will review your proposed motion in due course.  We will make every effort to have a response to the issues raised to you by close of business Friday, August 16, 2013.  Given an impending trial on my calendar, this is the soonest we will be able to get back to you, and we think this is a reasonable time in which to respond given the multitude of issues you seek to raise.


Thanks in advance for your consideration and courtesy.


-Pierre A. Chabot

Wadleigh, Starr & Peters, PLLC

95 Market Street

Manchester, NH 03101


*Respond by email only to this communication.  Thank you.*



**From:** jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] **On Behalf Of** Jeffrey D. Isaacs
**Sent:** Sunday, August 11, 2013 12:59 PM
**To:** Kathleen Peahl; Pierre Chabot; Chris Pyles; Edward Kaplan
**Subject:** Assent to pending motion


Dear Attys Peahl/Chabot:


Last week I asked Sulloway & Hollis for assent to the pending motion, but it appears I did not ask your firm. I will be filing at noon tomorrow; please advise in the case that you do assent to this motion.


Attachment: Motion for Rule 37 Enforcement, Preliminary Injunction, Leave to Amend, Referral to Law Enforcement Authorities


Regards,

Jeffrey Isaacs

**Jeanne Batchelder**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs <jeffrey.isaacs.wg03 @wharton.upenn.edu> |
| **Sent:** | Monday, August 12, 2013 10:52 AM |
| **To:** | Pierre Chabot |
| **Cc:** | Kathleen Peahl; Christopher J. Pyles; Edward Kaplan |
| **Subject:** | Re: Assent to pending motion |

Attorney Chabot,
I asked Atty Kaplan about a month ago about backup archives, and never received a response. About 18 months ago I filed a notice to JIm Yong Kim to preserve evidence under Rule 34. Frankly, I could file this motion as an ex parte TRO at this point as it refers to ongoing criminal activity.

Please understand that you were retained by your client months after the evidence was destroyed (it appears). I guess I would question, if I were you, how transparent your client has been with you, rather than attack me for seeking justice promptly.

 If you have any reasonable objection you could have mentioned it in the last 2 weeks, when I had informed you i would move to compel. Sureley none of the exhibits or facts I alleged are surprise to you, I have stated them all for more than a year .

Due to the urgency of data loss and need for prompt criminal investigation, I will proceed with filing today. I do not have electronic filing at this point, so it likely wont be entered until Thursday . In the unlikely event we resolve any of these issues - basically 2 year old issues at this point - we could do so before Thursday.

Regards,
Jeffrey

On Mon, Aug 12, 2013 at 10:43 AM, Pierre Chabot <pchabot@wadleighlaw.com> wrote:

Dr. Isaacs,


While we appreciate your attempt to "meet and confer" on the discovery issues that you claim exist, we must inform you that we simply cannot digest your proposed motion, speak to our clients about it, and make any intelligent suggestions about resolving or narrowing discovery issues without court involvement by the artificial deadline you have set.  If you file your motion at noon today, we will inform the judge that you have filed without engaging in the  mandatory "meet and confer" process that needs precede all discovery motions.  As you have acknowledged in your email, you intend to file approximately one-half of one business day after notifying us of the planned motion, which we received on Sunday afternoon.


Neither Kathy nor I are available this morning to go through your lengthy motion, and to identify those issues that involve (or which you claim involve) our client.  Even if we were, it would be unrealistic to expect us to have a meaningful conversation with our clients in that timeframe and to get back to you.

We will review your proposed motion in due course.  We will make every effort to have a response to the issues raised to you by close of business Friday, August 16, 2013.  Given an impending trial on my calendar, this is the soonest we will be able to get back to you, and we think this is a reasonable time in which to respond given the multitude of issues you seek to raise.

Thanks in advance for your consideration and courtesy.

-Pierre A. Chabot

Wadleigh, Starr & Peters, PLLC

95 Market Street

Manchester, NH 03101

*Respond by email only to this communication.  Thank you.*

**From:** jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] **On Behalf Of** Jeffrey D. Isaacs
**Sent:** Sunday, August 11, 2013 12:59 PM
**To:** Kathleen Peahl; Pierre Chabot; Chris Pyles; Edward Kaplan
**Subject:** Assent to pending motion

Dear Attys Peahl/Chabot:

Last week I asked Sulloway & Hollis for assent to the pending motion, but it appears I did not ask your firm. I will be filing at noon tomorrow; please advise in the case that you do assent to this motion.

Attachment: Motion for Rule 37 Enforcement, Preliminary Injunction, Leave to Amend, Referral to Law Enforcement Authorities

Regards,

Jeffrey Isaacs