Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | |
| Plaintiff, *pro se*, | Case No. CV-12-40-JL |
| -V- | |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; DOCTOR CHRISTINE FINN; MARY HITCHCOCK MEMORIAL HOSPITAL; TRUSTEES OF DARTMOUTH COLLEGE; and JOHN DOE, | **MOTION TO STRIKE DEFENDANTS JOINT MOTION FOR HEARING** |
| Defendants. | |

# MOTION TO STRIKE DEFENDANTS JOINT MOTION FOR HEARING

Pursuant to FRCP 12, the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Paragraph 3 of Defendants' Joint Motion improperly publishes the medical treatment and/or hospital admission of an individual who is not a party to this lawsuit. "EPIC" is the Dartmouth/DHMC electronic health record system. Referencing an individual's EPIC record reasonable denotes the existence of medical treatment and or hospitalization at DHMC, which is not allowable under HIPAA.

Plaintiff is unable to respond to the pleading, as his response to Paragraph 3 would further infringe on the HIPAA rights of the individual. Therefore, the pleading must be stricken from the record and removed from public access.

Furthermore, Plaintiff does not believe Defendants' pleading complies with FRCP 11. Each paragraph of their filing will be addressed briefly, and further evidence will be provided should Defendants re-file a redacted pleading:

Paragraph 1:   Defendants wrongly argue that 41 subjects for a 30(b)(6) deposition is somehow inappropriate or requires an *emergency hearing*. Plaintiff alleges that approximately thirty individuals at Dartmouth witnessed approximately twenty-four months of ongoing retaliation and harassment. Arbitrary complaints about "41 subjects" are simply not appropriate, and if the Defendants truly feel the deposition subjects are inappropriate, they must specify each inappropriate request in a Motion for Protective Order / Sanctions. It is worth noting Plaintiff did not even include Dr Donald West in the 41 subjects – his primary supervisor whom he worked daily form 9AM-5PM with. The 41 subjects are a sparse overview of a lengthy, two year retaliation.

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

Paragraph 2:   Plaintiff was unsure of Counsel Kaplan's right to be present at a deposition of Counsel Peahl's client. He asked Kaplan for a rule/case law on the matter, but Kaplan was unable to cite any. The matter was resolved within an hour or so, and does not require an *emergency* hearing.

Paragraph 3:   As asserted above, Plaintiff is unable to comment on this paragraph without infringing upon another individual's HIPAA rights.

Paragraph 4:   Plaintiff propounded an RFA on Defendant DHMC demanding responses from Marc Bertrand. Plaintiff left the certification/notary name blank at the end of the document, realizing that DHMC may appoint someone other than Bertrand to answer the document. Then, Plaintiff propounded the RFA on Defendant Trustees of Dartmouth (Exhibit A; there is an ongoing dispute as to whether Bertrand is an officer of the Trustees, or DHMC, or both), and clarified that the Trustees must answer (or Bertrand, at their discretion). Such a minor technical manner could be stipulated between the parties in a matter of minutes, and does not require an *emergency hearing*.

Paragraph 5:   An *emergency hearing* is not a venue to prohibit the plaintiff from Amending Bertrand and Kim to this lawsuit. Plaintiff recently learned of Bertrand's *prima facie* fraud with respect to his residency termination, and has a right to amend Bertrand should he choose to do so. Likewise, Plaintiff recently learned evidence was destroyed a day or two after his letter to Kim. Moreover, Kim negligently failed to investigate fraud by Bertrand, a Dean of Dartmouth. Plaintiff complained of Kim's inaction, and was terminated several days before Kim's World Bank nomination – perhaps the first Dartmouth termination ever to occur without a "Fair Hearing." (awaiting discovery data on the subject)

Paragraph 6: Plaintiff recently learned that Dartmouth is unwilling to honor the belated "Fair Hearing" contract offer they made to Plaintiff after terminating him. Plaintiff has a right to ask Dartmouth's current President to intervene. That Dartmouth counsel have executed two years of retaliatory violations over the span of *three* College presidents is not a sound reason to attempt to curtail Plaintiff's First Amendment and Due Process rights.

Paragraph 7: Plaintiff receives frequent ten page documents containing dozens of frivolous objections, implied threats, and unreasonable demands from four attorneys and their paralegals and legal assistants. They constantly bounce privilege claims back and forth that certain subjects are meant for the College, or the hospital, etc, even illogically arguing that a Dean of Dartmouth Med School has no students. Plaintiff has been asked to reschedule six depositions 3-4 times (twice scheduled with the Court); his emails are reasonable and if Opposing Counsel does not believe so, they must file a proper motion placing all communication in appropriate context.

No further Memorandum of Law is required, other than already incorporated invocation of FRCP 11 and 12.

The Defendants did not assent to this motion pertaining to their *emergency motion* in a manner timely enough to prevent improper publication of a third-party's hospital admission and/or medical treatment information.

# CERTIFICATE OF SERVICE

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing **MOTION TO STRIKE DEFENDANTS JOINT MOTION FOR HEARING** was delivered electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.

Executed on this 20th day of August, 2013.

/s/ J.D. Isaacs

J. D. ISAACS

Plaintiff, *pro se*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL