UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

*******************************************
| |
| Dr. J.D. Isaacs | * |
| | * |
| Plaintiff, | * |
| | * |
| -v- | *   Case No. 1:12-cv-00040-JL |
| | * |
| Dartmouth-Hitchcock Medical Center, | * |
| Mary Hitchcock Memorial Hospital, | * |
| Dr. Christine T. Finn, and the | * |
| Trustees of Dartmouth College, | * |
| | * |
| Defendants. | * |
| | * |
*******************************************

## MOTION FOR PROTECTIVE ORDER

NOW COMES the defendant, The Trustees of Dartmouth College (The College), by and through its attorneys, Wadleigh, Starr & Peters, P.L.L.C., and respectfully seeks a Protective Order quashing the deposition notice for its former President, Dr. Jim Yong Kim, and in support thereof states as follows:

1.      Plaintiff filed this lawsuit based on his dismissal from the Graduate Medical Education ("GME") program, a medical residency program that is administered by Dartmouth-Hitchcock Medical Center at Mary Hitchcock Memorial Hospital.  It is undisputed that plaintiff's employment relationship was with Mary Hitchcock Hospital, not with The College.  See Resident Agreement of Appointment, Doc. 21-3.

2. Plaintiff has served a deposition notice on Dartmouth College, for the deposition of its former President, Dr. Jim Yong Kim. He does so even though there is no evidence that Dr. Kim was involved in *Dartmouth-Hitchcock Medical Center's* decision to dismiss him from the GME program. Dr. Kim left Dartmouth College in July, 2012, to assume a position as president of the World Bank, in Washington, D.C.

3. Numerous courts have held that the deposition of an organization's senior officials who do not have personal, non-repetitive knowledge of the facts at issue in a lawsuit, merits a protective order. E.g. Salter v. Upjohn Corp., 593 F.2d 649 (5th Cir. 1979); Travelers Rental Co., Inc. v. Ford Motor Co., 116 F.R.P. 140 (D. Mass. 1987); State ex rel Ford Motor Co. v. Messina, 71 S.W.3d 602 (Mo. 2002).

4. Despite the broad scope of discovery afforded under Rule 26, "[w]hen a party seeks the deposition of a high-level executive (a so-called 'apex' deposition) the court may exercise its discretion under the federal rules to limit discovery.'" Dauth v. Convenience Retailers, LLC, No. C 13-047 MEJ, 2013 U.S. Dist. LEXIS 113532 at *2 (Aug. 12, 2013) (quoting Affinity Labs of Texas v. Apple, Inc., No. C 09-4436 CW, 2011 U.S. Dist. LEXIS 53649 (May 9, 2011)).

5. "Virtually every court that has addressed deposition notices directed at an official at the highest level, or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." Id. "For that reason, parties seeking to depose a high-ranking corporate officer must first establish that the executive (1) has unique, non-repetitive first-hand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." Id.

6. As laid out below, the College has offered plaintiff significant discovery by which he could uncover any role he claims Dr. Kim could have played in his dismissal short of deposing the former president of the College.

7. For example, the College has offered the depositions of its employees involved in the decisions regarding plaintiff's participation in and dismissal from the GME program, and is offering a designee to testify as to the institution's knowledge concerning plaintiff's claim, pursuant to Fed. R. Civ. Pro. 30(b)(6). Dr. Finn has volunteered to attend a deposition, and co-defendant DHMC has offered the depositions of other fact witnesses within its control.

8. Additionally, the College has provided a thorough document production, and the College and Dr. Finn have responded to plaintiff's interrogatories.

9. Despite all of the discovery produced to date, plaintiff can only speculate that Dr. Kim might have been involved in the decision, by a separate entity, to terminate his employment—he has not a scintilla of evidence to that effect.

10. The College respectfully seeks protection from plaintiff's deposition notice concerning Dr. Kim. Given the other discovery he has had or that is available to him, and the lack of any evidence of Dr. Kim's knowledge concerning the facts at issue in the lawsuit, it would impose an undue burden on the College to send its counsel to Washington, D.C., to prepare for and defend the deposition of Dr. Kim.[1]

11. The College will grant Dr. Isaacs whatever reasonable extension of fact discovery he needs to depose Dr. Kim should the other depositions he has noticed uncover any evidence that Dr. Kim played any role in plaintiff's dismissal.

---

[1] Even assuming that the College is in a position to compel Dr. Kim's cooperation, that is. Dr. Kim is a former employee and defendants do not believe that they can compel his attendance at a deposition. Dr. Kim's attendance based on the attached deposition notice would be purely voluntary on his part.

12. Simply put, plaintiff has no evidence that Kim played any role in the facts of this case and has refused to await the depositions offered by the College and its codefendants before re-examining whether he truly needs the deposition of Dr. Kim. A protective order would be appropriate to avoid undue burden and expense on the defendants under these circumstances.

13. The undersigned has sent numerous communications to plaintiff seeking to resolve this issue without Court involvement.

14. The undersigned has also communicated by email with plaintiff seeking his assent. Such assent was not granted.

15. No separate Memorandum of Law is being submitted herewith, as all the authority and argument necessary is contained herein.

WHEREFORE, defendants, Trustees of Dartmouth College, respectfully request that this Court:

A. Grant their Motion for Protective Order;

B. Quash plaintiff's deposition notice directed at The Trustees of Dartmouth College for the deposition of Dr. Kim; and

C. Grant such other and further relief as is just and proper.

Respectfully submitted,

**TRUSTEES OF DARTMOUTH COLLEGE, AND CHRISTINE T. FINN, M.D.**

**By their attorneys,**

WADLEIGH, STARR & PETERS, P.L.L.C.

Dated: August 26, 2013.   /s/ Pierre A. Chabot
Kathleen C. Peahl, Esq., No. 6880
Pierre A. Chabot, Esq., No. 17606
Wadleigh Starr & Peters, P.L.L.C.
95 Market Street, Manchester, NH 03101
(603) 669-4140
kpeahl@wadleighlaw.com
pchabot@wadleighlaw.com

    I hereby certify that on August 26, 2013, I electronically transmitted a copy of the foregoing document to the ECF registrants who are currently on the list to receive email notices for this case.

Pierre A. Chabot