Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | |
| Plaintiff, *pro se*, | Case No. CV-12-40-JL |
| -V- | |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; DOCTOR CHRISTINE FINN; MARY HITCHCOCK MEMORIAL HOSPITAL; TRUSTEES OF DARTMOUTH COLLEGE; | **MOTION FOR SANCTIONS ADDENDUM** |
| and JOHN DOE, | |
| Defendants. | |

# MOTION FOR SANCTIONS ADDENDUM

## I. NEWLY DISCOVERED FACTS RELEVANT TO MOTION

After Plaintiff filed a Motion for Sanctions, on 8/23/12 Counsel for DHMC responded to Plaintiff's 2nd Request for Production. Their response necessitates brief discussion in this addendum.

## II. DHMC POLICY PROVIDES EMAIL FOR DURATION OF EMPLOYMENT

On Page 10 of Exhibit A, DHMC email policy states that email accounts "will be deactivated upon termination of employment." Plaintiff's email account was deleted two months prior to his termination. He was not on formal administrative leave at the time of email deletion. As such, in determining the Motion for Sanctions, the Court may appropriately view the deletion of Plaintiff's email as an unusual event, rather than a 'failure of litigation hold' as Defendants claim.

## III. DHMC HAS A "NO BACKUP" EMAIL POLICY

On Page 10 of Exhibit A, DHMC email policy states that "deleted or expired messages are not backed up and will not be retrieved." In deciding this motion, the Court must take into consideration the egregiousness of deleting emails two days after a Rule 34 notice to Jim Yong Kim. Specifically, the Court must acknowledge that an abnormal instruction was issued to delete what is believed to be the only copy of Plaintiff's entire DHMC emails.

## IV. PROPOSED INJUNCTION SHOULD COMPEL PATIENT RECORDS AND PBX

In Exhibit A, Page 8, Defendants refuse to produce critical patient records for an alleged sexual assault. In light of Plaintiff's disappeared actigraph and DHMC outlook emails, Plaintiff reasonably believes these critical patient records are at risk for being spoliated. Plaintiff hereby requests that in deciding this motion, the Court compel production of these critical patient records for the 9 patients Plaintiff treated, including 2 prostate exams, on his four days of M2. Likewise, PBX long-distance records are being withheld that Plaintiff believes could represent the last remaining written evidence of fraud, and seeks production of those documents.

## V. NH RSA 151 DOES NOT APPLY

In Exhibit A, and previously for the "Isaacs" keyword search, Defendants have failed to produce documents under purported NH RSA 151 privilege. NH RSA 151 does not apply to a proceeding alleging repetitive malicious action and personal injury brought against a physician or hospital staff member. A six-month fraud, mental assault, and felonious sexual assault each, individually, would preclude any privilege under 151. Plaintiff seeks declaratory orders for this privilege, in preparation for the "Isaacs" keyword forensic audit.

Respectfully submitted, this 26th day of August, 2013.

/s/ J. D. Isaacs

J. D. ISAACS

3553 West Chester Pike Unit 177

Newtown Square, PA 19073

Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing **MOTION FOR SANCTIONS, ADDENDUM** was delivered electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.    Executed on this 26th day of August, 2013.

/s/ J.D. Isaacs

J. D. ISAACS

Plaintiff, *pro se*