UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| J.D. Isaacs,  *Plaintiff*,<br><br>v.<br><br>Dartmouth Hitchcock Medical Center, et al.<br>           *Defendants*. | §<br>§<br>§<br>§   Civil Action No. 1:12-cv-00040-JL<br>§<br>§<br>§ |

**OBJECTION OF DARTMOUTH HITCHCOCK MEDICAL CENTER AND
MARY HITCHCOCK MEMORIAL HOSPITAL, TO PLAINTIFF'S MOTION FOR
SANCTIONS AND PROPOSED INJUNCTIVE ORDER**

NOW COME Defendants Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH"), by counsel, and object to Plaintiff's Motion for Sanctions and Proposed Injunctive Order.  Respectfully, Defendants submit it is difficult to clearly discern the basis for Plaintiff's motion, particularly since Defendants are engaging in discovery in good faith and making all reasonable efforts to provide Plaintiff with information to which he is entitled.  Plaintiff has not complied with Local Rule 37.1, under which any discovery motion filed pursuant to Fed. R. Civ. P. 26 or 30-37 shall include a verbatim recitation of each discovery request and answer at issue, and has instead simply attached Defendants' responses to his first request for production of documents.

Defendants' discovery responses, with relevant sections set forth verbatim below, show that Defendants are making good-faith efforts to identify and respond to Plaintiff's discovery requests.  As those responses also show,

{012085-0628 C1077214.1 }

Defendants have asserted appropriate statutory protections relating to quality assurance materials, and they have identified an error that caused the deletion of Plaintiff's e-mail account.  They have also proposed a specific plan to remedy that error, under which they are collecting those e-mails from other personnel who were copied on them, and have notified Plaintiff that discoverable e-mails will be provided to him.  Ironically, Plaintiff refuses to produce copies of e-mails that have been requested from him in discovery, and also appears to seek sanctions against Defendants for requesting that information.

Defendants have tried to resolve the disputes.  For example, Defendants have offered to produce protected quality assurance information if Plaintiff executes a confidentiality agreement; he has refused.  Defendants have explained that they are gathering the requested e-mails and will produce them; Plaintiff refuses to wait for a reasonable amount of time.  In short, Plaintiff has rejected practical solutions in favor of filing a motion for sanctions that is without merit under the facts or law.  That motion should be denied, and DHMC and MHMH further state as follows:

1. Plaintiff's claims are not support by any facts.  Instead, his motion contains a host of conclusory statements and unsupported allegations.  For example, he asserts that Defendants should be sanctioned for "willful resistance to Rule 37 discovery orders" – but the Court has not issued any Rule 37 discovery orders.  He alleges that Defendants intentionally destroyed evidence – but does not produce any factual support for that claim.  He states

that his motion "describes a prima facie case of fraud" or "a growing cover-up" - but those sweeping statements are not supported by even a scintilla of evidence. The Court may ignore bald assertions, unsupported conclusions and mere speculation. *Serapion v. Martinez, 119 F.3d 982, 987 (1st Cir. 1997); Scott v. Harris, 550 U.S. 372, 380 (2007).*

2. Defendants have previously admitted that Plaintiff's e-mail account was mistakenly deleted. Although Plaintiff does not mention it in his motion, Defendants also initiated a plan to recapture those communications. Under that plan, relevant communications are being obtained from the other people who sent, received or were copied on those e-mails.

3. For the Court's ease of reference on this issue, Defendants provide the Plaintiff's Requests for Production at #7 and #15, with responses, below (emphasis added):

> 7. Please identify and produce all emails in any email archives containing the terms "Dr. Isaacs" and/or "Isaacs" and/or "Jeffrey Isaacs" and/or "Jeff Isaacs" and/or any other name used to refer to the Plaintiff.
>
> <u>RESPONSE:</u>
> Defendants object to this request as it is overly broad and burdensome and not limited in time or in scope. Additionally, Defendants object to the production of quality assurance emails which may be responsive to this request, as said privileged documents are protected from disclosure by New Hampshire RSA 151:13(a) and 329:29(a). Defendants also object to producing documents which may be responsive to this request which were prepared after January 13, 2012, as those attorney client and/or work product documents were prepared in anticipation of litigation and are also privileged. <u>Without waiving said objections, defendants are reviewing email databases, and upon execution of an agreed-to Confidentiality Agreement, will produce documents which they are able to locate which are responsive to this request</u>.

> 15. Please identify and produce any and all of Plaintiff's email records.
>
> **RESPONSE:**
> The requested records are no longer available. By way of explanation, upon information and belief, a litigation hold request was submitted to Defendants' information technology department on or about January 17, 2012 requesting the preservation of plaintiff's email records. Defendants understood that said litigation hold was in place; however, when gathering the email records in order to prepare responses to plaintiff's request for production of documents, defendants first learned that the litigation hold had not actually been timely implemented. Accordingly, Dr. Isaacs' Hitchcock.org email account was not preserved. By way of further response, please see responses to Request Nos. 7 and 12 which will include emails sent to and from plaintiff which are still in defendants' possession, custody and control. <u>Defendants believe they will be able to produce the vast majority of emails exchanged among plaintiff and those individuals who evaluated, supervised or participated in decisions concerning his brief residency</u>.

