UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| J.D. Isaacs,           *Plaintiff*,<br><br>v.<br><br>Dartmouth Hitchcock Medical Center, et al.           *Defendants*. | § § § § § § § § | Civil Action No. 1:12-cv-00040-JL |
|---|---|---|

**OBJECTION OF DARTMOUTH HITCHCOCK MEDICAL CENTER AND
MARY HITCHCOCK MEMORIAL HOSPITAL, TO PLAINTIFF'S MOTION TO STRIKE
REQUEST FOR EMERGENCY SCHEDULING CONFERENCE**

NOW COME Defendants Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH") and object to Plaintiff's Motion to Strike the Defendants' Joint Motion for an Emergency Scheduling Conference, stating as follows:

1. Defendants filed a Joint Motion for Emergency Scheduling Conference on August 15, after a host of discovery disputes and problems with the pro se Plaintiff.  As set forth in that motion, Plaintiff has filed overly-broad demands for 30(b)(6) depositions, sought to mandate who Defendants must produce for those depositions, directed written discovery to the wrong parties and non-parties, indicated an intent to add additional parties (who were previously dismissed from this case), and has inundated Defendants with e-mails making additional demands and setting forth various arguments.  Many of those e-mails contained threats of sanctions, placed unreasonable deadlines for a response, and contained statements that Defendants' objections "shall be

deemed waived" unless Defendants comply with Plaintiff's demands.  Since the filing of the Joint Motion for an Emergency Scheduling Conference, these problems have continued, with additional issues arising over Plaintiff's scheduling of depositions and filing meritless motions.

2.   As a matter of fundamental fairness and economic efficiency, Defendants need help from the Court so discovery can proceed in an orderly and productive manner.  Despite good-faith efforts to address these issues with Plaintiff, the problems remain and continue.

3.   An emergency hearing is an appropriate vehicle to expeditiously address these issues globally.  Holding the hearing in the immediate future is also a reasonable request, since Plaintiff continues to notice depositions and demand improper discovery; given the threats of sanctions and flood of e-mails, Defendants need help from the Court to address these issues now. Plaintiff has already filed a Motion for Sanctions and Injunctive Relief relating to some of these same disputes.  Ironically, although Plaintiff moves to strike the Defendants' Joint Motion for an Emergency Scheduling Conference, in his Motion for Sanctions, at page 13, Plaintiff writes that "the Court will need to intervene at some point soon."

4.   There is no legal basis to strike the Defendants' joint motion, and there is abundant justification for immediately scheduling a conference to address these issues so the case can move forward.

WHEREFORE, as set forth in the Defendants' Joint Motion and above, DHMC and MHMH respectfully request that the Court deny the Plaintiff's Motion

{012085-0628 C1077207.1 }

to Strike, schedule a hearing to address the discovery issues as soon as possible, and grant such other and further relief as the Court deems just.

Respectfully submitted,

                                                      DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL

                                                     By Their Attorneys,
                                                     SULLOWAY & HOLLIS, P.L.L.C.

Dated: September 3, 2013      By:    /s/ Christopher J. Pyles
                                                     Edward M. Kaplan (#1307)
                                                     Christopher J. Pyles, Esq. (#15165)
                                                     Sulloway & Hollis, P.L.L.C.
                                                     9 Capitol Street
                                                     Concord, NH 03301
                                                     (603)223-2863

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Dated: September 3, 2013      By:    /s/ Christopher J. Pyles
                                                     Christopher J. Pyles