UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

*******************************************
Dr. J.D. Isaacs                          *
                                         *
   Plaintiff,                            *
                                         *
      -v-                                *     Case No. 1:12-cv-00040-JL
                                         *
Dartmouth-Hitchcock Medical Center,      *
Mary Hitchcock Memorial Hospital,        *
Dr. Christine T. Finn, and the           *
Trustees of Dartmouth College,           *
                                         *
   Defendants.                           *
                                         *
*******************************************

### OBJECTION TO PLAINTIFF'S MOTIONS FOR SANCTIONS AND PROPOSED INJUNCTIVE ORDER

NOW COMES the defendants, The Trustees of Dartmouth College (The College) and Dr. Christine Finn, by and through their attorneys, Wadleigh, Starr & Peters, P.L.L.C., and respectfully object to Plaintiff's identical Motions for Sanctions and Proposed Injunctive Order (Documents 70 and 71), and in support thereof state as follows:

1. Plaintiff has filed two identical motions (Docs. 70 and 71) asking this Court to issue sanctions related to alleged discovery discrepancies and seeking an injunctive order compelling a forensic search of email accounts and a referral to law enforcement authorities.

2. Although it is difficult to discern from plaintiff's motions, it would appear that plaintiff's chief complaint is that certain medical records, his DHMC email, an audit trail, and other items were not preserved or produced to his satisfaction.

3. Other than a reference to Dr. Finn's involvement in the decision to terminate plaintiff from the medical residency program and a glancing reference to the College's position that Dr. Isaacs was an employee of Dartmouth Hitchcock Medical Center and not a student of the College, plaintiff's motions raise no issue with respect to the College's or Dr. Finn's conduct in discovery to date.

4. Plaintiff has provided the Court no discovery request that he claims has improperly gone unanswered by the College or Dr. Finn, as required by Local Rule 37.1.

5. The College and Dr. Finn have preserved and searched the College-owned email accounts of all of its employees who have had any meaningful role in supervising plaintiff's work in the Residency Program at Dartmouth Hitchcock Medical Center, as plaintiff has been informed on more than one occasion. Only two responsive, non-privileged emails[1] have been found using either of the search terms that plaintiff has ever suggested ("Isaacs" or "Baughman"). Responsive emails were turned over to plaintiff some months ago.

6. All discovery requests have been answered or objected to properly and in a timely fashion by the College and/or Dr. Finn and plaintiff fails to identify a single request to which a response has been improperly withheld. Despite plaintiff's request for a "<u>sua sponte</u>" order to produce all "relevant evidence/correspondence" relating to this litigation, there is simply no substantive allegation raised against Dr. Finn or the College in plaintiff's motions that would warrant such an order.

WHEREFORE, for the reasons herein stated, defendants respectfully request that this Honorable Court:

A. Deny plaintiff's Motions for Sanctions and Proposed Injunctive Order as to the Trustees of Dartmouth College and Dr. Christine Finn; and

---

[1] In this context "responsive" means only that the emails disclosed actually mentioned the plaintiff.

2

B. Grant such other relief as is just and equitable.

Respectfully submitted,

**TRUSTEES OF DARTMOUTH COLLEGE AND CHRISTINE T. FINN, M.D.**

**By their attorneys,**

WADLEIGH, STARR & PETERS, P.L.L.C.

Dated:  September 3, 2013.          /s/ Kathleen C. Peahl
Kathleen C. Peahl, Esq., No. 6880
Wadleigh, Starr & Peters, P.L.L.C.
95 Market Street, Manchester, NH 03101
(603) 669-4140
kpeahl@wadleighlaw.com

Certificate of Service

I hereby certify that on September 3, 2013, I electronically transmitted a copy of the foregoing document to the ECF registrants who are currently on the list to receive email notices for this case.

/s/ Kathleen C. Peahl
Kathleen C. Peahl