Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS ) | |
| ) | |
| Plaintiff, *pro se*, ) | Case No. CV-12-40-JL |
| ) | |
| -V- ) | |
| ) | **OPPOSITION TO MOTION** |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; ) | **FOR PROTECTIVE ORDER** |
| DOCTOR CHRISTINE FINN; ) | **RE RIBLET & FRIEDMAN** |
| MARY HITCHCOCK MEMORIAL HOSPITAL; ) | |
| TRUSTEES OF DARTMOUTH COLLEGE; ) | |
| ) | |
| and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

## OPPOSITION TO PROTECTIVE ORDER RE RIBLET & FRIEDMAN

Defendants have filed a protective order for the depositions of Dr Riblet and Dr Friedman, on the grounds that they, and their patients, are oppressed or harassed to drive from Lebanon to Concord for a one hour deposition. Pursuant to Local Rule 37.1, Plaintiff attaches the original Deposition Notice which seeks to depose Friedman concerning fraud and felonious sexual assault of a patient (Exhibit A, Deposition Subject D), and therefore Plaintiff believes that he noticed an appropriate neutral venue for the depositions at the United States District Courthouse conference room.

1. Defendants have argued in a separate Motion for Emergency Hearing that Plaintiff has made numerous mistakes during the discovery process. On the other hand, Plaintiff has asserted that Defendants are illegally resisting discovery through evidence spoliation and frivolous objection to production of critical documents. Holding depositions at the Court will bring a semblance of order to the discovery process, and may very well reduce the need for repeat depositions that would ultimately require witnesses to spend even more time away from patient care.

2. In light of these mutual allegations of discovery violations, the Court may reasonably anticipate that it will be asked to rule on deposition subject matter objections. The courthouse is the best venue to hold the deposition, as both parties are likely to seek assistance from the Court during the deposition process and such assistance may be expedited by deposition on the Court premises.

3. Defendants claim that the "depositions were not coordinated or noticed by agreement." While true, in part, this statement omits the fact that Plaintiff spent six weeks unsuccessfully attempting to coordinate the depositions. Five months into discovery, Plaintiff has been unable to complete a single deposition or obtain a single email requested for production. The depositions were scheduled for one hour each because

1  Plaintiff was unable to coordinate sufficient availability from opposing counsel(at two
2  different law firms). As the Court decides this motion and decides on the appropriate
3  venue and timing, Plaintiff respectfully requests each deposition be scheduled as a five
4  hour deposition rather than the one hour previously noticed.

6  4.  The venue for depositions has relevance to other matters already raised in the
7  Complaint. Plaintiff was told he appeared 'frozen' and/or on the verge of 'nervous
8  breakdown' numerous times throughout his employment at DHMC. During his M2
9  rotation, Dr Guez stated "your thoughts seem blocked ... if it's medical, that's sad."
10 Plaintiff, after six months of alleged abuse, was diagnosed with frontal brain impairment,
11 and this lawsuit's accurate discovery process is critical to ascertain what role Defendants
12 had in Plaintiff's worsened impairment. Plaintiff feels it is inappropriate to be required to
13 be placed in a small, unsecured room with up to ten individuals who he alleges assaulted
14 him – or helped illegally cover it up. It is reasonable to assert that if Plaintiff had difficulty
15 speaking in front of the Defendants at DHMC, the same might occur in an unsecured hotel
16 room in Lebanon.

18 5. The venue issue goes back at least a year, when Plaintiff noticed Dean Bertrand in July
19 2012 that videoconferencing would be an appropriate venue for his "Fair Hearing," since
20 Plaintiff does not feel physically safe nor is he able to concentrate at all around
21 Defendants (above Paragraph and Exhibit B). Bertrand denied videoconferencing (Exhibit
22 B – "hearing will be held at DHMC"), and thus, Plaintiff has been deprived a Fair Hearing
23 as of today's filing.

25 6.  Two weeks before filing this motion, Opposing Counsel emailed Plaintiff seeking to
26 conduct Riblet and Friedman's deposition by videoconference. Plaintiff replied asking
27 whether or not Opposing Counsel would allow Plaintiff's own deposition to occur by
28

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

video conference, and moreover, his 18-month late Fair Hearing. Opposing Counsel never replied, and instead, filed this Motion for Protective Order.

7. On August 26th (Exhibit C - unreasonable for 30(b)(6) designee Alan Green to travel 120 miles from "important educational and clinical duties"), Opposing Counsel emailed Plaintiff claiming that a deposition of Dr Alan Green in Concord harms patient care by causing unnecessary travel. Dr Green's wife is a federal litigator in Boston, and they live together (as far as Plaintiff remembers) near Concord. Put simply, Defendants' purported reasons for opposing these depositions are not entirely honest. Opposing Counsel appears to want to maintain better control of witnesses in a hotel room in Lebanon, with an intimidated and inexperienced Plaintiff. Plaintiff has informed Opposing Counsel numerous times he will not attend in any non-secure private hotel room because he does not feel safe in a room with ten individuals, some of whom probably committed felony crimes against the Plaintiff. Plaintiff will feel safe at the Courthouse and believes he will have better concentration than he would have at an unsecured hotel room in Lebanon.

For all the above reasons, Plaintiff requests the Court determine that the Concord courthouse is a reasonably neutral venue for depositions, and order Defendants to provide ample scheduling possibilities for the ten 7-hour depositions permitted under the Rule 26 agreement.

Respectfully submitted, this 9th day of September, 2013.

/s/ J. D. Isaacs

J. D. ISAACS

3553 West Chester Pike Unit 177

Newtown Square, PA 19073

Plaintiff, *pro se*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

## CERTIFICATE OF SERVICE

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing **OPPOSITION TO PROTECTIVE ORDER** was delivered electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.   Executed on this 9th day of September, 2013.

/s/ J.D. Isaacs

J. D. ISAACS

Plaintiff, *pro se*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL