Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | ) |
| Plaintiff, *pro se*, | ) Case No. CV-12-40-JL |
| -V- | ) |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; DOCTOR CHRISTINE FINN; MARY HITCHCOCK MEMORIAL HOSPITAL; TRUSTEES OF DARTMOUTH COLLEGE; and JOHN DOE, Defendants. | ) **MOTION FOR PROTECTIVE ORDER** |

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

## MOTION FOR PROTECTIVE ORDER

Plaintiff hereby seeks a protective order concerning two depositions noticed by Defendants DHMC/MHMH on September 18th and September 24th (Exhibit A). The day Plaintiff resumed *pro se* status, he voluntarily requested scheduling of these depositions with Opposing Counsel (Exhibit B), but in light of pending discovery disputes, requests this protective order. Currently pending are five separate motions concerning discovery venue and evidence nonproduction / spoliation. Plaintiff seeks to defer the two depositions DHMC/MHMH noticed upon him, until relevant matters are adjudicated.

Plaintiff's emails are required to support his deposition

More than a year ago, Plaintiff noticed Defendants that he would like his Dartmouth email account not to be deleted, as they would support his claims of six-month fraud and abuse. The emails were apparently destroyed several days later. Plaintiff would like to refer to these emails during his deposition, or at the very least, refresh his memory before being deposed. Currently a motion for sanctions is underway seeking forensic recovery of Plaintiff's emails. Defendants claimed, three months ago, that they would "attempt to reconstruct" his emails (which Plaintiff argues should be done by a reputable e-forensics firm), but even these 'reconstructed' emails have not even been produced yet.

Patient records are required to support Plaintiff's deposition

Plaintiff propounded a straightforward discovery request upon DHMC seeking patient records for what he believes were two unnecessary prostate exams he was ordered to conduct during his first 2-3 days at work – probably representing felonious sexual assault. Plaintiff would like to speak with specificity and knowledge about these patients during his deposition, but Defendants have refused to produce even the most basic patient records. Plaintiff seeks an order from the Court ordering production of

these documents prior to his deposition, to avoid an unnecessary third deposition of Plaintiff.

<u>Plaintiff's DHMC Quality Assurance file has not even been produced</u>

Plaintiff propounded a straightforward discovery request upon DHMC seeking his QA file, which he would like to review before being deposed. Defendants claim various privileges under NH RSA and hence failed to produce the QA file. They have sought a five-page 'hush' order, offering to turn over the QA file in exchange for waiving First Amendment rights to the entire lawsuit. Again, Plaintiff seeks to defer the two scheduled depositions to avoid repeating the depositions due to withheld evidence.

<u>Venue for deposition of witnesses is currently the subject of two pending motions</u>

Defendants have argued to Plaintiff that their depositions should be conducted via telephone, videoconference, or near their residence/place of work. Plaintiff has argued that, due to the nature of this litigation, all depositions should occur at the Courthouse. Pending determination of venue, Plaintiff seeks a stay on his two depositions so that equal standards for venue and format are applied to all parties.

<u>Two 5.5 Hour Depositions Violates ADA Requirements</u>

Plaintiff informed Opposing Counsel that due to his medical condition , including cognitive impairment, pulmonary / sleep abnormalities, and cardiac arrhythmias,  the maximum deposition time should be 4.5 – 5 hours(which will still be difficult for Plaintiff). Seven hours were allowed under the original Rule 26 conference. In response, Defendants noticed a total of eleven hours, separated by an entire week, which is not a reasonable accommodation for what was originally supposed to be one 7 hour deposition in one day. Plaintiff asserts that a reasonable accommodation would be a total of 7 hours, preferably on two continuous workdays, so as to avoid two 800 mile roundtrips to New Hampshire or one week of hotel fees.

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

<u>Defendants (& Counsel) Intent is to Harass Plaintiff and Stonewall Litigation</u>

As stated above, Plaintiff requested ADA accommodation limiting the 7 hour deposition to a 4 and 3 hour session (Exhibit C). Attorney Kaplan replied with a deposition notice for two 5.5 hour depositions, a week apart, costing plaintiff an extra $1000 in unnecessary travel expenses.

Defendants' counsel, which includes the President of the Federation of Defense and Corporate Counsel, appear to be leveraging their expertise in federal litigation to harass the Plaintiff. Given their stature as accomplished attorneys, they should know better than to exploit unethical opportunities. They object to their client travelling 45 minutes to attend a 1 hour deposition at the Courthouse (or in the case of Alan Green, who lives near Concord, having to travel to Concord), but on the other hand, they order a disabled Plaintiff to travel 1600 miles total and extend his deposition by three hours, without even asking permission.

Plaintiff submits that nearly every email or reasonable request he issued pertaining to this lawsuit is met with multiple, lengthy, burdensome, and or harassing responses from two legal teams, constantly violating Rule 11, among other laws. The Plaintiff would like the Court to look into the Opposing Counsel's actions, even if it means denying Attorney-Client privilege.

For all the above reasons, Plaintiff requests the Court issue a protective order for the two depositions noticed by DHMC/MHMH, and for any pending depositions Dartmouth College propounds upon Plaintiff, pending resolution of the above matters.

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

1   Fed. R. Civ. P. 26(c)(1)(B) provides that the party from whom discovery is sought may
2   move for a protective order, and seek an order from the Court specifying the time and
3   place for discovery, in order to protect them from annoyance, oppression, or undue burden
4   or expense. No other memorandum of law is provided, as the pending motions and FRCP
5   26 should suffice to allow the Court to decide this motion.

7   **Plaintiff has been unable to seek assent of Defendants, because they have stopped**
8   **replying to Plaintiff's litigation correspondence**. Over the past few weeks, Plaintiff
9   emailed Opposing Counsel (two law firms) FIVE times to determine whether or not they
10  represent Dr Simon Khagi, the doctor who ordered Plaintiff to conduct two unnecessary
11  prostate exams.  Opposing counsel simply stopped responding, yet complain about
12  Plaintiff's multiple emails, which are only necessary because Defendants do not follow
13  the Federal Rules of Civil Proceedure, harass Plaintiff at every opportunity, delete entire
14  email accounts, and submit perjured RFA (deemed admitted)/interrogatory responses
15  which, tellingly, they do not even execute with a signature.

17  Respectfully submitted, this 9th day of September, 2013.

19              /s/ J. D. Isaacs
20              J. D. ISAACS
21              3553 West Chester Pike Unit 177
22              Newtown Square, PA 19073
23              Plaintiff, *pro se*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

**CERTIFICATE OF SERVICE**

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing **MOTION FOR PROTECTIVE ORDER** was delivered electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.   Executed on this 9th day of September, 2013.

　　　　　　　　　　　　　　　　　　/s/ J.D. Isaacs
　　　　　　　　　　　　　　　　　　J. D. ISAACS
　　　　　　　　　　　　　　　　Plaintiff, *pro se*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL