Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS ) | |
| ) | |
| Plaintiff, *pro se*, ) | Case No. CV-12-40-JL |
| ) | |
| -V- ) | |
| ) | **MOTION FOR SANCTIONS** |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; ) | **REPLY** |
| DOCTOR CHRISTINE FINN; ) | |
| MARY HITCHCOCK MEMORIAL HOSPITAL; ) | |
| TRUSTEES OF DARTMOUTH COLLEGE; ) | |
| ) | |
| and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

## MOTION FOR SANCTIONS REPLY

The Objections filed simply do not address the blatant destruction of Plaintiff's entire DHMC Outlook email account. The emails, containing evidence of fraud and abuse, were deleted two months prior to plaintiff's termination, in violation of DHMC's own email policy. Attorney Pyles argues that "Plaintiff's claims are not support[sic] by any facts," but he is starkly wrong. *Zubulake* is clear that even accidentally destroyed emails, which Defendants falsely admit, may be sanctioned if the emails were relevant. Plaintiff puts forth evidence – DHMC's own email policy, and a Rule 34 request emailed to Jim Yong Kim – that are *ample evidentiary support* to suggest that Dartmouth willfully deleted Plaintiffs emails.

Pyles' objection avoids defending any of Plaintiff's allegations on the merits. Instead, Pyles claims "sweeping statements not supported by even a scintilla of evidence" "bald allegations" and "mere speculation". To that extent, the Court must consider that Defendants waived their right to defend the Motion. Defendants, in fact, provided "not a scintilla of evidence" concerning how Plaintiff's emails were "mistakenly" deleted. No affidavits from IT. No affidavits from anyone. Mere pleading from Attorney Christohper Pyles that a *pro se* Plaintiff doesn't deserve to be taken seriously. Plaintiff's supporting memorandum of law lists countless cases where parties were sanctioned for far less egregious actions than what Dartmouth did – willfully deleting email concerning fraud and abuse. If he must, Plaintiff will file a new civil action for obstruction of justice, and let a jury interpret the facts of whether, in 2013, an entire academic medical center's email account can simply vanish, two months before an employee is terminated.

In fact, Plaintiff believes Opposing Counsel avoided defending the motion with any affidavits/evidence so as to avoid further perjury charges. Plaintiff will hereby clarify the few issues Attorney Pyles & Peahl did address:

Defendants feign ignorance of violating a Rule 34 Request

Attorney Pyles argues that there was no "willful resistance to Rule 37 discovery orders." Plaintiff's motion did have a typo, and this should have read "willful resistance to Rule 34 discovery orders." Pyles is aware of this and chose not to address the Rule 34 email notice, which Plaintiff attached as Exhibit 7 (email sent to Jim Yong Kim seeking Rule 34 evidence preservation). This matter has been addressed perhaps a dozen times in the various pleadings in this lawsuit, and one single typographical error, transposing Rule 34 with Rule 37, is being exploited by the Defense. To be absolutely clear: Plaintiff emailed Jim Yong Kim on 1/15/12 requesting a litigation hold of his emails (and ethics investigation), and several days later (two months before DHMC policy allows), Plaintiff's entire email account disappeared. There is no plausible argument – or jury – that would determine this was an accident. Even if it were an accident, for hypothetical argument, it would still be sanctionable under *Zubulake*.

Defendants "plan to recapture" Plaintiff's emails is unacceptable

Defendants complain that Plaintiff has been impatient as they attempt to "recapture" his emails. Some two years into this matter, and two months before the end of discovery, Plaintiff could hardly be described as impatient for not receiving a *single* email with the term "Isaacs." Defendants cannot be trusted to "recapture" emails, and the case law Plaintiff already submitted gives the Court ample authority to order an outside forensic e-discovery firm to manage this process. Moreover, as DHMC's own email policy states, emails are not backed up or archived. It is unclear how Dartmouth can be sure it will be able to "recapture" ALL of Plaintiff's emails. Again, they have not provided a scintilla of evidentiary support, affidavits, etc explaining what happened to Plaintiff's emails, and how they *might* be recoverable or recaptured. Plaintiff asserts Defendants cannot file any affidavits without effectively admitting to sanctionable (if not felonious) activity.

