# WADLEIGH, STARR & PETERS, P.L.L.C

WILLIAM C. TUCKER
EUGENE M. VAN LOAN III, Of Counsel
JOHN E. FRIBERG, Sr.
JAMES C. WHEAT
RONALD J. LAJOIE
KATHLEEN N. SULLIVAN
JEFFREY H. KARLIN
DONALD J. PERRAULT
MARC R. SCHEER
GREGORY G. PETERS
ROBERT E. MURPHY, Jr.
DEAN B. EGGERT
MICHAEL R. MORTIMER
KATHLEEN C. PEAHL

Attorneys At Law
95 Market Street
Manchester, New Hampshire 03101
Telephone (603) 669-4140
Facsimile (603) 669-6018

WWW.WADLEIGHLAW.COM

*Serving New Hampshire since 1899*

RICHARD THORNER
CHARLES F. CLEARY
CHRISTINE GORDON
JENNIFER L. ST. HILAIRE
TODD J. HATHAWAY
STEPHEN J. JUDGE
STEPHEN L. BOYD
ALISON M. MINUTELLI
MICHAEL J. TIERNEY
PIERRE A. CHABOT
JOSEPH G. MATTSON
IRIS J. LOWERY
EMILY G. BOLTON

Direct Dial: (603) 206-7229
kpeahl@wadleighlaw.com

February 15, 2013

Keith Mathews, Esq.
Skinner & Rivard
530 Chestnut Street, 3rd Floor
Manchester, NH 03101

    Re:    Isaacs v. DHMC et al
            1:12-cv-413-SM

Dear Attorney Mathews:

    After careful review of the Complaint filed by you on February 6, 2013, I am writing to request that you withdraw several of the counts. I believe Judge Laplante made it very clear that your amended complaint should only assert those claims, and against those defendants, for which there was a legal and factual basis. I am giving you this opportunity in hopes that it will avoid the necessity of our filing a renewed Motion to Dismiss.

    First, there are a couple of issues which I assume are just oversights and can be remedied without the need for a Motion to Dismiss. As you know, Dr. Jim Yong Kim, Dr. Douglas Noordsy and a John Doe were named as defendants in the original action. The Amended Complaint asserts no counts against these defendants and I assume that the Amended Complaint is meant to set forth all of the claims you are intending to pursue. If that is the case, I would ask that you file a motion formally dismissing these defendants from the case. If that is not your intent, then I would ask that you amend your Complaint to specifically set forth the claims you are asserting against these individuals in order that we may properly respond. Also, the original Complaints in both cases named The Trustees of Dartmouth College as a defendant and I accepted service on behalf of the Trustees of Dartmouth College. Your Amended Complaint names the Dartmouth Medical School. The Dartmouth Medical School has never been served in this case and in fact, it is not a separate corporate entity. The Trustees of Dartmouth College operate the Medical School. Thus, I would ask that you amend the Complaint to name the Trustees of Dartmouth College instead of the Medical School.

**WADLEIGH, STARR & PETERS, P.L.L.C.**

Keith Mathews, Esq.
February 15, 2013
Page 2

Second, there four counts asserted against Dartmouth (for simplicity sake, I will simply refer to this defendant as Dartmouth, but as stated above, the proper defendant is the Trustees of Dartmouth College, not the Medical School) and/or Dr. Finn which I believe have no basis in fact or law. The first are Counts I and III. In order to bring a claim under the ADA and RSA 354-A a plaintiff must first exhaust the administrative remedy. Your assertion in paragraph 28 of the Amended Complaint that an EEOC charge was filed against DHMC and Dartmouth Psychiatry is simply not true. The EEOC charge which was filed named only Dartmouth Hitchcock Medical Center (DHMC). Furthermore, there is no such entity as "Dartmouth Psychiatry". The law is quite clear that parties who were not named in the administrative complaint cannot be named in the subsequent suit. This fact was discussed at our conference with Judge Laplante and I believe Attorney Skinner correctly acknowledged that the ADA and RSA 354-A claims could and would be filed only against DHMC. Thus, I am requesting that you withdraw these two counts as to Dartmouth.

Count VI asserts a claim of negligent misrepresentation against Dartmouth and Dr. Finn. As I understand your claim, you are alleging that Dr. Finn misrepresented DHMC's obligation to provide accommodations for Dr. Isaac's alleged disabilities. A negligent misrepresentation claim requires that there be a misstatement of a material fact by a person having greater knowledge than the recipient and justifiable reliance by the recipient. Here, the facts which you have asserted do not, on their face, support such a theory of liability against Dartmouth or Dr. Finn. First, paragraph 141 identifies the alleged misstatement as a comment by Dr. Finn that "accommodations are difficult to arrange for an intern." The fact that the law obligates DHMC to provide reasonable accommodations does not make a statement that accommodations may be difficult untrue. Dr. Finn is not alleged to have stated that DHMC would not or could not provide an accommodation. You claim that Dr. Isaac relied on Dr. Finn and continued to work without further seeking an accommodation. However, such reliance is not justified given the fact that the law in this area is widely known and easily discoverable given your client's level of education, including attendance at law school. More importantly, he specifically alleges that DHMC's obligation to provide accommodations was set forth in the employee handbooks he was given at the start of his employment. Thus, if he believed he required an accommodation it was incumbent on him to make such a request and not doing so in reliance upon a statement that accommodations were difficult is not justified. Given the clear lack of a factual foundation for this theory of liability against Dartmouth and Dr. Finn, I am asking that you withdraw the claim.

Finally, Count VIII asserts a claim of fraud against Dartmouth and Dr. Finn. This claim also was discussed at the conference with Judge Laplante. There has been no substantive change to this claim from the original Complaint and the claim still fails due to the lack of justifiable reliance. You cannot claim that the misrepresentations were made for the purpose of inducing the Plaintiff's resignation and then establish justifiable reliance where it is admitted that he did not resign but rather was placed on Administrative Leave and then terminated. As was discussed with Judge Laplante, this claim clearly lacks any factual foundation and I am requesting that you withdraw it as to Dartmouth and Dr. Finn.

**WADLEIGH, STARR & PETERS, P.L.L.C.**

Keith Mathews, Esq.
February 15, 2013
Page 3

      Please carefully consider these requests and advise me of your position with respect to withdrawal of these claims by the close of business on Friday February 22, 2013. If you do not revise the Complaint as suggested above, I will be forced to file a renewed Motion to Dismiss by the February 27, 2013 deadline set by Judge Laplante. If it becomes necessary for me to file such a motion, please be advised that I will also be considering a Motion for Rule 11 Sanctions seeking our costs in filing the Motion to Dismiss and/or defending any of the claims which are subsequently dismissed. Keep in mind that if sanctions are granted, the entire firm (not just you) would be implicated. While I recognize that Rule 11 sanctions are extraordinary, given Judge Laplante's clear admonition during our conference, I believe such a motion would be appropriate in this case.

      If you wish to discuss any of these issues, please feel free to give me a call.

      Very truly yours,

      for  Kathleen C. Peahl

KCP/tav
cc:  John F. Skinner, III, Esq.
     Patrick Rivard, Esq.
     Kevin D. O'Leary, Esq.