UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| J.D. Isaacs,<br>　　　　　*Plaintiff*,<br><br>　　　　　v.<br><br>Dartmouth Hitchcock Medical Center, et al.<br>　　　　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:12-cv-00040-JL |

**OBJECTION OF DARTMOUTH HITCHCOCK MEDICAL CENTER AND
MARY HITCHCOCK MEMORIAL HOSPITAL, TO PLAINTIFF'S MOTION FOR A
PROTECTIVE ORDER CANCELING HIS DEPOSITION**

Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital object to the Plaintiff's Motion, in which he seeks to cancel his own deposition after it was noticed by agreement. The Plaintiff filed his motion instead of contacting counsel to reschedule, and rejected reasonable offers of compromise before this objection was made. These Defendants are willing to conduct the Plaintiff's deposition on September 24, but respond below to disputed issues and misstatements raised in the Plaintiff's motion.

　　　　1.　　These Defendants deny that the Plaintiff's deposition was noticed unfairly. It was scheduled by agreement, and over two days at the Plaintiff's request. *See Exhibit 1.* These Defendants also attempted to schedule the deposition on back-to-back days but, as they informed the Plaintiff over a month ago, the courtroom as not available. *See Exhibit 2.* These Defendants also scheduled the deposition with time for breaks as the Plaintiff asked. *Id.* It is misleading for him to claim that his deposition was scheduled improperly.

{012085-0628 C1082582.1 }

2. The Plaintiff's claim for hardship in attending his deposition in New Hampshire is without merit. He has, in fact, displayed an ability to travel when it fits his goals, and has at other times noticed depositions in New Hampshire for September 13, 19, 27, and 30. *See Exhibit 3*. While some of those have now been canceled, there is no question he can travel freely. In fact, when discussing a witness deposition in California, the Plaintiff wrote that he is "willing to travel to the nearest USDC by them." *See Exhibit 4*.

3. It is disingenuous for the Plaintiff to seek a stay for his own deposition by claiming the Defendants must first give him more discovery. He does not cite any legal support for that position, and it is contrary to the provisions of Fed. R. Civ. P. 26(d)(2)(A), which provides that methods of discovery may be used in any sequence. These Defendants agree that the Plaintiff has requested materials in discovery that have not yet been produced; that is because these Defendants asserted appropriate privileges, confidentiality concerns, and statutory protections when objecting to production. Those materials were, however, offered to the Plaintiff contingent upon his execution of a Confidentiality Agreement. He refuses to sign one.

4. The Plaintiff asserts that a dispute over the location of other depositions justifies canceling his own, but does not explain how that issue is relevant or why it should serve as a basis to stay his deposition.

5. The Plaintiff continues to erroneously claim that responses to requests for admission submitted by these Defendants are invalid. Those responses were provided in compliance with Fed. R. Civ. P. 36. *See Exhibit 5*.

{012085-0628 C1082582.1 }

Ignoring the provisions of that Rule and timing rules relating to electronic discovery at Fed. R. Civ. P. 5 and 6, the Plaintiff initially argued that those responses were untimely because they were "unsigned."  Counsel signed the responses, again, and that same day, as allowed by Rule 36.  *See Exhibit 6*.  The Plaintiff withdrew his objection, so these Defendants did not take any further action.  *See Exhibit 7*.  Now, however, the Plaintiff has switched positions.  In another effort to move discovery forward, these Defendants provide another signature page.  *See Exhibit 8*.  This is another unfortunate illustration of the Plaintiff arguing form over substance.  From filing a motion for protective order on a deposition instead of simply asking to reschedule, to moving for sanctions instead of signing a confidentiality agreement so documents can be produced, the Plaintiff has demonstrated a general unwillingness to reasonably resolve discovery disputes.

6. These Defendants have even proposed canceling all depositions until the other discovery disputes are resolved with the Court, and then rescheduling depositions in a cooperative and mutually convenient manner.  *See Exhibit 9*.  The Plaintiff refused that suggestion – although it would have provided the very relief sought in his motion - and stated his intent to notice more depositions and subpoena more records.  *See Exhibit 10*.

7. The Plaintiff did not seek concurrence for his motion as he was required to do, but these Defendants are not basing this objection on technical deficiencies.  They are more concerned with the Plaintiff's consistent refusal to resolve discovery disputes in a practical, substantive way.  These Defendants

{012085-0628 C1082582.1 }

are agreeable to conducting the Plaintiff's in a single day, propose holding it on September 24, and believe it can be completed in less than 6 hours.  It was only noticed for two days at the Plaintiff's request.  Unfortunately, instead of simply asking to reschedule, the Plaintiff chose to file a motion containing misstatements and spurious arguments.  The Plaintiff's approach to discovery has compelled the Defendants to request a hearing to address the pending discovery disputes.

WHEREFORE, for the reasons set forth, these Defendants respectfully request that the Plaintiff's motion for a protective order be denied, that his deposition be allowed to go forward on September 24, and that the Court schedule a hearing to resolve all other pending discovery motions.

Respectfully submitted,

**DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL**

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated: September 16, 2013       By:   /s/ Christopher J. Pyles
Edward M. Kaplan (#1307)
Christopher J. Pyles, Esq. (#15165)
Sulloway & Hollis, P.L.L.C.
9 Capitol Street
Concord, NH 03301
(603)223-2863

{012085-0628 C1082582.1 }

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101


Dated: September 16, 2013      By:   /s/ Christopher J. Pyles
                                     Christopher J. Pyles

{012085-0628 C1082582.1 }