Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | ) |
| Plaintiff, *pro se*, | ) Case No. CV-12-40-JL |
| -V- | ) |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; DOCTOR CHRISTINE FINN; MARY HITCHCOCK MEMORIAL HOSPITAL; TRUSTEES OF DARTMOUTH COLLEGE; | ) **MOTION TO QUASH SUBPOENAS** |
| and JOHN DOE, | ) |
| Defendants. | ) |

## I. MOTION TO QUASH SUBPOENAS

Plaintiff hereby moves for this Honorable Court to quash two subpoenas issued last week by Attorney Edward Kaplan. Plaintiff will address each subpoena individually:

**Argument to Quash Subpoena for Plaintiff's records from American University of the Caribbean (Exhibit A)**

In 2006, while Plaintiff's disciplinary dispute was under internal appeal at a California medical school, Plaintiff applied for entry to the M.D. program at the American University of the Caribbean (AUC). Attorney Kaplan seeks that AUC produce "any and all educational records, and ESI" related to Plaintiff. There are three distinct reasons why this subpoena must be quashed:

1) It is overly burdensome to ask a non-party in the Caribbean to produce "any and all ESI" about Plaintiff. This is overly broad, and the respondent non-party would incur unfair hardship and expense attempting to comply. Given the issue is moot (see #3), Defendant Dartmouth-Hitchcock should pay for the significant expenses, if the university is ordered to produce vast amounts of ESI and archived records.

2) Moreover, at the time of application, American University of the Caribbean was a privately owned university within the Kingdom of the Netherlands. Since, the university was acquired by a for-profit American Corporation, DeVry Inc, but remains operated under jurisdiction of the Netherlands/St Maarten, as far as Plaintiff understands. This Court lacks jurisdiction over records that were sent to a private Netherlands institution, or even over DeVry Inc, which is not located within this district.

3) Even if Attorney Kaplan can correct the above two technical issues, the primary and most compelling reason to quash this subpoena is that it seeks to raise a moot issue. Plaintiff's disciplinary allegations from California were sealed in 2007, and acquitted and

discharged (the underlying enrollment contract) in 2008. There is no good cause to seek a foreign university to produce admissions records concerning Plaintiff's disclosure or non-disclosure of a moot disciplinary issue.

**Argument to Quash Subpoena for Plaintiff's records from University of Southern California (Exhibit B)**

During the time Plaintiff was a student resident physician in the Dartmouth psychiatry program, FERPA law mandated that Dartmouth have access to any educational records concerning Plaintiff. Defendants had full access to FEPRA records, but now have filed three educational records subpoenas. Plaintiff's educational records are privileged. He does not consent to their release. He was terminated from Dartmouth psychiatry without a fair hearing – and hence, Defendants no longer have a right, under FERPA, to his records. FERPA does not allow record transfer for *former* students. Had Defendants followed correct procedure and due process, they could have simply made a FERPA request, in lieu of the three subpoenas they issued last week.  Moreover, the USC records were settled/sealed , and specifically removed from FERPA jurisdiction (Exhibit C).

The clear intent of the settlement was, specifically, to remove disciplinary records from FERPA *"USC will not release or disclose Isaacs' disciplinary records to any third party, including but not limited to other educational institutions and/or potential employers"* This court should honor the intent of the 2007 settlement agreement, and quash Attorney Kaplan's subpoena, which tries to override the agreement Isaacs made with USC to remove his records from FERPA control. Attorney Kaplan, who apparently has lead his clients down a trail of subverting justice – both in this lawsuit, and in trying to break a 2007 federal court settlement – must be sanctioned and stopped.

1) In 2007, Plaintiff's disciplinary records at this university were sealed. According to the language of the settlement, in which the *only* consideration for Plaintiff to enter into the

settlement was the sealing of his academic records, the records would not be released to other educational institutions. Indeed, this is the central point of this lawsuit. Plaintiff's disciplinary records were sealed, and no longer subject to FERPA disclosure. The AAMC/ERAS has even agreed. Despite this, Defendants (and Attorney Kaplan, who is Defendant in a related case) sought to "break" Plaintiff and get him to speak about the sealed records.

Furthermore, in 2008, Defendants acquitted Plaintiff and discharged all agreements/contracts of any nature whatsoever, including his enrollment contracts. As such, Attorney Kaplan seeks to override the sealed records, by issuing a subpoena.

There is no good cause to do so. Plaintiff is not on trial for dropped disciplinary actions from 8 years ago. These matters were resolved in a court of law, and Defendants have been unwilling to accept that fact – stubbornly retaliating against plaintiff, hazing him, and even destroying evidence of their abusive antics.

Even if the court were to compel production of the records, they are moot, as Plaintiff has been acquitted and his enrollment contract discharged by USC. As such, the records sought by this subpoena would not be admissible evidence for a summary judgment motion or jury. Thus, the only reason Attorney Kaplan seeks these records is to continue to berate Plaintiff over an 8 year old affair.

For the reasons state above, in the interest of justice and fairness, the subpoenas should be quashed.

Respectfully submitted, this 30th day of September, 2013.

JDIsaacs v. DHMC
Case No. 12-CV-40-JL

|   |   |
|---|---|
| 1 | /s/ JD ISAACS |
| 2 |   |
| 3 | J. D. ISAACS |
| 4 | 3553 West Chester Pike Unit 177 |
| 5 | Newtown Square, PA 19073 |
| 6 |   |
| 7 | Plaintiff, *pro se* |

JDIsaacs v. DHMC
Case No. 12-CV-40-JL

**CERTIFICATE OF SERVICE**

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing MOTION TO QUASH SUBPOENAS was delivered via USPS & electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.

Executed on this 30th day of September, 2013.

      /s/ J. D. Isaacs

J. D. ISAACS

Plaintiff, *pro se*

JDIsaacs v. DHMC
Case No. 12-CV-40-JL