

**Sulloway & Hollis** P.L.L.C.
COUNSELORS AT LAW

REPLY TO: CAPITAL OFFICE
Fax number: (603) 224-2557
ekaplan@sulloway.com

September 27, 2013

FRANK J. SULLOWAY
(1883-1981)
FRANKLIN HOLLIS
(1904-1980)

SENIOR COUNSEL
MARTIN L. GROSS
MICHAEL M. LONERGAN

EDWARD M. KAPLAN
IRVIN D. GORDON
MICHAEL P. LEHMAN
MICHEL A. LAFOND
PETER F. IMSE
R. CARL ANDERSON
DOUGLAS R. CHAMBERLAIN
MARGARET H. NELSON
JAMES O. BARNEY
JAMES E. OWERS
ROBERT J. LANNEY
PETER A. MEYER
JOHN R. HARRINGTON
RONNA F. WISE
WILLIAM D. PANDOLPH
JEANINE L. POOLE
W. KIRK ABBOTT, JR.
ELISH H. SALEK
MARTIN P. HONIGBERG
SARAH S. MURDOUGH
PATRICK J. SHEEHAN
DEREK D. LICK
MELISSA M. HANLON
CHRISTOPHER J. PYLES
KEVIN M. O'SHEA
JEANNE S. SAFFAN
BETH G. CATENZA
JAY SURDUKOWSKI
NICOLE J. SCHULTZ-PRICE
KELLY L. OVITT-PUC
KATHERINE DEFOREST
MATTHEW J. SNYDER
HEATHER L. DEVINE
ROSEMARY B. GUILTINAN

ALL ATTORNEYS ADMITTED
IN NEW HAMPSHIRE

INDIVIDUAL ATTORNEYS
ADMITTED IN:
MAINE, VERMONT, FLORIDA
MASSACHUSETTS, NEW YORK,
AND OTHER STATES

**VIA EMAIL & U.S. MAIL**

Henri R. Ford, M.D., M.H.A.
Vice Dean, Medical Education
Educational Affairs
University of Southern California
Keck School of Medicine
1975 Zonal Ave.
Los Angeles, CA 90033

    Re:    <u>Dr. J.D. Isaacs v. Dartmouth Hitchcock Medical Center, et al.</u>

Dear Dr. Ford:

    This office represents defendants Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital in the above mentioned case currently pending in the United States District Court for the District of New Hampshire. This case evolves from the dismissal of Dr. Jeffrey David Isaacs from a Graduate Medical Education training program.

    We understand that Dr. Isaacs attended the Keck School of Medicine during the 2005 through 2006 time period. Enclosed is an executed subpoena for the production of educational records relating to Dr. Isaacs's admission to the Keck School of Medicine. We are requesting that you accept service via mail of this subpoena, however, if you prefer and/or require in-hand service, please let us know and we will make the necessary arrangements for in-hand service.

    Please note that this subpoena does not require that you actually appear for a deposition, merely that you produce the requested records concerning Dr. Isaacs. The subpoena includes a date and time for the production; however, if additional time is necessary to gather and produce the records, please let us know. The subpoena requests that the documents be mailed to my office; however, if you prefer and/or require that they be

CAPITAL OFFICE
9 Capitol Street
P.O. Box 1256
Concord, NH 03302
Tel: 603-224-2341

PORTLAND OFFICE
477 Congress Street
5th Floor
Portland, ME 04101
Tel: 207-253-5141

GORHAM OFFICE
30 Exchange Street
P.O. Box 335
Gorham, NH 03581
Tel: 603-466-5946

(C1086836.1 )

*Celebrating More Than 150 Years of Service to Clients and Community*

September 25, 2013
Page 2


produced at a Los Angeles location, please let me know, and I will make the
necessary arrangements with a local California law firm.

     Thank you for your cooperation in this matter.  Should you have any questions,
or if you anticipate a delay in responding to this subpoena for records, please do not
hesitate to contact me.

     A copy of this letter, along with the enclosed subpoena, is being sent to plaintiff
Dr. Isaacs, along with all counsel of record in the pending litigation.  I am also sending
a courtesy copy of these materials to Attorney Robin D. Dal Solgio, who I understand
represented the University of Southern California defendants in prior litigation filed by
Dr. Isaacs.


Very truly yours,

Edward M. Kaplan


/jbb
Enc.


cc:    Jeffrey David Isaacs, M.D. (w/enc.)
       Kathleen Peahl, Esq. (w/enc.)
       Pierre Chabot, Esq. (w/enc.)
       Christopher J. Pyles, Esq. (w/enc.)
       Robin D. Dal Solgio, Esq. (w.enc.)

{C1086836.1 }

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

|  |  |  |
|---|---|---|
| Dr. J.D. Isaacs | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:12-cv-40-JL |
| Dartmouth Hitchcock Medical Center, et al. | ) | |
| *Defendant* | ) | (If the action is pending in another district, state where:  District of New Hampshire   ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Educational Affairs Office, Keck School of Medicine, University of Southern California, 1975 Zonal Ave.
Los Angelos, CA 90033

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Any and all educational records, including electronically stored information, relating to Jeffrey David Isaacs' admission to the Keck School of Medicine in or about 2005, including but not limited to all records relating to his application, all records created during his enrollment at the school, and all records concerning subsequent dismissal from the school.

| Place: Via Mail to:  Edward M. Kaplan, Esq. Sulloway & Hollis, 9 Capitol St., Concord, NH 03302-1259 AND/OR at a mutually convenient location to be determined. | Date and Time:  11/04/2013 12:01 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 9/27/13

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital , who issues or requests this subpoena, are:
Edward M. Kaplan, Esq., Sulloway & Hollis, PLLC, 9 Capitol St., Concord, NH 03301
Phone: (603) 224-2341 Email address: ekaplan@sulloway.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:12-cv-40-JL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*


                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).