UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| J.D. Isaacs, <br>     *Plaintiff*, <br><br>    v. <br><br> Dartmouth Hitchcock Medical Center, et al. <br>     *Defendants*. | Civil Action No. 1:12-cv-00040-JL |

## OBJECTION OF DARTMOUTH HITCHCOCK MEDICAL CENTER AND MARY HITCHCOCK MEMORIAL HOSPITAL TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS

  Defendants Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH") object to the Plaintiff's Motion to Quash Subpoenas, and reserve the right to address the matter further during the hearing on discovery issues on October 21, 2013, at 10:00 a.m.  Since the lawful subpoenas request appropriate and discoverable information, and as otherwise discussed below, the Plaintiff's Motion should be denied.

  1. These Defendants appropriately seek the Plaintiff's academic records from the American University of the Caribbean (AUC).  Notably, AUC has not objected to that subpoena, contested jurisdiction, or asserted that production of the requested information will be burdensome.  While the Plaintiff makes those unsupported arguments, he does not have standing to assert such objections for AUC.  He does not provide any explanation why a routine production of materials should be considered burdensome, and does not raise any issues of privilege or relevancy.  Since AUC has not objected to

producing these relevant materials, and since the records are not protected or privileged, the Plaintiff's motion to quash the subpoena for AUC records should be denied.

2. These Defendants are also entitled to subpoena records from the University of Southern California (USC). While a private non-disclosure agreement is insufficient to defeat a subpoena, the "Confidential Settlement Agreement and Release" relied upon by the Plaintiff actually makes a specific allowance for such discovery. Section 2 of the agreement, Sealing of Disciplinary Records, provides as follows:

> "USC will not release or disclose Isaacs' disciplinary records to any third party, including but not limited to other educational institutions and/or potential employers, unless it receives written consent from Isaacs or a subpoena or court order."

*See Ex. 3 to Plaintiff's Motion,* emphasis added. The agreement also contains a confidentiality clause at Section 10, under which USC and the Plaintiff agreed that the release does not "prohibit disclosures to the extent otherwise required by law[.]" *Id.* The Plaintiff's motion to quash makes no mention of those provisions, and they clearly allow for production of records in response to a subpoena. Accordingly, the Plaintiff's motion to quash the USC subpoena should also be denied.

WHEREFORE, for the reasons set forth above, Defendants Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital respectfully request that the Plaintiff's Motion to Quash Subpoenas be denied, and that these Defendants be granted all relief that the Court deems just and proper.

DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated: October 4, 2013     By:     /s/ Christopher J. Pyles
Edward M. Kaplan (#1307)
Christopher J. Pyles, Esq. (#15165)
Sulloway & Hollis, P.L.L.C.
9 Capitol Street
Concord, NH 03301
(603)223-2863


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101


Dated: October 4, 2013     By:     /s/ Christopher J. Pyles
Christopher J. Pyles

{012085-0628 C1088745.1}     3