Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | |
| Plaintiff, *pro se*, | Case No. CV-12-40-JL |
| -V- | |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; DOCTOR CHRISTINE FINN; MARY HITCHCOCK MEMORIAL HOSPITAL; TRUSTEES OF DARTMOUTH COLLEGE; | **MOTION TO QUASH SUMMONS REPLY** |
| and JOHN DOE, | |
| Defendants. | |

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL

# MOTION TO QUASH SUMMONS REPLY

The Defendants simply fail to acknowledge the basis of this lawsuit, as evident from Attorney Pyle's Objection to Plaintiff's Motion to Quash. Like their Objection to the Motion for Sanctions, which barely touches on how and why an entire email account disappeared two months before Dartmouth's own email policy, in this motion, they prefer form over substance and merits of the debate.

**USC Subpoena**

Plaintiff settled with the Keck School of medicine individual defendants in 2007. To be valid, a contract, including the 2007 settlement, must offer consideration to both parties. The motivating, primary and only consideration Plaintiff received was the removal of his disciplinary records from USC's FERPA-compliant student records system. The authority over Plaintiff's application to Dartmouth, the American Academy of Medical Colleges, determined Plaintiff had no FERPA records at USC that needed disclosure. For convenience to the Court, Plaintiff cites the relevant FERPA provisions for release of student records:

**(b) Release of education records; parental consent requirement; exceptions; compliance with judicial orders and subpoenas; audit and evaluation of federally-supported education programs; recordkeeping**

**(1)** No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a) of this section) of students without the written consent of their parents to any individual, agency, or organization, other than to the following—

 **(B)** officials of other schools or school systems in which the student seeks or intends to enroll, upon condition that the student's parents be notified of the transfer, receive a copy of the record if desired, and have an opportunity for a hearing to challenge the content of the record;

As is evident, USC typically would have obligations under FERPA to disclose Plaintiff's educational records, including disciplinary records, to another school Plaintiff enrolled. However, USC sealed these records from disclosure –the settlement has absolutely no ambiguity in declaring USC would not release records to "educational institutions and/or potential employers."

If USC declared that it sealed Plaintiff's educational records and exempted them from FERPA disclosure, one must wonder why Dartmouth terminated Plaintiff from their GME educational program for non-disclosure of USC. This is the central point of this lawsuit, and Defendants consistently refuse to acknowledge Plaintiff's rights under the USC settlement. It appears they hope to exploit the fact that there is simply not much case law concerning the sealing of FERPA records by a private medical school. Nonetheless, Dartmouth terminated Plaintiff for purported fraud (nondisclosure of USC) and Plaintiff is unemployable in many occupations as a result of Dartmouth's inability to understand that his records were sealed from FERPA release. Now, Defendants aim to "break" the FERPA seal, and then introduce the records as purported evidence of Plaintiff's fraudulent application. The Court must not allow this.

Attorney Pyles terribly misconstrues the settlement language permitting USC to comply with law enforcement records and subpoena requests. The settlement agreement must not be confused as open justification allowing subpoena release to any educational institution without good cause. Plaintiff can attest that USC wanted to maintain his records "off-record", and verbally (in 2007) stated their concern that Plaintiff may one day retaliate against USC for destroying his career. They refused settlement offers to destroy the records, for this reason. This is the reason for the "subpoena" exemption in the settlement – not to allow an educational institution to terminate the Plaintiff and re-open the settled dispute. As it turns out, Plaintiff never retaliated against anyone, and simply was struggling to do his job as an intern , while it appears someone from USC retaliated

against Plaintiff – 7 years later – and leaked information about Plaintiff's USC records to Dartmouth.

**American University of the Caribbean Subpoena**

Attorney Pyles wrongly insinuates "notably, AUC has not objected to this subpoena." Upon receipt of the subpoena, AUC transmitted to Plaintiff their standard subpoena receipt notice (Exhibit A). As is clear from the notice, AUC understands (and Pyles does not, strangely) that a party to the lawsuit has standing to quash a subpoena. In fact, AUC asked Plaintiff if he filed a motion to quash, which he immediately did. It can be inferred from Exhibit A that AUC is properly awaiting the Court's decision on the Motion to Quash. For the reasons already argued, there is no good cause for the Court to order AUC to comply with the subpoena. The issues raised were rendered moot by the 2007 settlement agreement.

Submitted on this 5th day of October, 2013.


                    /s/ J.D. Isaacs

                    J. D. ISAACS

                    Plaintiff, *pro se*

**CERTIFICATE OF SERVICE**

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing **MOTION TO QUASH SUMMONS REPLY** was delivered electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.

Executed on this 5th day of October, 2013.

/s/ J.D. Isaacs

J. D. ISAACS

Plaintiff, *pro se*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-JL