UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

*******************************************
| | |
|---|---|
| Dr. J.D. Isaacs | * |
| | * |
| Plaintiff, | * |
| | * |
| -v- | *   Case No. 1:12-cv-00040-JL |
| | * |
| Dartmouth-Hitchcock Medical Center, | * |
| Mary Hitchcock Memorial Hospital, | * |
| Dr. Christine T. Finn, and the | * |
| Trustees of Dartmouth College, | * |
| | * |
| Defendants. | * |
| | * |

*******************************************

## MOTION TO QUASH OR MODIFY SUBPOENA
### DIRECTED TO ALAN I. GREEN, M.D.

NOW COMES the defendant, the Trustees of Dartmouth College ("the College"), by and through its attorneys, Wadleigh, Starr & Peters, P.L.L.C., and respectfully moves to quash the Subpoena issued by plaintiff for Dr. Alan I. Green, M.D.'s attendance at a deposition in Concord, New Hampshire, where a reasonable alternative deposition location has been offered in Hanover, New Hampshire, and in support of its Motion states as follows:

1.   Plaintiff issued a Notice of Deposition issued to Dr. Alan I. Green on or about September 19, 2013.  A copy of this Notice is annexed as Exhibit 1 to this Motion.

2.   The parties have agreed on a different date for the deposition by mutual agreement.  Plaintiff's email to counsel confirming this date change is annexed hereto as Exhibit 2.

3. Dr. Green is the Department Chair of the College's Department of Psychiatry, and also serves as a Professor of Psychiatry, Pharmacology and Toxicology as well as serving in various research and leadership roles at the College.

4. Plaintiff has noticed the deposition of Dr. Green to take place at the U. S. District Courthouse in Concord, New Hampshire. Defendant has repeatedly notified plaintiff that this location is unacceptable due to Dr. Green's schedule and other responsibilities in Hanover, New Hampshire. Nonetheless, plaintiff insists on a deposition in Concord citing his belief that objections may be dealt with more expeditiously by the judge at the District Courthouse and his subjective concern about being in a room with certain defendants and/or their representatives.

5. On October 1, 2013, the undersigned wrote to plaintiff in order to address those concerns in a manner that would also accommodate Dr. Green's schedule. See October 1, 2013, letter, annexed hereto as Exhibit 3.

6. Given that the College is willing to secure appropriate space in the Lebanon/Hanover area for Dr. Green's deposition; is willing to provide an off-duty police officer for the occasion; and to otherwise address plaintiff's concerns about conducting a deposition away from the federal courthouse, plaintiff's insistence on deposing Dr. Green at the courthouse imposes an undue burden on the non-party witness. See FRCP 45(c)(3)(A)(iv); see also Exhibit 3.

7. Although Dr. Green is within 100 miles of the District Courthouse during the work-week when he resides in Hanover, New Hampshire, this Motion to Quash or modify the Subpoena may nonetheless be granted as the distance that Dr. Green would have to travel, and the unnecessary time that he would have to waste, in coming to Concord when there are reasonable locations available in Hanover, constitute an undue burden where plaintiff refuses to

consider reasonable and appropriate arrangements for a deposition that would reduce the travel time, and thus the inconvenience, to Dr. Green who is, after all, not a party to this lawsuit.

8. The undersigned has communicated several times with plaintiff about the subject matter of this motion in an effort to resolve the issues raised without court involvement. Based on those communications, plaintiff does not assent to the relief sought herein.

WHEREFORE, the College respectfully prays that this Honorable Court:

A. Quash the Subpoena dated September 19, 2013; or in the alternative;

B. Modify the September 19, 2013, Subpoena to allow Dr. Green's deposition to move forward on November 5, 2013, at the Dartmouth College General Counsel's Office, with the cost of off-duty law enforcement personnel to be present at the entire deposition to be borne by the College; and

C. Grant such other and further relief as may be just and necessary.

Respectfully submitted,

**TRUSTEES OF DARTMOUTH COLLEGE**

**By its attorneys,**

WADLEIGH, STARR & PETERS, P.L.L.C.

Dated:  October 8, 2013.            /s/ Kathleen C. Peahl
Kathleen C. Peahl, Esq., No. 6880
Wadleigh, Starr & Peters, P.L.L.C.
95 Market Street, Manchester, NH 03101
(603) 669-4140
kpeahl@wadleighlaw.com

CERTIFICATE OF SERVICE

    I hereby certify that on October 8, 2013, I electronically transmitted a copy of the foregoing document to the ECF registrants who are currently on the list to receive email notices for this case.

                                              /s/ Kathleen C. Peahl
                                              Kathleen C. Peahl