Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| DOCTOR J. D. ISAACS | ) | |
| | ) | |
| Plaintiff, *pro se*, | ) | Case No. CV-12-40-JL |
| | ) | |
| -V- | ) | |
| | ) | **MOTION TO QUASH** |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; | ) | **SUBPOENA OBJECTION** |
| DOCTOR CHRISTINE FINN; | ) | |
| MARY HITCHCOCK MEMORIAL HOSPITAL; | ) | |
| TRUSTEES OF DARTMOUTH COLLEGE; | ) | |
| | ) | |
| | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

# I. MOTION TO QUASH SUBPOENA OBJECTION

Plaintiff hereby objects to Attorney Peahl's motion to quash Dr Alan Green's deposition.

Dr Alan Green lives closer to Concord than he does to Hanover, NH. His wife works as a federal litigator near Cambridge. Almost certainly possessing knowledge of the fraud, he simply does not wish to be deposed. His counsel uses the excuse that because he is senior physician, he shouldn't be expected to be deposed at a Federal Court. The persistent problem in this litigation is that Defendants believed they were "above the law" since Plaintiff's arrival at Dartmouth.

Defendants lawyers have spent many days since July arguing with Plaintiff over a thirty minute additional commute for six witnesses – one must start to believe that Defendants are concerned about Plaintiff's intent to reveal the fraud and perjury they committed. By moving the deposition away from the Federal Court, into their General Counsel's private office, Opposing Counsel would be better able to control their own witnes testimony, and to interrupt Plaintiff's thought process in an environment they have done so in the past. In a case involving known liars (Finn and Bertrand's denial of knowledge they validated), depositions should be conducted in the formal, official setting of the District Court facility, where witnesses will be most likely to state the full truth.

Most importantly, Plaintiff's medical condition is severely impacted by Defendants activity. Plaintiff has had EKGs showing potentially fatal arrhythmias. He has frontal brain impairment, and documented sleep abnormalities with daily nightmares about Defendants. To require Plaintiff to go on Defendant's private property to pursue this lawsuit, even with an "off-duty" police officer, is not appropriate. Defendants are engaged in a foul legal defense. Plaintiff alleges they committed various felonies against him, including evidence destruction, fraud, and possible sexual assault. He will not go on their

private property, at their General Counsel's office, the same General Counsel who ridiculed him "I'm sure you do wish you knew what happened."

It is now necessary to hold Dartmouth accountable to the Federal Rules. They defrauded plaintiff, perjured themselves numerous times, destroyed evidence, and stonewalled litigation with frivolous motions – including this motion, seeking to move an appropriate deposition location actually further away from Dr Green's residence near Boston. Plaintiff has submitted to the Court good cause for an investigation of felony obstruction of justice, and even Harvard-trained physicians at Dartmouth must be held accountable to the law.

For the reasons state above, in the interest of justice and fairness, the deposition should occur at the United States District Court.

Respectfully submitted, this 9th day of October, 2013.


/s/ JD ISAACS


J. D. ISAACS

3553 West Chester Pike Unit 177

Newtown Square, PA 19073


Plaintiff, *pro se*

1

**CERTIFICATE OF SERVICE**

2

3          I, J.D. Isaacs, do declare as follows:

4

5    I certify that a copy of the foregoing MOTION TO QUASH SUBPOENA OBJECTION was
     delivered via USPS & electronically to counsel for the Defendants with counsel, and mailed
6    conventionally to those without known counsel.

7          Executed on this 9th day of October, 2013.

8

9

10

11                              _____ /s/ J. D. Isaacs

12                                  J. D. ISAACS

13                                  Plaintiff, *pro se*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28