UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| J.D. Isaacs,<br>　　　　*Plaintiff*,<br><br>　　　　v.<br><br>Dartmouth Hitchcock Medical Center, et al.<br>　　　　*Defendants*. | §<br>§<br>§<br>§ Civil Action No. 1:12-cv-00040-JL<br>§<br>§<br>§ |

**PARTIALLY ASSENTED-TO MOTION OF DARTMOUTH HITCHCOCK MEDICAL CENTER AND MARY HITCHCOCK MEMORIAL HOSPITAL TO COMPEL DISCOVERY FROM PLAINTIFF**

Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital move to compel discovery responses from the Plaintiff pursuant to Fed. R. Civ. P. 26, 37 and LR 37.1. Without waiving the right to compel any other information, this Motion relates to the Plaintiff's Answers to Defendants' First Set of Interrogatories, and specific deficiencies in Answers 11, 17, 18 and 21. These Defendants sought e-mails and e-mail tracking information relating to communications between the Plaintiff and defendants, and information about other claims and suits; they also requested authorizations for medical and academic records placed at issue by the Plaintiff. He refuses to produce this information, and efforts to resolve the dispute have been futile. For these reasons and as set forth below, these Defendants request that their Motion to Compel be granted.

　　　　1.　　This is a discrimination claim brought by the Plaintiff against a number of defendants after the Plaintiff was dismissed from a graduate

{012085-0628 C1083122.1 }

medical education residency program.  These Defendants propounded written discovery regarding the allegations made against them, and on July 2, 2013, the Plaintiff submitted Answers to Interrogatories.  *See Ex. 1.*  The Plaintiff failed to answer or fully answer several questions; he did not claim that any of the information was privileged or protected, and instead stated that the information was irrelevant and providing answers was too great a burden.  *See Exhibit 1 at 11, 17, 18 and 21, cited verbatim below*.  Such answers ignored his discovery obligations, and these Defendants requested that the Plaintiff cure those deficiencies.  *See Ex. 2 and 3.*  In an additional effort to move discovery forward, these Defendants offered to limit use of such information to defending matters at issue in the lawsuit.  *See Exhibit 2*.  They have since suggested entry of a protective order to keep all discovery materials confidential, but the Plaintiff refuses to consider a confidentiality agreement such as proposed at *Exhibit 4* and does not assent to entry of a protective order by the Court.

    2.    Since the Plaintiff has refused to consider a compromise solution and will not produce complete answers or supplement discovery, these Defendants move to compel answers pursuant to Fed. R. Civ. P. 37(a).  Under that Rule, a party seeking discovery may move for an order compelling answers when an opposing party fails to answer interrogatories submitted under Rule 33.  Fed. R. Civ. P. 37(a)(3)(B)(iii).

    3.    The Plaintiff's response to Interrogatory 11 is incomplete.  The full text of Interrogatory 11 and the Plaintiff's answer is:

> "11. During the period beginning when you first started the residency program in June of 2011 through the present, have you utilized any type of email tracking system on emails you exchanged with any representative of any defendant, including counsel?
> If yes, please describe the type of tracking system utilized, and please identify and attach to your answers to these interrogatories complete copies of each and every "Read Notify" or similar email tracking history associated with each email communication with any representative of any defendant you have tracked.
> ANSWER:
> Objections
> 1. Plaintiff objects to this request to the extent that it is overbroad, unduly burdensome, or requires unreasonable efforts or expense on behalf of the Plaintiff.
> 2. Plaintiff objects to this request because the documents requested are not relevant to the lawsuit or likely to yield information pertinent to this case."

Fed. R. Civ. P. 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any claim or defenses, and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff does not contend that the material or information sought is privileged or confidential. The only questions are whether the requests are overly burdensome, and if they are relevant. As an initial matter, the request is not burdensome; it only requires a "Yes" or "No" answer. If "No" then the question has been answered. If "Yes" then he must identify and produce the e-mails and tracking history. The Plaintiff has not given any explanation as to how that is a burdensome task.

5. If there are e-mail communications between the parties, requesting them is reasonably calculated to lead to the discovery of admissible evidence. Those e-mails, and any tracking history, may identify people with

whom the Plaintiff communicated during his residency and during the time he claims to have been discriminated against. It will also show if he was tracking communications to any defendants and/or their lawyers, which is relevant given his history of doing so in other situations. For example, in answer to Interrogatory 13, the Plaintiff admitted to using a "read notify" tracking option to monitor where his e-mails went in other litigation. *See Ex. 1, Answer 13.* In one of the public documents filed in his lawsuit against the University of Southern California, the Plaintiff submitted an affidavit in which he admitted to using e-mail tracking, stating "I knew from the e-mail tracking information that administrators from departments throughout USC were working on the case against me." *See Ex. 5, ¶20, p. 10, and ¶22, p. 11.* Such tracking and e-mail information is relevant here to identify who the Plaintiff may claim is "working on the case against" him, what e-mails he has, where they were sent, and what they say. As set forth in *Exhibit 2 and 3,* these Defendants already explained this to the Plaintiff, but he still refuses to answer Interrogatory 11 and does not identify any legitimate basis for that position.

      6.     The Plaintiff simply refuses to produce discoverable information. When recently asked, yet again, to produce the "ReadNotify" e-mail information, he responded: "I believe your efforts to seek these documents establishes a mens rea of trying to obstruct justice; quite simply, if you know what evidence I have, you are in a better position to perjure yourself." *See Exhibit 6.* His position is in direct conflict with the rules of discovery, the purpose of which is to reveal evidence; the Plaintiff however, is admittedly

trying to conceal what he has.  Since the requested information is not privileged or protected, because it is relevant, and since it is not an over-burdensome request, these Defendants respectfully ask that the Court compel the Plaintiff to fully and completely answer Interrogatory 11.

    7.    The Plaintiff's Answer to Interrogatory 17 is also incomplete, specifically as it relates to his response at (5), underlined below.  The full text of the Interrogatory and the Answer is set forth below:

> "17. Have you ever applied for benefits, or made any other claims for monetary damages of any type, against any other person, party or employer alleging any type of claim, including, but not limited to, worker's compensation claims, disability benefits claim, wrongful termination claims, harassment and/or discrimination? If yes, please state:
>     a. The identity of each person, party or employer against whom you made any such claim;
>     b. The nature of each such claim;
>     c. A complete description of all injuries you claim to have suffered associated with each claim;
>     d. The name and address of each insurer for each claim for disability, worker's compensation and/or other benefit claimed;
>     e. The court or administrative agency, and corresponding claim or docket number, in which each claim and/or lawsuit was filed, and
>     f. The present status of each claim.
> ANSWER:
>     1. I filed a complaint with the United States Department of Labor, alleging that DHMC was attempting to deny me of disability benefits. For six months, I had asked DHMC HR for medical leave and disability leave paperwork. They never processed my request. For about two months, the Hartford requested DHMC provide them this policy information directly. I filed a complaint with the US DOL, and within a week, DHMC turned over the policy coverage documents to The Hartford. Of note, I still believe DHMC is attempting to deny me of these benefits. My reason is that DHMC has stated in Federal Court that I do not have a disability. 20 Harvard trained physicians at DHMC clearly know I have a disability. Moreover, an actigraph watch, which was apparently destroyed, clearly documented my disability. I will be aggressively pursuing

these matters with all appropriate authorities, including the NH Board of Medicine and FBI.

      2. I applied for NHES unemployment insurance. I believe Finn perjured herself in the hearing, resulting in me being denied benefits. I filed an appeal with the NHES but they never processed it, in violation of my rights. The entire NHES process was bizarre, nearly all my requests for evidence were denied, and I believe I was blocked from asking relevant questions or providing relevant testimony. IN any event, I notified the NHES that I was fully disabled and no longer would pursue unemployment.

      3. I applied for LTD benefits from the Hartford (see above) which were granted after 1) The USDOL intervention, and 2) the Hartford ordered a neuropsychological evaluation substantiating my belief since 1997 of frontal dysfunction.

      4. I suspected that the University of Arizona held my prior litigation against USC against me, but was encouraged to resign so quickly that I had no evidence. I informed them I planned to sue them, but decided I did not need another lawsuit in my life and moved on. They were very angry at me and ordered change in door lock codes, and I suspect their anger was 'passed on' to Dartmouth, though I can't be sure.

      <u>5. A Harvard attorney who 'wrote the book' on disability law filed a claim on my behalf against a former employer. The matter is resolved and all parties agreed to keep the matter confidential. Of relevance to this case, the nature of the claims were performance & concentration issues, and bullying evidenced by obtained derogatory emails against me, referencing perceived national origin "Frenchie," fatigue from working beyond the "French work week" and other protected classes.</u>

      6. I filed a lawsuit in the USDC in 2006 against USC, 2 of its Deans, and an NIH director. Question 13 details the nature of this case, in which a classmate and friends began to bully me and wrote false complaints, with the assistance of the Deans. The lawsuit settled with an annulment of all prior contracts and agreements between the parties, dismissal of all allegations and controversies, as well as the sealing of disputed/voided academic records. The settlement was further ordered in full force by US District Judge Feess. [*sic*]"

      8.     Interrogatory 17 asks about prior claims, and requests that the Plaintiff identify each person or entity against whom other claims have been made, the nature of the claims, the alleged injuries, and related information. The Plaintiff's answer to (5) is plainly deficient. He mentions a claim involving

a "former employer," but it does not identify the employer, the nature of the claim, the injuries alleged, where, when or how the claim was made, or the present status. Such information is not privileged, and since it goes to similar allegations as are now at issue, it is plainly relevant. As before, those issues have been raised with the Plaintiff before this Motion was filed. *See Exhibit 2 and 3*. He still refuses to reveal this discoverable information, so the Court should compel him to fully answer Interrogatory 17.

      9. The Plaintiff's Answer to Interrogatory 18 is likewise incomplete. The full text of the Interrogatory and Response is:

> "18. If any of the aforementioned claims have settled or have otherwise resolved, please state:
>     a. The date of the settlement or resolution;
>     b. The terms of the settlement or resolution;
>     c. The parties to the settlement or resolution; and
>     d. Please identify and attach to your answers to these interrogatories copies of any and all documents which confirm the terms of the settlement or resolution, including, but not limited to the settlement release and all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.
> **ANSWER:**
> Answered in question 14 above- prior lawsuits had been settled or expired, USDOL intervention resolved the benefits matter."

Once again, the Plaintiff does not provide specific answers. Instead, he makes a reference to his response to Interrogatory 14, which addresses some of the allegations involving these Defendants, but he does not identify any other claims, including the claims against the unidentified employer noted above, or how that claim was resolved. He likewise fails to reveal the terms of any settlement or resolution of that claim, or the parties involved. He does not

provide the requested documentation at Interrogatory 18(d).  He does not say whether there were other claims he has made.

10.    Again, there is no claim that this information is privileged in any way.  It is relevant, since claims of prior injury and their resolution may reasonably be anticipated to have a connection to the present claims, particularly when relating to issues of "performance and concentration" and bullying as set forth in the Answer to Interrogatory 17.  Accordingly, these Defendants request that the Plaintiff be compelled to fully answer Interrogatory 18.

11.    Finally, the Plaintiff's Answer to Interrogatory 21 is incomplete because he has refused to provide signed authorizations for medical and academic records.  The full text of Interrogatory 21 and the Plaintiff's answer is as follows:

> "21.    Please sign the attached authorizations for release of your medical records for every health care provider identified in these interrogatories, your education records, your employment records for every employer identified in these interrogatories, your disability records, your worker's compensation records and your income tax returns.
> ANSWER:
> Objections
> 1. Plaintiff objects to this request to the extent that it is overbroad, unduly burdensome, or requires unreasonable efforts or expense on behalf of the Plaintiff.
> 2. Plaintiff objects to this request as requesting confidential documents.
> 3. Plaintiff objects to this request because the documents requested are not relevant to the lawsuit or likely to yield information pertinent to this case."

A plain reading of the Plaintiff's Complaint shows that he has put medical conditions at issue, in addition to his educational background.  Accordingly,

those records are material and relevant to the subject matter of the litigation and are likely to lead to the discovery of admissible evidence.  The Plaintiff's claim that production is unduly burdensome is likewise without merit.  The only burden on the Plaintiff is to sign and return forms.  These Defendants will seek the copies of these records, and provide copies to the Plaintiff at not charge.  While the Plaintiff does correctly identify that his records are confidential, these Defendants have advised him that such records will be kept confidential and used only for matters in and relating to this lawsuit.  *See Ex. 2.*  They remain willing to enter into a Confidentiality Agreement, and have asked to Plaintiff to sign one (he refuses) or to assent to entry of an Order from the Court (he will not assent to that request).  As a matter of common practice, medical and academic records are frequently put at issue in civil cases, but the confidential nature of such records is not a bar to discovery.  That argument is not a bar to discovery here either, so production of signed authorizations should be ordered.

      12.     Defense Interrogatories 11, 17, 18, and 21 all seek relevant information.  Theses Defendants have attempted to explain the basis of their requests to the Plaintiff, and have made various suggestions to protect confidentiality. Despite these efforts, the Plaintiff refuses to resolve those confidentiality concerns or produce discoverable information.  The only option left to these Defendants is to seek relief from the Court.

      13.     These Defendants have sought concurrence from all parties for the relief requested herein.  The other Defendants have assented.

14.    No brief is provided with this motion, as the issues are not novel or complicated and because the relief sought rests within the discretion of the Court.

15.    These Defendants request the matter be addressed at the hearing before this Court on October 31, 2013.

WHEREFORE, for the reasons set forth above, these Defendants respectfully request that this Motion be granted, that the Plaintiff be compelled to fully answer Interrogatories 11, 17, 18 and 21, and that they be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL**

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated: October 17, 2013    By:    /s/ Christopher J. Pyles
Edward M. Kaplan (#1307)
Christopher J. Pyles, Esq. (#15165)
Sulloway & Hollis, P.L.L.C.
9 Capitol Street
Concord, NH 03301
(603)223-2863

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101


Dated: October 17, 2013        By:    /s/ Christopher J. Pyles
                                      Christopher J. Pyles