

EHXIBIT 2

**Sulloway & Hollis** P.L.L.C.
COUNSELORS AT LAW

REPLY TO: CAPITAL OFFICE
Fax number: (603) 224-2557
ekaplan@sulloway.com

July 22, 2013

FRANK J. SULLOWAY
(1883-1981)
FRANKLIN HOLLIS
(1904-1980)

SENIOR COUNSEL
MARTIN L. GROSS
MICHAEL M. LONERGAN

EDWARD M. KAPLAN
IRVIN D. GORDON
MICHAEL P. LEHMAN
MICHEL A. LAFOND
PETER F. IMSE
R. CARL ANDERSON
DOUGLAS R. CHAMBERLAIN
MARGARET H. NELSON
JAMES O. BARNEY
JAMES E. OWERS
ROBERT J. LANNEY
PETER A. MEYER
JOHN R. HARRINGTON
RONNA F. WISE
WILLIAM D. PANDOLPH
JEANINE L. POOLE
W. KIRK ABBOTT, JR.
ELISE H. SALEK
MARTIN P. HONIGBERG
SARAH S. MURDOUGH
PATRICK J. SHEEHAN
DEREK D. LICK
MELISSA M. HANLON
CHRISTOPHER J. PYLES
KEVIN M. O'SHEA
JEANNE S. SAFFAN
BETH G. CATENZA
JAY SURDUKOWSKI
NICOLE J. SCHULTZ-PRICE
KELLY L. OVITT-PUC
KATHERINE DEFOREST
MATTHEW J. SNYDER
HEATHER L. DEVINE
ROSEMARY B. GUILTINAN

ALL ATTORNEYS ADMITTED
IN NEW HAMPSHIRE

INDIVIDUAL ATTORNEYS
ADMITTED IN:
MAINE, VERMONT, FLORIDA
MASSACHUSETTS, NEW YORK,
AND OTHER STATES

Dr. Jeffrey David Isaacs
10312 Orchid Reserve Drive
West Palm Beach, FL 33412

Re:  Isaacs v. DHMC/MHMH, et al.

Dear Dr. Isaacs:

We have reviewed your responses to defendants DHMC and MHMH's interrogatories, and request that you reconsider supplementing your responses.

You objected to Interrogatory No. 11, which requested information regarding email tracking systems you may have utilized on emails exchanged with any representative of the defendants during the period June 2011 through the present. Your objections were: (1) that the interrogatory was overbroad, unduly burdensome or requires unreasonable efforts or expense on behalf of the Plaintiff, and (2) that the documents requested are not relevant to the lawsuit or likely to yield information pertinent to this case. I respectfully disagree with both objections. The first part of the interrogatory is a yes/no question, which is neither overly broad nor unduly burdensome. If your answer to the interrogatory is no, then no further information is necessary. If the answer is yes, then I submit that the identification of the type of tracking system utilized also is not a burdensome question. If you claim that the identification and copying of the each and every tracking history is overly broad and burdensome, additional information is required to support that claim (for example, the number of emails you tracked, whose emails you tracked, etc.).

As for the allegation that the documents requested are not relevant to the lawsuit or likely to yield information pertinent to the case, I again disagree. Your answer to Interrogatory 13 specifically states that you utilized an email tracking system (ReadNotify) to track emails you sent concerning your lawsuit against the University of Southern California. My clients are entitled to know whether emails that you have sent regarding this litigation have been treated similarly.

CAPITAL OFFICE
9 Capitol Street
P.O. Box 1256
Concord, NH 03302
Tel: 603-224-2341

PORTLAND OFFICE
477 Congress Street
5th Floor
Portland, ME 04101
Tel: 207-253-5141

GORHAM OFFICE
30 Exchange Street
P.O. Box 335
Gorham, NH 03581
Tel: 603-466-5946

*Celebrating More Than 150 Years of Service to Clients and Community*

July 22, 2013
Page 2

    Paragraph 7 of your answer to Interrogatory No. 7 is incomplete. Although I understand that a settlement agreement may include a clause describing the terms of the settlement as confidential, the interrogatory requests the identify of the person, party or employer against whom you made a claim, the nature of each claim, all injures you claim to have suffered associated with each claim, the court or administrative agency, the docket number where each claim was filed, and the present status of each claim. Would you please supplement your interrogatory answer by identifying the party against whom you made the claim, and the other responsive sub-parts?

    Finally, you objected, in response to Interrogatory No. 21, to providing authorizations for release of your medical records for every health care provider identified in your answer to interrogatories, your education records, your employment records for every employer identified in you answers to these interrogatories, etc. Your objections were: (1) that the request is overbroad, unduly burdensome, or requires unreasonable efforts or expense on behalf of plaintiff; (2) that the request requests confidential documents , and (3) that the documents are not relevant to the lawsuit or likely to yield information pertinent to the case.

    The requests are not overly broad or unduly burdensome, nor will they require unreasonable efforts or expense on behalf of plaintiff. We have provided the authorizations for your signature. We agree to provide you, at no charge to you, with complete copies of all records which we gather utilizing the authorizations. While we do not dispute that the requested documents are confidential, please note that defendants agree not to use them for any purposes other than defending this litigation. The requested medical, employment and education records are material and relevant to the subject matter of this litigation, and are likely to lead to the discovery of admissible evidence. For example, the education records will likely either confirm your explanations for your failure to include information regarding your prior medical training on application materials, or they may confirm that your ERAS application and submissions to the residency program were not truthful. Please reconsider your objection, and execute the enclosed authorization and return them to my attention.

July 22, 2013
Page 3

If we do not hear from you regarding this request for supplementation by August 9, 2013, we will file a motion to compel. Please also consider this letter as our request that you consent to that motion to compel.

Very truly yours,

Edward M. Kaplan

/jbb
Enc.

cc:  Kathleen Peahl, Esq.
     Pierre Chabot, Esq.
     Christopher Pyles, Esq.