

**Sulloway & Hollis** P.L.L.C.
COUNSELORS AT LAW

REPLY TO: CAPITAL OFFICE
Fax number: (603) 224-2557
cpyles@sulloway.com

EXHIBIT 3

July 31, 2013

FRANK J. SULLOWAY
(1883-1981)
FRANKLIN HOLLIS
(1904-1980)

SENIOR COUNSEL
MARTIN L. GROSS
MICHAEL M. LONERGAN

EDWARD M. KAPLAN
IRVIN D. GORDON
MICHAEL P. LEHMAN
MICHEL A. LAFOND
PETER F. IMSE
R. CARL ANDERSON
DOUGLAS R. CHAMBERLAIN
MARGARET H. NELSON
JAMES O. BARNEY
JAMES E. OWERS
ROBERT J. LANNEY
PETER A. MEYER
JOHN R. HARRINGTON
RONNA F. WISE
WILLIAM D. PANDOLPH
JEANINE L. POOLE
W. KIRK ABBOTT, JR.
ELISE H. SALEK
MARTIN P. HONIGBERG
SARAH S. MURDOUGH
PATRICK J. SHEEHAN
DEREK D. LICK
MELISSA M. HANLON
CHRISTOPHER J. PYLES
KEVIN M. O'SHEA
JEANNE S. SAFFAN
BETH G. CATENZA
JAY SURDUKOWSKI
NICOLE J. SCHULTZ-PRICE
KELLY L. OVITT-PUC
KATHERINE DEFOREST
MATTHEW J. SNYDER
HEATHER L. DEVINE
ROSEMARY B. GUILTINAN

ALL ATTORNEYS ADMITTED
IN NEW HAMPSHIRE

INDIVIDUAL ATTORNEYS
ADMITTED IN:
MAINE, VERMONT, FLORIDA
MASSACHUSETTS, NEW YORK,
AND OTHER STATES

VIA EMAIL & U.S. MAIL

Dr. Jeffrey David Isaacs
3553 W Chester Pk #177
Newton Square, PA 19073

Re:   Isaacs v. DHMC/MHMH, et al.

Dear Dr. Isaacs:

This will respond to your July 27, 2013 email responding to Attorney Kaplan's July 22, 2013 letter requesting supplementation of your answers to interrogatories propounded by defendants Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital.

We understand that your preference is to exchange discovery requests and responses by email.   We will make every reasonable effort to accommodate that request, but as noted in our July 12, 2012 letter to you, we will continue to communicate by whatever means is most appropriate for the occasion, whether it be via email, fax, US mail, UPS, etc.  We also request that all future communications take place in writing, rather than by telephone, to avoid any misunderstandings.

We have considered your July 27th response; however, we still need complete answers to Interrogatories 11, 17, 18 and 21.  I will not repeat the reasons described more fully in our July 22nd letter; however, as our intent is to attempt to resolve discovery disputes without the court's intervention if at all possible, I will briefly address the questions you raised in your email.

It appears you have misunderstood Interrogatory No. 11, as it does not ask whether you used any "illegally surreptitious tools" against defendants, nor does it request that you research California law regarding the use of ReadNotify. For ease of reference, the interrogatory is repeated below in its entirety:

CAPITAL OFFICE
9 Capitol Street
P.O. Box 1256
Concord, NH 03302
Tel: 603-224-2341

PORTLAND OFFICE
477 Congress Street
5th Floor
Portland, ME 04101
Tel: 207-253-5141

GORHAM OFFICE
30 Exchange Street
P.O. Box 335
Gorham, NH 03581
Tel: 603-466-5946

{C1070269.2 }

*Celebrating More Than 150 Years of Service to Clients and Community*

July 31, 2013
Page 2

> 11. During the period beginning when you first started the residency program in June of 2011 through the present, have you utilized any type of email tracking system on emails you exchanged with any representative of any defendant, including counsel?
>
> If yes, please describe the type of tracking system utilized, and please identify and attach to your answers to these interrogatories complete copies of each and every "ReadNotify" or similar email tracking history associated with each email communication with any representative of any defendant you have tracked.

The interrogatory is not overly burdensome or overly broad. It requests relevant information material to the subject matter of this litigation and is likely to lead to the discovery of admissible evidence. Please supplement your response.

Interrogatories No. 17 and 18 concern prior claims you have against other persons or parties, which may or may not contain similar allegations as those made against defendants in this litigation. I disagree with your position is that you have provided "… more responsive details to this Interrogatory than was necessary…" for each claim. For example, your answer includes a reference to a disability law claim filed on your behalf against a former employer, without identifying the party against whom you the claim, where the claim was filed, etc. You describe the nature of those claims as "performance and concentration issues". Unquestionably, a prior claim against a prior employer involving "performance and concentration issues" is relevant and material to the subject of this litigation and is likely to lead to the discovery of admissible evidence. Please supplement your response accordingly.

We also reiterate our request that you execute authorizations allowing us to obtain your employment, educational, tax and medical records (copies of which will be provided to you at no cost). Please refer to Attorney Chabot's correspondence to you for a detailed explanation of some of the reasons that defendants are entitled to independently request your records. Please allow me to respond to a few of the comments made in your email responding to our requests for signed authorizations. First, please note that my clients, Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital do not have your academic records from Dartmouth College. Additionally, as it appears that you have enrolled in a number of different programs which you did not complete (and did not include on your applications), we are entitled to request those records to determine whether or not the reasons you are now claiming you left each of those programs is accurate.

{C1070269.2 }

July 31, 2013
Page 3

Finally, your comment that "There simply is not a single piece of legally valid evidence to suggest that the ERAS application was not truthful" is incorrect. The application you signed on September 2, 2010, certified that the information contained within the application was complete and accurate to the best of your knowledge, and acknowledged that any false or missing information may constitute cause for termination from a program. Contrary to your certification, that application failed to include, among other things, your complete educational and medical training history.

We will respond to your 30(b)(6) deposition request shortly, and will respond to your additional written discovery in the timeframes allowed by the Federal Rules. Please note, however, that we will not waive any objections to those materials, and we do not waive any objections otherwise asserted in the case. As previously noted, we will not be bound by assumptions you make, or your statements that objections are waived if your deadlines are not met.

Please let us know if you intend to supplement your answers, and provide the signed authorizations for release of information so discovery can move forward in an appropriate manner. Thank you for your attention to these issues.

Very truly yours,

Christopher Pyles

/jbb

cc: Edward M. Kaplan, Esq.
Kathleen Peahl, Esq.
Pierre Chabot, Esq.

{C1070269.2}