

EXHIBIT 4

REPLY TO: CAPITAL OFFICE
Fax number: (603) 224-2557
ekaplan@sulloway.com

August 6, 2013

FRANK J. SULLOWAY
(1883-1981)
FRANKLIN HOLLIS
(1904-1980)

SENIOR COUNSEL
MARTIN L. GROSS
MICHAEL M. LONERGAN

EDWARD M. KAPLAN
IRVIN D. GORDON
MICHAEL P. LEHMAN
MICHEL A. LAFOND
PETER F. IMSE
R. CARL ANDERSON
DOUGLAS R. CHAMBERLAIN
MARGARET H. NELSON
JAMES O. BARNEY
JAMES E. OWERS
ROBERT J. LANNEY
PETER A. MEYER
JOHN R. HARRINGTON
RONNA F. WISE
WILLIAM D. PANDOLPH
JEANINE L. POOLE
W. KIRK ABBOTT, JR.
ELISE H. SALEK
MARTIN P. HONIGBERG
SARAH S. MURDOUGH
PATRICK J. SHEEHAN
DEREK D. LICK
MELISSA M. HANLON
CHRISTOPHER J. PYLES
KEVIN M. O'SHEA
JEANNE S. SAFFAN
BETH G. CATENZA
JAY SURDUKOWSKI
NICOLE J. SCHULTZ-PRICE
KELLY L. OVITT-PUC
KATHERINE DEFOREST
MATTHEW J. SNYDER
HEATHER L. DEVINE
ROSEMARY B. GUILTINAN

ALL ATTORNEYS ADMITTED
IN NEW HAMPSHIRE

INDIVIDUAL ATTORNEYS
ADMITTED IN:
MAINE, VERMONT, FLORIDA
MASSACHUSETTS, NEW YORK,
AND OTHER STATES

VIA EMAIL & U.S. MAIL

Jeffrey David Isaacs, M.D.
3553 West Chester Pike Unit 177
Newton Square, PA 19073

Re:    Isaacs v. DHMC, et al.

Dear Dr. Isaacs:

    This will follow-up on the recent exchange of emails regarding the scheduling of your deposition. We agree to your request to schedule the deposition on two separate dates. Enclosed is a Notice of Deposition, requiring your attendance for your deposition which will begin on Wednesday, September 18, 2013, and will continue on Tuesday, September 24, 2013. We attempted to schedule back-to-back dates, but unfortunately, the courtroom was not available. I understand you have also requested a mid-day start, so we have scheduled the start time for 11:00 AM on both dates, which should allow enough time for reasonable breaks should they be necessary.

    You requested that the deposition be video-taped. Please note that we have arranged for a stenographic transcript of the deposition, not a video-taped recording. Should you wish to retain a videographer to also record the testimony, please let us know which videographer you intend to retain.

    You also requested a copy of the "purported waiver" which is required before any quality assurance documents are released. A proposed confidentiality order was forwarded to Attorney Skinner on July 2, 2013. A revised proposed confidentiality order is also enclosed with this letter. Once you have executed the confidentiality order, we will produce the privileged documents you have requested.

CAPITAL OFFICE
9 Capitol Street
P.O. Box 1256
Concord, NH 03302
Tel: 603-224-2341

PORTLAND OFFICE
477 Congress Street
5th Floor
Portland, ME 04101
Tel: 207-253-5141

GORHAM OFFICE
30 Exchange Street
P.O. Box 335
Gorham, NH 03581
Tel: 603-466-5946

{C1070975.1}    *Celebrating More Than 150 Years of Service to Clients and Community*

August 6, 2013
Page 2

    Enclosed are copies of additional medical records which have been located by the Sleep Disorders Center (JDI/Sleep Medicine 1-54). It is our understanding that these records were maintained in a paper chart, and therefore had not been included with the electronic medical records previously produced to you last July, pursuant to the medical authorization you executed.

    Finally, you have requested that we send future communications to your jdi@alum.dartmouth.org email address, rather than your jdi@bakerissacs.com address. Please note that we have utilized the email address which you have registered with the court, in order to comply with service requirements. If you prefer we use a different email address, please update your contact information with the Court.

Very truly yours,

Edward M. Kaplan

/jbb
Enc

cc:    Kathleen Peahl, Esq. (w/enc.)
       Pierre Chabot, Esq. (w/enc.)
       Christopher J. Pyles, Esq. (w/enc.)

{C1070975.1 }

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Dr. J.D. Isaacs <br>     Plaintiff, <br><br> v. <br><br> Dartmouth- Hitchcock Medical Center, Mary Hitchcock Memorial Hospital, Dr. Christine T. Finn, and the Trustees of Dartmouth College <br><br>     Defendants. | Case No. 1:12-cv-00040-JL |

**CONFIDENTIALITY AGREEMENT**

Plaintiff Dr. J.D. Isaacs. ("Plaintiff") and defendants, Dartmouth-Hitchcock Medical Center and Mary Hitchcock Memorial Hospital ("DHMC Defendants"), hereby stipulate and agree that all documents, testimony, interrogatory responses and other information or material produced by or on behalf of plaintiff or the defendants in discovery in this litigation and relate in any way to: Plaintiff's residency at Mary Hitchcock Memorial Hospital, including but not limited to, Plaintiff's residency file, all evaluative material, all testing material and all documents that could otherwise be protected by RSA 151-13a shall be deemed "Discovery Materials" for the purposes of this Agreement, and shall be subject to the following:

1. Discovery Materials shall be used only for the purposes of this action and in accordance with the terms of this Agreement.

2. Discovery Materials shall be deemed confidential and shall be maintained in confidence by plaintiff and defendants and/or their attorneys.

3. Discovery Materials shall not be published or posted on the internet or any type of social media.

{C1061343.2 }

Isaacs v. DHMC, et al.
Confidentiality Agreement
Page 2

4. Nothing in this Agreement will preclude plaintiff or defendants and/or their attorneys from disclosing Discovery Materials, in this litigation, to any or all of the following:

   a) Their attorneys (including legal, clerical, or other support staff employed by their attorneys and specifically assigned to assist in this litigation);

   b) Experts or consultants specifically employed by plaintiff or defendants and/or their attorneys for the purpose of assisting their attorneys in this action;

   c) The Court (and to any court reporter assigned to any hearing in this matter); and to

   d) Any other person, upon prior written agreement of the parties to this Agreement.

5. Any person given access to Discovery Materials, other than those persons referred to in paragraphs 3(a) and 3(c) above, shall be provided with a copy of this Agreement and shall execute the Certification attached hereto prior to being given access to any such Discovery Materials. At the time this action is finally concluded by dismissal, settlement or judgment or earlier if the parties agree or the Court so orders, counsel shall exchange each such executed Certification.

6. Nothing herein shall prohibit any of the parties hereto, or any other person or entity asserting a right of privacy or privilege relative to any Discovery Materials, from seeking further and/or different protection with respect to the disclosure, use and/or disposition of any Discovery Materials.

7. Nothing in this Agreement is intended to waive any rights of any party to object to the introduction of evidence on the basis of relevancy or for any other reason.

8. This Agreement shall apply in connection with the taking of depositions in this matter, and any persons not otherwise entitled to have access to Discovery Materials shall be excluded from any portions of any depositions involving any such Discovery Materials, and the contents of the deposition relating any such Discovery Materials shall be treated as confidential and shall be so identified, either at the time of the deposition or within 30 days following the availability of the transcript of any such deposition.

9. Nothing in this Agreement is, or is to be construed as a waiver of any right or privilege of any party, including any work product privilege, attorney-client privilege or other privilege or basis for objection to discovery or testimony.

10. Within thirty days of the final conclusion of this action by dismissal, settlement or judgment, all Discovery Materials produced by or on behalf of the DHMC

{C1061343.2 }

Isaacs v. DHMC, et al.
Confidentiality Agreement
Page 3

      Defendants to Plaintiff and/or his attorneys, shall be assembled and returned to DHMC Defendants' counsel, Sulloway & Hollis, P.L.L.C. (Edward M. Kaplan, Esq.); and all discovery material produced by or on behalf of the plaintiff to DHMC Defendants and/or their attorneys, shall be assembled and returned to plaintiff at 3553 W Chester Pk #177, Newton Square, PA 19073.

11. The Plaintiff and DHMC Defendants and their counsel agree that interrogatory responses and other discovery materials (documents, admissions, deposition testimony, etc.) furnished by or on behalf of any party in this litigation shall be used only for the purposes of this action.

                Dr. J.D. ISAACS

Date: August____ 2013

                _____
                Jeffrey David Isaacs
                3553 W. Chester Pk #177
                Newton Square, PA 19073


                DARTMOUTH HITCHCOCK MEDICAL CENTER,
                and
                MARY HITCHCOCK MEMORIAL HOSPITAL
                By their attorneys,
                SULLOWAY & HOLLIS, PLLC

Dated: August ___, 2013

                _____
                Edward M. Kaplan (NH Bar No. 1307)
                9 Capitol Street
                PO Box 1256
                Concord, NH 03302-1256
                (603) 224-2341

{C1061343.2 }

## CERTIFICATION

I, _____, having been provided with and having read and understood the terms of a certain "CONFIDENTIALITY AGREEMENT" between Dr. J.D. Isaacs and Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital, dated August ___, 2013 (copy attached hereto, Exhibit A), hereby certify that I will not disclose to any other person or entity or retain any copies of any "Discovery Materials" (as that term is defined in the attached Confidentiality Agreement) that may be furnished to me by Dr. J.D. Isaacs and/or his attorneys in connection with work that I may be asked to perform in connection with the litigation referred to in the attached Confidentiality Agreement.

I certify, further, that following my use of any such Discovery Materials provided to me in connection with any work that I may undertake in connection with the subject litigation, I will promptly, following completion of that work, return all such Discovery Materials (and any copies thereof) to counsel for plaintiff, Dr. J.D. Isaacs.

Dated: _____, 201__            _____
                                     (Typed) Name of Subscriber:

{C1061343.2}