UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| J.D. Isaacs,<br>　　　　　*Plaintiff*,<br><br>　　　　v.<br><br>Dartmouth Hitchcock Medical Center, et al.<br>　　　　　*Defendants*. | §<br>§<br>§<br>§　Civil Action No. 1:12-cv-00040-JL<br>§<br>§<br>§ |

**PARTIALLY ASSENTED-TO MOTION BY DARTMOUTH HITCHCOCK MEDICAL CENTER AND MARY HITCHCOCK MEMORIAL HOSPITAL FOR PROTECTIVE ORDER RELATING TO CONFIDENTIAL DISCOVERY MATERIALS**

Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH") respectfully move this Court for entry of a Protective Order, pursuant to Fed. R. Civ. P. 26(c) and LR 37.1, to protect confidential discovery materials from inappropriate disclosures by the Plaintiff, and to bar the use of such materials beyond this litigation.  This request is based upon the protected and sensitive nature of the materials and on the Plaintiff's published blog statement that "I'll be posting daily updates, I'll try to include background information – already some 5,000 pages of documents – to inform the public."  The Defendants propose that the relief sought in this Motion will apply equally to the parties, as set forth in the proposed Order, so all discovery is deemed to be confidential.  *See Exhibit 1.*  These Defendants request the matter be addressed at the hearing before this Court on October 31, 2013.

1.      These Defendants believe the publication of protected Quality Assurance materials and wide-spread public dissemination of private e-mails obtained in discovery would be inappropriate.  Entry of a Court Order protecting such information and limiting use to matters directly at issue in this litigation will, however, address those concerns and allow for production of information so the case may move forward.  An Order from the Court will also address confidentially concerns raised by the Plaintiff.  He has refused to produce e-mails or information about his "ReadNotify" tracking efforts, information about other claims and lawsuits, or authorizations for production of medical and academic records, alleging in part that some of those materials are confidential.  A Court Order would remedy that concern, and facilitate the exchange of discovery.

2.      These Defendants request an Order from the Court because attempts to reach an agreement with the Plaintiff have failed.  He has refused to execute an agreement voluntarily, and will not discuss a Court Order; he has in fact threatened to sue defense counsel for seeking a protective order.  That has led to a delay in discovery; the Plaintiff will not produce his allegedly confidential information, and these Defendants will not waive the statutory protections afforded to QA materials, or produce their own confidential materials.  The Plaintiff refuses to appear for his own deposition until he receives discovery, and these Defendants would prefer to get additional information from the Plaintiff (that he deems confidential and will not produce) before taking the Plaintiff's deposition.

3. These Defendants have requested assent to the relief requested in this Motion. The co-defendants assent. The Plaintiff has stated that he will not respond.

4. There are basically three categories of materials presently at issue, and that would be immediately impacted by a Protective Order. The first is the Defendant's Quality Assurance ("QA") file. The Plaintiff has requested it in discovery, and these Defendants have answered as follows:

> "7. Please identify and produce all emails in any email archives containing the terms "Dr. Isaacs" and/or "Isaacs" and/or "Jeffrey Isaacs" and/or "Jeff Isaacs" and/or any other name used to refer to the Plaintiff.
> **RESPONSE:**
> Defendants object to this request as it is overly broad and burdensome and not limited in time or in scope. Additionally, Defendants object to the production of quality assurance emails which may be responsive to this request, as said privileged documents are protected from disclosure by New Hampshire RSA 151:13(a) and 329:29(a). Defendants also object to producing documents which may be responsive to this request which were prepared after January 13, 2012, as those attorney client and/or work product documents were prepared in anticipation of litigation and are also privileged. Without waiving said objections, defendants are reviewing email databases, and upon execution of an agreed-to Confidentiality Agreement, will produce documents which they are able to locate which are responsive to this request."

5. As set forth above, these Defendants have properly asserted that RSA 151:13-a and other statutory provisions protect QA materials from discovery. The Plaintiff has not moved to compel the QA file or and has not otherwise challenged the application of statutory protections. Instead, he has filed a "motion for sanctions" for asserting those protections, and has used that dispute as justification for refusing to answer discovery propounded on him. For example, although his deposition was previously noticed by agreement, the Plaintiff later filed a motion for protective order, arguing that

his deposition should be delayed until such time as these Defendants produce what he demands (the Plaintiff ultimately stated that he would not appear for his deposition, so it was canceled before the Court ruled on his motion). Rather than fight over written discovery, these Defendants would prefer to simply exchange information under a confidentiality order and move on to the merits of the case. They have repeatedly told the Plaintiff that the information he seeks, from a QA file to e-mails, will be provided after he executes a confidentiality agreement, but he has refuses to do so.

6. A second category of materials at issue are e-mails that these Defendants have, either to or from the Plaintiff or otherwise mentioning him. These Defendants have compiled responsive materials, but as they have explained to the Plaintiff, those communications contain confidential information. The Plaintiff's discovery request and the defense answers are as follow:

> 15. Please identify and produce any and all of Plaintiff's email records.
> **RESPONSE:**
> The requested records are no longer available. By way of explanation, upon information and belief, a litigation hold request was submitted to Defendants' information technology department on or about January 17, 2012 requesting the preservation of plaintiff's email records. Defendants understood that said litigation hold was in place; however, when gathering the email records in order to prepare responses to plaintiff's request for production of documents, defendants first learned that the litigation hold had not actually been timely implemented. Accordingly, Dr. Isaacs' Hitchcock.org email account was not preserved. By way of further response, please see responses to Request Nos. 7 and 12 which will include emails sent to and from plaintiff which are still in defendants' possession, custody and control. Defendants believe they will be able to produce the vast majority of emails exchanged among plaintiff and those individuals who evaluated, supervised or participated in decisions concerning his brief residency.

As with the QA materials, these Defendants have maintained that the recaptured materials will be produced contingent on the execution of a Confidentiality Agreement. Again, the Plaintiff has rejected that reasonable proposal, and as a result he has stalled the discovery process. A Protective Order entered by the Court will address the confidentiality issue and facilitate discovery moving forward.

7.  The third category at issue is materials held or controlled by the Plaintiff. He has refused to provide various materials, including medical and academic records, asserting that they are confidential. The defense request for discovery, and the Plaintiff's reply, are as follow:

> 21. Please sign the attached authorizations for release of your medical records for every health care provider identified in these interrogatories, your education records, your employment records for every employer identified in these interrogatories, your disability records, your worker's compensation records and your income tax returns.
> **ANSWER:**
> Objections
> 1. Plaintiff objects to this request to the extent that it is overbroad, unduly burdensome, or requires unreasonable efforts or expense on behalf of the Plaintiff.
> 2. Plaintiff objects to this request as requesting confidential documents.
> 3. Plaintiff objects to this request because the documents requested are not relevant to the lawsuit or likely to yield information pertinent to this case.

These Defendants agree that medical and academic materials should be kept confidential, and remain willing to enter into a voluntary agreement protecting confidentiality issues raised by both sides. Unfortunately, the Plaintiff will not consider that type of resolution, and refuses to produce authorizations as requested. A Court Order should assuage his apparent concerns so the authorizations could be produced.

8.      The Defendants tried to resolve this dispute without Court intervention, but the Plaintiff's refusal to enter into a Confidentiality Agreement has made that impossible.  He insists on production of protected and confidential information from them, while refusing to answer legitimate discovery requests propounded on him.  These Defendants therefore ask the Court to assist the parties to get discovery on track by entering a Protective Order applicable to all parties.  The proposed Order will require that all discovery materials and discovered information will be kept confidential, and prohibit any use or publication of such information or materials outside of the disputed matters in this civil action.

9.      A proposed Order is attached.

10.     No memo of law is necessary to resolve this discovery issue, and therefore no is attached to the Motion.  The co-defendants assent to this motion; the Plaintiff does not.

WHEREFORE, in order to move discovery forward and protect confidential information, these Defendants request the Court to enter an appropriate Protective Order, and provide them with such other relief as the Court deems appropriate.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL<br>By Their Attorneys,<br>SULLOWAY & HOLLIS, P.L.L.C. |
| Dated: October 17, 2013 | By: | /s/ Christopher J. Pyles<br>Edward M. Kaplan (#1307)<br>Christopher J. Pyles, Esq. (#15165)<br>Sulloway & Hollis, P.L.L.C.<br>9 Capitol Street<br>Concord, NH 03301<br>(603)223-2863 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

|  |  |  |
|---|---|---|
| Dated: October 17, 2013 | By: | /s/ Christopher J. Pyles<br>Christopher J. Pyles |