EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Dr. J.D. Isaacs )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>Dartmouth- Hitchcock Medical )<br>Center, Mary Hitchcock Memorial )<br>Hospital, Dr. Christine T. Finn, and the )<br>Trustees of Dartmouth College )<br> )<br>    Defendants. )<br> ) | Case No. 1:12-cv-00040-JL |

## CONFIDENTIALITY ORDER

Upon Motion of Defendants Dartmouth-Hitchcock Medical Center and Mary Hitchcock Memorial Hospital, review of the records, and for good cause shown, the Court hereby Orders that all documents, testimony, interrogatory responses, discovery exchanges and all other types of information or materials produced by or on behalf of the Plaintiff or the Defendants in this case, in discovery, or otherwise in this litigation, shall be deemed "Discovery Materials." Discovery Materials shall further include all materials related in any way to Plaintiff's residency at Mary Hitchcock Memorial Hospital, the Plaintiff's residency file, all evaluative material, all testing material and all documents that are or could otherwise be protected by NH RSA 151-13a. Discovery Materials shall also include all e-mails generated in the course of or relating to the Plaintiff's residency, all medical records relating to the Plaintiff, and all academic records relating to the Plaintiff. This Order is intended to describe Discovery Materials in the broadest possible terms.

{C1084407.1 }

The Court hereby Orders and Decrees as follows relating to Discovery Materials in this case:

1. Discovery Materials shall be used only for the purposes of this action and in accordance with the terms of this Agreement.

2. Discovery Materials shall be deemed confidential and shall be maintained in confidence by plaintiff and defendants and/or their attorneys.

3. Discovery Materials shall not be published or posted on the internet or any type of social media.

4. Nothing in this Agreement will preclude plaintiff or defendants and/or their attorneys from disclosing Discovery Materials, in this litigation, to any or all of the following:

    a) Their attorneys (including legal, clerical, or other support staff employed by their attorneys and specifically assigned to assist in this litigation);

    b) Experts or consultants specifically employed by plaintiff or defendants and/or their attorneys for the purpose of assisting their attorneys in this action;

    c) The Court (and to any court reporter assigned to any hearing in this matter); and to

    d) Any other person, upon prior written agreement of the parties to this Agreement.

5. Any person given access to Discovery Materials, other than those persons referred to in paragraphs 3(a) and 3(c) above, shall be provided with a copy of this Agreement and shall execute the Certification attached hereto prior to being given access to any such Discovery Materials.  At the time this action is finally concluded by dismissal, settlement or judgment or earlier if the parties agree or the Court so orders, counsel shall exchange each such executed Certification.

6. Nothing herein shall prohibit any of the parties hereto, or any other person or entity asserting a right of privacy or privilege relative to any Discovery Materials, from seeking further and/or different protection with respect to the disclosure, use and/or disposition of any Discovery Materials.

7. Nothing in this Agreement is intended to waive any rights of any party to object to the introduction of evidence on the basis of relevancy or for any other reason.

8. This Agreement shall apply in connection with the taking of depositions in this matter, and any persons not otherwise entitled to have access to Discovery Materials shall be excluded from any portions of any depositions involving any such Discovery Materials, and the contents of the deposition relating any such Discovery Materials shall be treated as confidential and shall be so identified, either at the time of the deposition or within 30 days following the availability of the transcript of any such deposition.

9. Nothing in this Agreement is, or is to be construed as a waiver of any right or privilege of any party, including any work product privilege, attorney-client privilege or other privilege or basis for objection to discovery or testimony.

10. Within thirty days of the final conclusion of this action by dismissal, settlement or judgment, all Discovery Materials produced by or on behalf of the DHMC Defendants to Plaintiff and/or his attorneys, shall be assembled and returned to DHMC Defendants' counsel, Sulloway & Hollis, P.L.L.C. (Edward M. Kaplan, Esq.); and all discovery material produced by or on behalf of the plaintiff to DHMC Defendants and/or their attorneys, shall be assembled and returned to plaintiff at 3553 W Chester Pk #177, Newton Square, PA 19073.

11. The Plaintiff and DHMC Defendants and their counsel agree that interrogatory responses and other discovery materials (documents, admissions, deposition testimony, etc.) furnished by or on behalf of any party in this litigation shall be used only for the purposes of this action.

SO ORDERED.

                                                      Judge Joseph N. Laplante

Dated: _____ , 2013