UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| J.D. Isaacs,  *Plaintiff*,<br><br>v.<br><br>Dartmouth Hitchcock Medical Center, et al.  *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:12-cv-00040-JL |
|---|---|---|

**PARTIALLY ASSENTED-TO MOTION OF DARTMOUTH HITCHCOCK MEDICAL CENTER AND MARY HITCHCOCK MEMORIAL HOSPITAL FOR PROTECTIVE ORDER PROHIBITING DEPOSITIONS OF OUT-OF-STATE WITNESSES NOTICED FOR NEW HAMPSHIRE**

NOW COME Defendants, Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH"), by and through counsel, Sulloway & Hollis, P.L.L.C., and respectfully request that this Honorable Court issue a Protective Order pursuant to Fed. R. Civ. P. Rule 26(c) and LR 37.1, relating to depositions of out of state witnesses. Specifically, these Defendants seek a Protective Order barring the depositions of fact witnesses in California and New Jersey from being held in New Hampshire, and also request that issues relating to the location of depositions of non-party witnesses be addressed at the upcoming discovery conference on October 31, 2013. In further support of this Motion, these Defendants state as follows:

1. This is a discrimination claim brought against DHMC and MHMH, among others, after the Plaintiff was dismissed from a graduate medical education residency program.

{012085-0628 C1090440.1}

2. On October 5, 2013, the Plaintiff noticed depositions of Jeffrey Simon, M.D., and Ghislaine Guez, M.D. for November 12, 2013.

3. Dr. Simon lives in New Jersey; Dr. Guez lives in California.

4. Neither fact witness is currently employed by, or under the direction and control of, these Defendants. Counsel for these Defendants has offered to try and coordinate depositions of Dr. Guez and Dr. Simon at an appropriate venue near where they live and work, and will provide potential deposition dates to the Plaintiff when received from those witnesses.

5. Plaintiff has offered to depose these fact witnesses in California and New Jersey, but has not withdrawn his notices calling for depositions to be held in New Hampshire.

6. A Court may grant a protective order for good cause to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

7. Requiring non-party witnesses to travel from New Jersey and California to attend depositions in New Hampshire would subject them to the undue burden or expense that a protective order is designed to prevent. There is nothing prohibiting the Plaintiff from traveling to those locations for depositions, and in fact he had previously agreed to do so.

8. The unfair burden on these out-of-state, non-party witnesses is illustrated by an analogy to Fed. R. Civ. P. 45. Under that rule, the court must quash subpoenas that require a person "who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is

employed, or regularly transacts business in person…". See Fed. R. Civ Pro 45(c)(3)(A)(ii). Rule 45 also states that District Courts must quash subpoenas that impose an "undue burden." Fed. R. Civ Pro 45(c)(3)(A)(iv).

9.  It is well-settled that depositions of a corporation through its agents and officers would ordinarily be taken at the corporation's place of business. See Wright and A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2112 at 410 (1970); J. Moore and J. Lucas, MOORE'S FEDERAL PRACTICE P26.70 (1.4)(3rd Ed. 1976). As one federal court puts it, "the universally accepted rule in federal litigation is that, in the absence of special circumstances… a party seeking discovery must go where the desired witnesses are normally located…" *Work v. Bier*, 107 F.R.D. 789, 793 (Dist. of D.C. 1985). The rationale for the rule is that a defendant is not before the forum court by choice. In other words, if the Plaintiff wants to depose witnesses, he should go to them. *Id.* ("The defendants are not before this court by choice, but because plaintiffs brought suit here. Plaintiffs cannot now complain if they are required to take some discovery in the [location of the defendants]"); *Dunn v. Standard Insurance Co.*, 92 F.R.D. 31, 32 (E.D. Tenn. 1981)("Requiring [corporate witness] to travel from his residence and place of employment [out of state] to this district to take his deposition would subject him and his employer to undue burden and expense."). That rationale is even more applicable here, where the Plaintiff is seeking to compel non-party witnesses from California and New Jersey to be deposed in New Hampshire.

10. For these reasons, a protective order is an appropriate mechanism to specify the terms of these depositions, including the time and place. Fed. R. Civ. P. 26(c)(1)(B).

11. These Defendants request that a Protective Order be entered, ordering the Plaintiff to depose Dr. Guez in California at an appropriate venue near her place of work, with similar restrictions for the deposition of Dr. Simon in New Jersey, at a time when they are available.

12. The co-Defendants have assented to the relief requested in this motion; the Plaintiff has not.

WHEREFORE, for the reasons set forth above, these Defendants request that the Protective Order be granted and that they be given such other relief as the Court deems just and proper.

Respectfully submitted,

**DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL**

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated: October 17, 2013    By:    /s/ Christopher J. Pyles
Edward M. Kaplan (#1307)
Christopher J. Pyles, Esq. (#15165)
Sulloway & Hollis, P.L.L.C.
9 Capitol Street
Concord, NH 03301
(603)223-2863

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101


Dated: October 17, 2013        By:    /s/ Christopher J. Pyles
                                      Christopher J. Pyles