Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | |
| Plaintiff, *pro se*, | Case No. CV-12-40-JL |
| -V- | |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; DOCTOR CHRISTINE FINN; MARY HITCHCOCK MEMORIAL HOSPITAL; TRUSTEES OF DARTMOUTH COLLEGE; and JOHN DOE, | **RESPONSE TO MOTION FOR PROTECTIVE ORDER** |
| Defendants. | |

## I. RESPONSE TO MOTION FOR PROTECTIVE ORDER

Defendants have moved, without proffering even a single law or supporting case reference, for a broad "hush order" that squelches *pro se* Plaintiff Isaacs' First Amendment Right to Free Speech. Defendants, who apparently destroyed critical evidence to cover up fraud and abuse claims, now seek the Court's assistance to restrict Plaintiff's right to speak about his abuse. Such an order would be entirely unconstitutional and inappropriate, given the circumstances.

Defendant's proposed order is so overly-broad, as to define Discovery Materials as "*all e-mails generated in the course of or relating to the Plaintiff's residency, all medical records relating to the Plaintiff, and all academic records relating to the Plaintiff.*" **As the proposed protective order is worded, even Plaintiff's own opinions, emails, and documents would be prohibited from disclosure to others. Such a restriction of First Amendment rights is unprecedented in Federal Law.**

As worded, Plaintiff would have to effectively live in a vacuum and never discuss several years of his life with anyone. He could not discuss his residency experience with his parents, his treating physicians, or potential future employers. Ordering a disabled Plaintiff – who suffers from frontal brain impairment – to cease and desist speaking about his problems is, plain and simple, unethical and illegal. Frankly, the suggestion of such a broad order borders on Cruel and Unusual punishment – Defendants are asking a Federal Court to squelch a victim of abuse, and even prohibit his disclosure of his traumatic experience to doctors, family, or other law enforcement agencies (The NH Board, FBI, or others). Plaintiff would have to ask this Court permission on a frequent basis for what would be an unimaginable number of exceptions that would be needed for Plaintiff to move forward in his life.

Although Defendants have not offered any law or case reference for "hush" orders as requested, Plaintiff notes that Rule 26(c) grants this Court authority to restrain dissemination of discovery material for Good Cause. Defendants have not even begun to describe how "Good Cause" exists. *Plaintiff has assured Defendants that he will not violate any HIPAA rights of any patients – but nonetheless, Defendants have not produced even redacted patient records pertaining to sexual assault claims*. Moreover, 26(c) does not grant authority for a total restriction of First Amendment rights, which is effectively what Defendants seek, given their broad definition of "Discovery Materials." Citing *Cipollone*, the Fordham Law Review (1991, Jacqueline S. Guenego) <u>Trends in Protective Orders Under Federal Rule of Civil Procedure 26(c)</u> summarizes the requirement for an *appropriately limited* protective order:

> "Although many protective orders are entered by stipulation, a significant number are sought by motion. In such contested motions, most courts reject "broad allegations of harm," and instead, require that a movant demonstrate a particular need for the protection "by specific examples or articulated reasoning." The harm illustrated must be "significant, and not a mere trifle."  *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3d Cir.), remanded, 113 F.R.D. 86 (D.N.J. 1986), mandamus denied, 822 F.2d 335 (3d Cir.), cert denied, 484 U.S. 976 (1987); see National Hand Tool Corp. v. United States, No. 89-11-00636, 1990 Ct. Int'l Trade LEXIS 320, at *6 (Ct Int'l Trade July 23, 1990); Baker v. Liggett Group, Inc., 132 F.R.D. 123, 126 (D. Mass. 1990); Hawley v. Hall, 131 F.R.D. 578, 584 (D. Nev.1990); Nestle Foods Corp. v. Aetna Casualty & Sur. Co., 129 F.R.D. 483, 484 (D.NJ.1990); Brown v. Smythe, No. 90-3815, 1991 WL 183578, at *4 (E.D. Pa. Sept. 12, 1991); Macario v. Pratt & Whitney Canada, Inc., No. 90-3906, 1990 U.S. Dist. LEXIS 17411, at *5 (E.D. Pa. Dec. 20, 1990); Colantuoni v. Macomber, No. 89-2244, 1990 U.S. Dist. LEXIS 1999, at *2 (D.D.C. Feb. 26, 1990); In re the Exxon Valdez, No. A89-095, 1990 U.S. Dist. LEXIS 7999, at *4 (D. Alaska Feb. 2, 1990); New Eng. Say. Bank v. First Commercial Corp., No. 88-2570, 1989 U.S. Dist. LEXIS 9296, at *7 (D.NJ. Aug. 9, 1989)."

In the pending Motion, Defendants have not even articulated any specific harm or reason to restrict Plaintiff's rights. Plaintiff asserts that it is in the public interest to allow discovery materials to be published. When universities do wrong (ie Penn State football scandal), they cannot simply run to a Court and ask for a protective order to cover up the abuse. Such is counter-intuitive, and ***Defendants have not provided a single case law of a university that successfully obtained a protective order against a victim***.   If an institution such as Dartmouth abused a doctor, destroyed emails to cover up the abuse, and defrauded the doctor to the point of causing or exacerbating frontal brain impairment – such activity is in the public interest, and Dartmouth absolutely does not deserve to have a protective order to cover up their crimes.

Of note, Plaintiff has abandoned any efforts to intentionally publish a blog. In fact, he published the one page "summary of the claim" on Facebook, so that his friends, who haven't heard from him in two years, would know , generally, about his situation. The single page blog post upset the Plaintiff's grandmother, and as a result, Plaintiff has decided that the 'one page summary' is sufficient for the foreseeable future.

If Defendants wish to move for a specific protective order, such as one pertaining to a widely distributed blog (as opposed to Plaintiff's facebook page, which is read by no more than 140 people including Plaintiff's grandmother), or pertaining to a public figure (ie World Bank president Jim Yong Kim), then the Court *might* have some tangible protective order to consider re good cause. As it stands, Defendants simply wish to harm the Plaintiff and hush him – even to his doctors, as the current motion is worded. Plaintiff has informed the Defendants that he considers their current motion as continuing evidence of obstruction of process, and cover up of fraud. Plaintiff hopes this Court appropriately

addresses the more urgent issues, namely, what appears to be felony destruction of emails – something that simply doesn't happen "by accident" in the year 2013.

Respectfully submitted, this 27th day of October, 2013.


/s/ JD ISAACS


J. D. ISAACS

3553 West Chester Pike Unit 177

Newtown Square, PA 19073


Plaintiff, *pro se*

JDIsaacs v. DHMC
Case No. 12-CV-40-JL

**CERTIFICATE OF SERVICE**

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing REPLY TO MOTION FOR PROTECTIVE ORDER was delivered via USPS & electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.

Executed on this 27th day of October, 2013.


/s/ J. D. Isaacs

J. D. ISAACS

Plaintiff, *pro se*