UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


J. D. Isaacs

   v.                                       Civil No. 12-cv-40-JL

Dartmouth Hitchcock Medical
Center, et al.[1]


**O R D E R**

Pending before the court are numerous motions concerning discovery and other related matters (doc. nos. 71, 72, 75-77, 79, 86, 89, 93, 98, and 100-102). The district judge has referred all pending motions in this case to this magistrate judge for ruling. I held a hearing on October 31, 2013, concerning all pending motions in this matter. I issued oral rulings from the bench on all but one of the motions, plaintiff's motion for a subpoena for PACER records (doc. no. 89). What follows is a summary of my oral rulings and resolution of the motion for a subpoena for PACER records.

---

[1] The defendants in this matter are the Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital (collectively the "Hitchcock defendants"), and the Trustees of Dartmouth College and Dr. Christine Finn (collectively the "College defendants").

1.  Joint Motion for Hearing for Emergency Scheduling Conference (Doc. No. 72) and Plaintiff's Motion to Strike Motion for Hearing (Doc. No. 75)

    The defendants' motion (doc. no. 72) is DENIED as moot, as a hearing was held On October 31, 2013.  The plaintiff's motion to strike (doc. no. 75) is also DENIED.

2.  College Defendants' Motion for Protective Order (Doc. No. 76) to prevent deposition of Dr. Jim Yong Kim

    The motion (doc. no. 76) is GRANTED.  Once all of the other depositions are complete in this matter, plaintiff may renew his request for Dr. Kim's deposition, if he can demonstrate that Dr. Kim possesses discoverable information not obtained or obtainable from any other source.

3.  Hitchcock Defendants' Motion for Protective Order (Doc. No. 79) and College Defendants' Motion to Quash Subpoena (Doc. No. 98) to change the location of depositions of Drs. Riblet, Friedman, and Green

    The motions (doc. nos. 79 and 98) are GRANTED.  Depositions will be held at a neutral location in Lebanon with an off-duty law enforcement officer present.  As agreed to by defendants, the costs associated with obtaining a neutral location and hiring the officer will be borne by defendants.

4.  <u>Plaintiff's Motion for a Protective Order (Doc. No. 86) concerning the deposition of the plaintiff</u>

The motion (doc. no. 86) is DENIED as unnecessary because defendants have agreed that the deposition of the plaintiff can be held on one day and will last less than six hours. The deposition will be conducted in two three-hour sessions, to take place on the same day, with at least one hour in between the sessions.

5.  <u>Defendants' Motion for Protective Order (Doc. No. 102) Concerning Depositions of New Jersey and California Witnesses (Drs. Guez and Simon)</u>

The motion (doc. no. 102) is DENIED as unnecessary because plaintiff has agreed that the depositions of witnesses Guez and Simon will be conducted in the city or town where the witnesses live or work, or as otherwise agreed by the parties.

6.  <u>Plaintiff's Motion for Subpoena (Doc. No. 89) for PACER Service</u>

The motion (doc. no. 89) is DENIED without prejudice to plaintiff renewing his motion if he is unable to obtain the information he seeks in discovery.

7.  <u>Plaintiff's Motion for Sanctions and Injunctive Order (Doc. No. 71) and Addendum (Doc. No. 77)</u>

The plaintiff's motion (doc. no. 71) is GRANTED in part and DENIED in part, as specified herein:

A. Sanctions

All of plaintiff's requests for sanctions are DENIED. The defendants have not violated any court order to compel discovery. Sanctions are inappropriate at this time.

B. Admissions

Plaintiff's request to have any fact deemed admitted by any defendant is DENIED, as it is mooted by the scheduling order issued today.

C. Email

i. Keyword Searches

Plaintiff's request for "Keyword Searches" of the email systems of the Hitchcock and College defendants for the term "Isaacs" is GRANTED in part and DENIED in part. As discussed at the hearing, the defendants will provide to plaintiff the results of Keyword Searches for certain individuals' email accounts for the period beginning January 1, 2011, and ending March 19, 2012.

The College defendants have agreed to produce to plaintiff, on or before November 14, 2013, search results for the keyword "Isaacs" for the email accounts of: Attorney O'Leary, Dr. Jim Yong Kim, and Dr. Alan Green. The Hitchcock defendants have

agreed to produce to plaintiff, on or before November 14, 2013, search results for the keyword "Isaacs" for the email accounts of: Dr. Christine Finn, Dr. Marc Bertrand, and Dr. Harley Friedman.  To the extent that defendants assert a privilege as a reason not to disclose any results of these searches, a privilege log will also be provided to plaintiff by November 14, 2013.

### ii. Forensics Expert

Plaintiff's request for a forensics expert to attempt to recover plaintiff's Outlook email account is DENIED at this time, without prejudice to renewal should the information he seeks not be produced during the Keyword Searches to be conducted by defendants pursuant to this order.

The court notes that plaintiff made clear during the hearing that he was less concerned with the production of his Outlook account than he is with the Keyword Search (for "Isaacs") of certain employees of defendants.  As plaintiff candidly admitted, plaintiff is generally aware of what was in his Outlook account, as he previously saw the ingoing and outgoing emails of that account.  Plaintiff stated that he cannot recall any "smoking gun" email evidence in his Outlook account.

5

    D.    Patient Records

Plaintiff, in the addendum to his motion for sanctions and an injunction order (doc. no. 77), asks the court to compel defendants to produce medical records of certain patients he treated during his internal medicine rotation.  The request is DENIED as plaintiff has not demonstrated the materiality of those records to any issue in this matter.

8.    Plaintiff's Motion to Quash Subpoenas (Doc. No. 93) for USC and American University of the Caribbean records

The motion to quash (doc. no. 93) is DENIED.  The relevance of educational records has been demonstrated by defendants. Plaintiff's argument that the confidential settlement concerning the USC records precludes discovery is not accurate.  The settlement agreement exempts from its purview any court-ordered disclosure.

9.    Defendants' Motion to Compel (Doc. No. 100) Answers to Interrogatories 11, 17, 18 and 21

The motion (doc. no. 100) is GRANTED.  The defendants have demonstrated the relevance of the requested information. Plaintiff is directed to respond to interrogatories numbered 11, 17, 18 and 21 on or before November 14, 2013.

10. <u>Defendants' Motion for a Protective Order (Doc. No. 101)</u>

Because the parties have extreme difficulty agreeing on simple matters of discovery, and because so much of the discovery in this case concerns confidential matters (such as medical records; audit trails; quality assurance information; personnel records, including evaluations and testing; educational records; and employment records), the court believes a broad confidentiality order is appropriate.  The motion for a protective order (doc. no. 101) is therefore GRANTED.  The court has issued this date, a protective order in this matter substantially similar to the proposed order (doc. no. 101-1) submitted by the Hitchcock defendants.  The court notes that the protective order applies to all of the parties in this case.

11. <u>Scheduling</u>

    A.   Each party will have until December 2, 2013, to submit a request to any other party to produce any interrogatory response, document, or other item in discovery, or to notice any depositions yet to be taken.

    B.   The parties will then have until January 2, 2014, to either produce the discovery requested, produce privilege logs, or submit to the requesting party any objection, in writing, to providing the requested item.

7

C.   Any motions to compel, or other motions to resolve any outstanding discovery dispute, must be filed by January 16, 2014.  These motions must be in compliance with the Federal Rules of Civil Procedure and this court's Local Rules.

The court reminds plaintiff that pro se parties must follow the rules of court and the Federal Rules of Civil Procedure.  As just one example, with any motion to compel, our local rules require the movant to attach an exact copy of the request and the response.  Failure to abide by the rules of court may result in sanctions, such as the court denying a motion that fails to so comply.

D.   Discovery will close on February 3, 2014.

E.   The deposition of the plaintiff will take place on or before December 19, 2013.

F.   All experts will be disclosed in compliance with Fed. R. Civ. P. 26(a)(2)(B).  The plaintiff must disclose expert witnesses by December 13, 2013.  Defendants must disclose expert witnesses by January 10, 2013.  Plaintiff's supplementations under Fed. R. Civ. P. 26(e) are due December 27, 2013, and defendants' supplementations are due January 24, 2014.  Challenges to expert testimony must be made by February 28, 2014.

G.  Motions for summary judgment are due February 17, 2014.

H.  A final pretrial conference will be held June 27, 2014, at 2:00 p.m.

I.  Trial is continued to the two-week trial period beginning July 8, 2014.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

November 4, 2013

cc:  Christopher James Pyles, Esq.
     Edward M. Kaplan, Esq.
     Kathleen C. Peahl, Esq.
     Pierre A. Chabot, Esq.
     Jeffrey D. Isaacs, M.D., pro se