Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | )<br>)<br>) |
| Plaintiff, *pro se*, | ) Case No. CV-12-40-JL<br>) |
| -V- | )<br>) |
| DARTMOUTH HITCHCOCK MEDICAL CENTER;<br>DOCTOR CHRISTINE FINN;<br>MARY HITCHCOCK MEMORIAL HOSPITAL;<br>TRUSTEES OF DARTMOUTH COLLEGE; | ) **PLAINTIFF'S REPLY TO**<br>) **MOTION FOR**<br>) **RECONSIDERATION**<br>) |
| and JOHN DOE, | ) |
| Defendants. | ) |

JDIsaacs v. DHMC
Case No. 12-CV-40-JL

## I. REPLY TO MOTION FOR RECONSIDERATION

Plaintiff, via this reply, briefly addresses several matters of purported confusion asserted by the Defendants in their objections. Furthermore, Plaintiff submits newly discovered evidence of email deletion and other misfeasance to support his Motion for Sanctions.

1) *DHMC's claim that the USC/AUC subpoena productions are "moot" is easily correctable*

DHMC argues that because AUC and USC have recently produced the subpoena records, the matter is now moot. Plaintiff believes he should have an opportunity to have the subpoenas quashed in the ancillary Court with jurisdiction over the matter. If the subpoenas are quashed, any responsive documents sent to DHMC may be deemed inadmissible as evidence.

Furthermore, it is noted that USC produced Plaintiff's entire educational file for DHMC, and the first thirty pages of the educational file are the various settlement agreements sealing, discharging and/or acquitting the remainder of the student file. If there was any ambiguity regarding whether or not the settlement agreements with USC pertained to plaintiff's enrollment matriculation ("agreements of any nature whatsoever"), USC has apparently clarified that matter through its production of his student file, which includes the settlements first and foremost.

2) *Plaintiff intends to notice appeal re the Motion for Sanctions*

Attorney Chabot appears to have completely mis-read Plaintiff's motion, and purports Plaintiff is filing an "invalid interlocutory appeal" on the Motion to Quash denial. To clarify (if any clarification is needed), Plaintiff intends to appeal the denial of his Motion for Sanctions & Injunction. Plaintiff has no intent to immediately appeal interlocutory issues such as the Motion to Quash.

3) *Newly discovered evidence supporting sanctions*

JDIsaacs v. DHMC
Case No. 12-CV-40-JL

a) As ordered by the Magistrate, the defendants have finally produced some *limited* email search results pertaining to "Isaacs" keyword. Unfortunately, the production falls short of an honest production, and evidences reckless disregard for preserving evidence. According to Plaintiff's attached Affidavit (Exhibit A), approximately forty emails from between Defendant Finn and the Plaintiff have disappeared. Interestingly, even emails produced for the NHES last year were not produced for this Court.

b) A major discrepancy exists between DHMC and Dartmouth College's email production. Exhibit B is an email sent from Defendant Finn to Alan Green, stating that Finn wanted to terminate Plaintiff for cause, rather than "drag this out." The email was sent the day Finn learned of litigation. There simply cannot be much better evidence of retaliation than this email. Dartmouth knew about Plaintiff's Arizona internship since March 2011, but decided to terminate for cause the day they learned of a lawsuit.

A discrepancy exists because the email was produced by Dartmouth College's search of Alan Green's account. The email was NOT produced by DHMC's search for Finn's account. *The email should have been produced by both Defendants*. It was not. There is absolutely no integrity or validity , at this point, of DHMC's email production. This is why Plainitff moved for sanctions, and why they must be granted.

What seems clear is that after learning about the lawsuit, Finn 'scrambled' to terminate Plaintiff and delete all emails that might evidence the bizarre abuse she subjected the Plaintiff to for six months.

c) Finn was concerned about Plaintiff's "adversarial tone" and quickly moved to limit his access to Outlook and eDH (Exhibit C). Quite simply, Finn did not want Plaintiff to access evidence that could be used against her. Moreover, Bertrand (who is alleged to have spoken with Arizona) issued the same instructions that Arizona issued on Plaintiff's last day at Arizona: revoke access/lock the doors.

d) Numerous emails indicate how Plaintiff was vilified by supervisors, and how other doctors were "turned" on Plaintiff.  Plaintiff's last supervisor, Cynthia Swartz, stated he "doesn't need supervision"  and "did a good job" (Exhibit D). However, Finn disregarded

that recommendation and emailed Harley Friedman that "Isaacs is falling apart a bit" and "getting worse."(Exhibit E)  Interestingly, Friedman (six months earlier) had emailed Finn that Plaintiff's "biggest problem is not his medical knowledge or skills."(Exhibit F). Friedman then went on a mission to explore a purported "rabbit hole" of the "crazy insanity" Plaintiff (Exhibit G), and started to email others false statements that Plaintiff never obtained an MBA or went to law school (Exhibit H, Wharton emails Friedman back replying that Plaintiff did, in fact, attend Wharton and INSEAD in France). Friedman also degrades Plaintiff's French MBA (a consistently top ranked international MBA) , reluctantly acknowledging that although it "is actually quite good", insinuates that Plaintiff lied about attending Wharton.

4) *Supporting evidence exists that Plaintiff was "fragile" and others "felt bad" for treatment by Khagi*

As further evidence that this Court should allow discovery on the unnecessary prostate exams ordered by Khagi, Plaintiff submits newly discovered evidence that at least one other DHMC individual felt "really bad" for how Plaintiff was treated by Khagi (Exhibit I). Furthermore, as Dr Friedman and Swartz have acknowledged Plaintiff's medical knowledge was not the problem, and in light of the fact Plaintiff's  national board USMLE scores far surpass Dr Khagi (241 vs 219),  Plaintiff must be granted some leeway in his declarations that he was ordered to conduct unnecessary prostate exams.

As discovery progresses, Plaintiff acknowledges that this case becomes more frustrating and confusing. It is unclear which actors at DHMC knew what. What is clear is that Plaintiff was vilified , was "falling apart", and was defrauded by Dartmouth. Deleted evidence may prevent this Court from ever understanding what happened at Dartmouth. They should be sanctioned, pursuant to growing authority on ESI litigation hold responsibilities.  Moreover, it is noted (Exhibit J) that Plaintiff specifically informed Dartmouth (Kim's office) that he "wasn't angry" at Dartmouth. Plaintiff initially saw this

case as a relatively limited unethical sham carried out by Bertrand, Finn, Green, and a few others. He hoped Dartmouth would investigate. Instead, they hired attorneys (who have apparently played a role in FOUR pending retaliation cases involving DHMC!) who appear to have joined in on the unethical sham, recklessly disregarding the rules of evidence production and preservation. To be clear, Plaintiff is not prosecuting this case to harm Dartmouth. He would like to be proud of his *alma mater* and expose the few bad actors he encountered at DHMC.

Respectfully submitted, this 26th day of November, 2013.


/s/ JD ISAACS


J. D. ISAACS

3553 West Chester Pike Unit 177

Newtown Square, PA 19073


Plaintiff, *pro se*

JDIsaacs v. DHMC
Case No. 12-CV-40-JL

**CERTIFICATE OF SERVICE**

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing REPLY TO MOTION FOR RECONSIDERATION was delivered via USPS & electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.

Executed on this 26th day of November, 2013.

                                                         /s/ J. D. Isaacs

                                                         J. D. ISAACS

                                                         Plaintiff, *pro se*