Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOCTOR J. D. ISAACS | |
| Plaintiff, *pro se*, | Case No. CV-12-40-JL |
| -V- | |
| DARTMOUTH HITCHCOCK MEDICAL CENTER; DOCTOR CHRISTINE FINN; MARY HITCHCOCK MEMORIAL HOSPITAL; TRUSTEES OF DARTMOUTH COLLEGE; and JOHN DOE, | **OBJECTION TO MOTION FOR LEAVE TO FILE SURREPLY** |
| Defendants. | |

## I. OBJECTION TO MOTION FOR LEAVE TO FILE SURREPLY

Plaintiff generally assents to a Defendants' desire to file a sur-reply, however, Plaintiff objects to the introduction of knowingly false testimony into this lawsuit. Document #114 introduces an Affidavit by Defendant Finn (Exhibit 2 of Document #114) which contains knowingly false or materially misleading statements.

**Paragraph #3 of Finn's Affidavit falsely declares that Plaintiff's email account was deleted due to his dismissal**

Plaintiff's termination letter(Exhibit A), signed by Defendant Finn, begins "*This letter is to inform you of your dismissal from the adult psychiatry residency training program at the Dartmouth Hitchcock Medical Center effective March 19, 2012.*"

Plaintiff has already filed, in his Reply to Motion for Reconisderation, evidence that Finn ordered "shut down" of Plaintiff's ESI on or about January 20, 2012.

Where Finn declares (Paragraph 3 of her affidavit) "Other than informing the appropriate person .. that Dr Isaacs' access to email *was to be restricted on account of his dismissal* ... I never took any action with respect to plaintiff's email account".

Setting aside the fact that Finn's language (eg 'was to be restricted on account of his dismissal') is peculiarly vague, the assertion is false or materially misleading. Finn clearly shut down Plaintiff's account days after she learned about this lawsuit, but months before Plaintiff's dismissal. To declare it was shut down 'on account of Plaintiff's dismissal' is a false statement that should not be allowed to be introduced as evidence .

**Paragraph #2 of Finn's Affidavit is materially misleading**

Finn declares that she never had "any control over the preservation" of Plaintiff's email account. In fact, Finn instructed one Christine Fitts to instruct DHMC IT to shut down (and thereby delete) Plaintiff's electronic access. It appears Finn is now trying to raise a separate issue , namely, that DHMC had responsibility to backup Plaintiff's emails and

failed to do so. Had Finn not deleted the account, that matter of backing up would be moot. Again, such misleading testimony should not be accepted by this Honorable Court.

**Paragraph #1 raises concern**

Finn declares that , upon Plaintiff's termination in March 2012, she preserved all of relevant emails in her custody/control. Of course, the motion for sanctions argues that evidence was destroyed hastily in January 2012. It is unclear why Finn is testifying about her attempts to preserve emails two months later.

**Paragraph #4 raises concern**

Finn declares that she never deleted relevant emails, unless she had otherwise archived the emails. This raises some skepticism that DHMC and/or Finn have additional evidence "otherwise saved" that has not been turned over or visible in searches for the keyword "Isaacs."

At this point in litigation, some two years into the case, the Defendants have failed to offer any plausible evidence or explanation for how and when they learned about Plaintiff's Arizona and California enrollments. All depositions conducted to date have yielded witnesses with exceptionally poor memory or knowledge as to the central allegations of this lawsuit. Plaintiff asserts that ESI is critical to discovering what happened. Serious questions exist as to the integrity of Dartmouth's ESI preservation. A forensic investigation, carried out by an independent firm and/or law enforcement, is appropriate. Surely some ESI must have existed, at some point in time, explaining how Finn & Dartmouth Psychiatry learned of CA/AZ. Interestingly, no evidence has been produced documenting any sort of due process regarding the California matter. One would reasonably think that Dartmouth, upon learning about California, would have some evidentiary trail of the due process deliberating the matter.

This motion has been pending since August, and Defendants only recently attempted, via a knowingly false affidavit sworn to by Defendant Finn, to explain the email loss.

Finally, Plaintiff would like to assert the public interest in considering precedent for sanctions. With increasing frequency, our nation witnesses unfortunate and damaging escalations from individuals at educational institutions. Often, these escalations yield information that the individuals involved were bullied, or suffered from neuropsychiatric ailments similar to the Plaintiff(Exhibit B).. It is frequently asked in the media whether better interventions should be available at the schools, or in the legal system. In hindsight, it is often suggested that if the individuals had better knowledge of recourse and assistance available, accidents would be preventable. Plaintiff submits that he is, in fact, an example of a case where a victim knew his rights and sought recourse – he had relatively advanced training compared to the typical victim of mistreatment In response to Plaintiff seeking ethics investigations and discovery of what happened, litigation has been stonewalled, evidence destroyed, school officials perjured themselves or disavowed knowledge, and a "blame the victim" response where an 8 year old matter that had been sealed and acquitted has been used as ammunition against the Plaintiff. Again, public interest dictates that if a victim was observed to have endured six months of "nervous breakdown" characteristics, ESI evidence preservation regulations (in otherwise difficult to prove bullying / harassment claims) shall not be lackadaisical.

Respectfully submitted, this 11th day of December, 2013.

JDIsaacs v. DHMC
Case No. 12-CV-40-JL

1
2                                        /s/ JD ISAACS
3
4                                        J. D. ISAACS
5                                        3553 West Chester Pike Unit 177
6                                        Newtown Square, PA 19073
7
8                                        Plaintiff, *pro se*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JDIsaacs v. DHMC
Case No. 12-CV-40-JL

# CERTIFICATE OF SERVICE

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing **OBJECTION TO MOTION FOR LEAVE TO FILE SURREPLY** was delivered via USPS & electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel.

Executed on this 11th day of December, 2013.


       /s/ J. D. Isaacs

       J. D. ISAACS

       Plaintiff, *pro se*

JDIsaacs v. DHMC
Case No. 12-CV-40-JL