UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| J.D. Isaacs,<br>    *Plaintiff*,<br><br>    v.<br><br>Dartmouth Hitchcock Medical Center, et al.<br>    *Defendants*. | §<br>§<br>§<br>§ Civil Action No. 1:12-cv-00040-LM<br>§<br>§<br>§ |

**DEFENDANTS' JOINT MOTION TO COMPEL AND REQUEST FOR RELIEF**

Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH") request relief from the Court under Fed. R. Civ. P. 37 and LR 37.1. The other Defendants join in this motion. The Plaintiff has refused to comply with the Order issued on November 4, 2013, despite the Court specifically granting the Defendants' Motion to Compel and directing the Plaintiff to respond to Defendant Interrogatories 17, 18 and 21 by November 14, 2013. In addition to ignoring the Court's Order and disregarding the response deadline, the Plaintiff would not provide substantive answers to related questions during his deposition on December 19, 2013. His refusal to provide relevant information and signed authorizations in accordance with Court's Order obstructs and delays discovery, and prejudices the Defendants' ability to prepare the case for trial. They now to seek to compel production, and ask the Court to provide such other relief as it deems appropriate.

As the Court is aware, a number of discovery disputes arose after the Plaintiff terminated his lawyers, resulting in motions being filed with the

Court. Those included a Motion to Compel filed by the Defendants on October 17, 2013, relating to the Plaintiff's incomplete answers to Interrogatories 17, 18 and 21. *Docket Entry No. 100.*

Interrogatories 17 and 18 asked for information about other claims made by the Plaintiff and how they were resolved. Those two Interrogatories and the deficient portions of the Plaintiff's answers are set forth below:

> "17. Have you ever applied for benefits, or made any other claims for monetary damages of any type, against any other person, party or employer alleging any type of claim, including, but not limited to, worker's compensation claims, disability benefits claim, wrongful termination claims, harassment and/or discrimination? If yes, please state:
>     a. The identity of each person, party or employer against whom you made any such claim;
>     b. The nature of each such claim;
>     c. A complete description of all injuries you claim to have suffered associated with each claim;
>     d. The name and address of each insurer for each claim for disability, worker's compensation and/or other benefit claimed;
>     e. The court or administrative agency, and corresponding claim or docket number, in which each claim and/or lawsuit was filed, and
>     f. The present status of each claim.
> **ANSWER:**
>     5. A Harvard attorney who 'wrote the book' on disability law filed a claim on my behalf against a former employer. The matter is resolved and all parties agreed to keep the matter confidential. Of relevance to this case, the nature of the claims were performance & concentration issues, and bullying evidenced by obtained derogatory emails against me, referencing perceived national origin "Frenchie," fatigue from working beyond the "French work week" and other protected classes."
>
> "18. If any of the aforementioned claims have settled or have otherwise resolved, please state:
>     a. The date of the settlement or resolution;
>     b. The terms of the settlement or resolution;
>     c. The parties to the settlement or resolution; and
>     d. Please identify and attach to your answers to these interrogatories copies of any and all documents which confirm the terms of the settlement or resolution, including, but not limited to

the settlement release and all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.
ANSWER:
Answered in question 14 above- prior lawsuits had been settled or expired, USDOL intervention resolved the benefits matter."

The Plaintiff refused to fully identify what other claims he had made, who he made them against, what the allegations were, or how they were resolved. In addition, at Interrogatory 21, the Defendants requested signed authorizations for medical records and other materials; the Plaintiff refused to provide them. The text of the Interrogatory and the Plaintiff's answer was:

"21. Please sign the attached authorizations for release of your medical records for every health care provider identified in these interrogatories, your education records, your employment records for every employer identified in these interrogatories, your disability records, your worker's compensation records and your income tax returns.
ANSWER:
Objections
1. Plaintiff objects to this request to the extent that it is overbroad, unduly burdensome, or requires unreasonable efforts or expense on behalf of the Plaintiff.
2. Plaintiff objects to this request as requesting confidential documents.
3. Plaintiff objects to this request because the documents requested are not relevant to the lawsuit or likely to yield information pertinent to this case."

The Court granted the Defendants' Motion to Compel from the bench during a hearing on October 31, 2013, and confirmed the ruling in the Order issued on November 4, 2013. *Docket Entry No. 106*. In that Order, the Court held that <u>"[t]he defendants have demonstrated the relevance of the requested information. Plaintiff is directed to respond to interrogatories numbered 11, 17, 18 and 21 on or before November 14, 2013</u>." *Id., p. 6 (underline added)*.

{012085-0628 C1117441.1 }   3

The Court specifically reminded the Plaintiff that "[f]ailure to abide by the rules of the court may result in sanctions[.]" *Id., p.8*.

The Plaintiff did not provide answers to Interrogatories 17 and 18 as ordered by the Court, nor did he produce the required signed authorizations. Instead, he asserted new complaints about authorizations, ignored the questions, and refused to comply with the clear directives of the Court. He did not respond by November 14 as ordered, and still has not obeyed the Court.

The Plaintiffs intransigence continued during his deposition on December 19, 2013. He was specifically asked about claims made against prior employers, and while he admitted to making a claim against Merrill Lynch, he refused to identify what the specific claims were, or how they resolved. *See Plaintiff's Deposition, pp. 89-93; 266-67*. That was the same information the Court ordered him to produce in answering Interrogatories 17 and 18. As previously held by the Court, the Defendants demonstrated the relevance of the requested information, yet the Plaintiff simply refused to provide it.

A similar willful violation of the Court Order is illustrated by the Plaintiff's refusal to provide signed authorizations for medical records. The Court held that those records are relevant, and there is now a protective order in place to provide confidentiality; moreover, there is no burden on the Plaintiff as he only needed to sign forms and return them. Yet rather than obey the Court, he raised new complaints or asked the Defendants to subpoena records. That is not what the Court required from him, and his refusal to comply was starkly illustrated during his deposition:

> Q. In my Interrogatory I asked you to sign authorizations which you have not done.
> A. That's right.
> Q. Despite the Court Order that you do so.
> A. That's - - I disagree with that.

The Plaintiff admits that he has not signed the authorizations. *See Deposition Transcript pp. 274-276.* His "disagreement" with the clear Court Order is not a valid basis to ignore it.

The basis for this Motion is simple. The Court ordered the Plaintiff to provide specific information, and required him to do so by November 14, 2013. He did not. He is aware of the Court Order, and has even challenged other parts of it, but did nothing to seek reconsideration of these issues. Instead, he has chosen to unilaterally disregard clear discovery orders from the Court. His refusal to provide relevant discovery delays and obstructs discovery, and prejudices the Defendants.

The Defendants seek judicial relief in the face of such flagrant disregard of the Court's authority. Pursuant to Fed. R. Civ. P. 37, the Court has a broad range of discretionary power dealing with violations of a Court Order. The Defendants request immediate production of the information and signed authorizations, and ask the Court to provide whatever other relief it deems appropriate under the circumstances.

The Trustees of Dartmouth College and Dr. Finn have relied on the Court's order relative to DHMC and MHMH's outstanding discovery requests, and so are joining in this motion rather than filing separately, in the interest of judicial economy.

As required by local rule, the Defendants requested the Plaintiff's assent to this motion.  He has not responded to date.

                                        Respectfully submitted,

                                        **DARTMOUTH HITCHCOCK MEDICAL CENTER and MARY HITCHCOCK MEMORIAL HOSPITAL**

                                        By Their Attorneys,
                                        SULLOWAY & HOLLIS, P.L.L.C.

Dated: January 16, 2014        By:   <u>/s/ Christopher J. Pyles</u>
                                        Edward M. Kaplan (#1307)
                                        Christopher J. Pyles, Esq. (#15165)
                                        Sulloway & Hollis, P.L.L.C.
                                        9 Capitol Street
                                        Concord, NH 03301
                                        (603)223-2863

                                        **TRUSTEES OF DARTMOUTH COLLEGE and**
                                        **DR. CHRISTINE FINN**

                                        By Their Attorneys,
                                        WADLEIGH STARR & PETERS, PLLC

Dated: January 16, 2014        By  <u>/s/ Pierre A. Chabot</u>
                                        Kathleen Peahl, Esq. (#6880)
                                        Pierre A. Chabot (#17606)
                                        Wadleigh Starr & Peters, PLLC
                                        95 Market Street
                                        Manchester, NH 03101

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101


Dated:  January 16, 2014         By:     /s/ Christopher J. Pyles
                                         Christopher J. Pyles