4. In other words, Defendants have forthrightly admitted to an error regarding e-mail retention and are diligently working to cure it by collecting the information from other sources. They have also made it clear that they will produce discoverable information. Further, they have agreed to produce "QA" materials protected from disclosure by statute if a confidentiality agreement is executed. Plaintiff refuses to enter into such an agreement, or wait a reasonable time while e-mail records are collected.

5. The Plaintiff also appears to seek sanctions because Defendants seek relevant information from him in discovery. For example, in his motion for sanctions, at Section V, he argues that there is no basis for Defendants to ask Plaintiff for his prior communications incorporating e-mail tracking. He does not claim such information is privileged for protected in any way, and his communications with Defendants and others are clearly relevant, or otherwise reasonably calculated to lead to the discovery of admissible evidence. Defendants have not yet moved to compel this information, but they are

clearly entitled to discover what e-mails, communications, and other materials Plaintiff has relating to his claims, and how he used tracking. Asking him to produce that information, or produce information to which he objects to in Section VII, such as medical records and tax returns, is clearly related to the subjects that Plaintiff has put at issue by filing this civil action. Asking for such discoverable information is not a basis for sanctions.

6. Plaintiff's memorandum of law is equally unavailing as a basis for relief. In addition to the factual deficiencies outlined above, Plaintiff does not establish that he has suffered any kind of prejudice. Indeed, he does not even establish the same type of conduct is at issue in this case as in the cases he cites. Here, there is a bona fide dispute over the application of statutory protections applying to production, and Defendants have offered a practical solution that should resolve the issue; they have also initiated a plan to provide Plaintiff with the discoverable e-mails he seeks. In contrast, Plaintiff's cited legal authority involves very different situations. For example, in *Barrette Outdoor Living, Inc. v. Michigan Resin Representative, 2013 U.S.Dist LEXIS 107953 (E.D. Mich 2013)*, the court sanctioned a party after they deleted 270,000 e-mails in response to the moving party's motion to compel those records. In *EEOC v. Fry's Elecs. Inc., 298 F.R.D. 655, 2012 U.S.Dist LEXIS 80677 (W.D. Wash 2012)*, a party was sanctioned after a 30(b)(6) deposition revealed that it had misrepresented the existence of an investigation. The common themes in those cases are the existence of evidence showing intentional, bad faith conduct – often in violation of a court order – and demonstrable prejudice

because evidence is gone forever. This case is very different, and neither of those elements are present. Defendants have conducted discovery in good faith, offered available but protected information contingent upon the execution of a confidentiality agreement, and are working in good-faith to produce e-mails from other sources after an error in implementing a litigation hold. Far from ignoring any Court order, Defendants are affirmatively seeking to produce information and are also seeking help from the Court regarding discovery (although Plaintiff opposes that request). Moreover, there is no prejudice to Plaintiff because he will have discoverable e-mails after they are collected.

7.  Plaintiff's motion for sanctions is simply further evidence showing why the scheduling conference requested by all Defendants is necessary. Although Defendants have attempted to resolve discovery issues, Plaintiff has rejected solutions and seeks to sanction them for utilizing appropriate responses. In Section VII of his motion, for example, he complains that Defendants assert privileges, which is of course a legitimate and appropriate practice. Later, he argues that Defendants are unfairly delaying discovery by taking one to three weeks to respond to his requests, when the Federal Rules allow 30 days for responses. In many respects, he appears to almost willfully ignore the efforts being made to respond to discovery. These types of arguments reveal a basic misunderstanding of the discovery process, and that misunderstanding has slowed discovery to the point where a court conference is needed to address the discovery issues.

8.      Defendants respectfully submit that there is not any basis for an award of sanctions. Instead, Plaintiff's motion again shows the need for a discovery and scheduling conference as all of the Defendants have requested.

WHEREFORE, for the reasons set forth above, Defendants respectfully request that the Plaintiff's Motion for Sanctions and Injunctive Relief be denied, that the Court schedule a status conference as soon as possible, and that Defendants be awarded such other relief as appropriate.

                              Respectfully submitted,

                              **DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL**

                              By Their Attorneys,
                              SULLOWAY & HOLLIS, P.L.L.C.

Dated: September 3, 2013    By:   /s/ Christopher J. Pyles
                                  Edward M. Kaplan (#1307)
                                  Christopher J. Pyles, Esq. (#15165)
                                  Sulloway & Hollis, P.L.L.C.
                                  9 Capitol Street
                                  Concord, NH 03301
                                  (603)223-2863

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101


Dated: September 3, 2013        By:    /s/ Christopher J. Pyles
                                       Christopher J. Pyles

{012085-0628 C1077214.1 }