<u>Plaintiff intended to comply and did comply with local rule 37.1</u>

Attorney Pyles complains that Plaintiff did not comply with rule 37.1. Indeed, Plaintiff attached the entire relevant discovery request as Exhibit A. Because the Motion addresses several matters disbursed throughout the document, Plaintiff asserts he reasonably complied (or at least intended to) with Local Rule 37.1

<u>Plaintiff's memorandum of law is relevant and correct</u>

Despite DHMC's statement to the contrary, Plaintiff supported this Motion with ample case law to give the Court authority to issue the proposed injunction. DHMC did not elaborate on its empty assertion that Plaintiff's emails were not intentionally destroyed, nor that they are irretrievable lost. Plaintiff alerted defendants (through Jim Yong Kim) of their duty to preserve the emails. The emails were relevant. Under *Zubulake*, and other authority/case law Plaintiff presented, there are strong grounds to sanction Dartmouth.

<u>Dartmouth College falsely argues they were not involved</u>

Attorney Peahl's objection is, basically, that DHMC emails are the subject of this motion. Plaintiff agrees that his email account was based at DHMC. However, it appears instructions to delete the emails came from either Jim Yong Kim, Dean Bertrand, or Defendant Finn. Pending investigation of these matters in discovery, Dartmouth College cannot demand immunity to sanctions - they operate the residency program that Plaintiff enrolled in, and they employ the individuals who appear to have committed fraud.

<u>Defendants have, for more than a year, feigned ignorance to *prima facie* fraud; the destroyed emails are critical evidence to support Plaintiff's claims.</u>

Attorney Peahl sent a Rule 11 threat to Plaintiff's former attorneys Jake Skinner and Keith Mathews (Exhibit A). In this letter, they told Skinner and Mathews that they would move for Rule 11 sanctions if Skinner/Mathews did not remove the fraud claim from Plaintiff's complaint. In fact, at the time Peahl was in possession of Plaintiff's NH Board

Application, which is almost a *res ipsa loquitor* establishment that Bertrand committed fraud. When an attorney so egregiously threatens Rule 11 sanctions, the Court may appropriately sanction the offending attorney.

<u>After Plaintiff filed this Motion, Defendants deemed an RFA admitted by not signing it within thirty days of service</u>

Attached Exhibit B is an improperly submitted RFA, which shall be deemed admitted. Relevant admissions for this motion are as follows:

    **RFA 17.**    Isaacs DHMC Outlook email account was terminated at least 1 month prior to his dismissal

    **RFA 21.** During Isaacs' first week of residency at Dartmouth, Isaacs was effectively hazed and or punished, including but not limited to being ordered to conduct inappropriate rectal examination on an elderly patient with terminal metastatic cancer.

    **RFA 38.**  [Dean Bertrand] conveyed a termination letter containing material omission or fraud to the NH Board of Medicine.

In sum, Dartmouth has admitted to deleting the email account 1 month before termination. They have admitted to hazing and punishing Plaintiff , and they have admitted Dean Bertrand committed fraud. In light of these admissions, there can be no doubt that deleting Plaintiff's emails constituted obstruction of process – and the cover-up that Attorney Pyles feigns ignorance to.

Defendants have basically let Plaintiff's Motion go unanswered. It pertains to the serious loss of Plaintiff's career and health, and the suspicious deletion of critical supporting evidence. Plaintiff seeks full and unrestrained enforcement of all applicable laws, with respect to Defendants willful violations.

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

Respectfully submitted, this 9th day of September, 2013.

/s/ J. D. Isaacs

J. D. ISAACS

3553 West Chester Pike Unit 177

Newtown Square, PA 19073

Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing **MOTION FOR SANCTIONS REPLY** was delivered electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.   Executed on this 9th day of September, 2013.

/s/ J.D. Isaacs

J. D. ISAACS

Plaintiff, *pro se*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL