# WADLEIGH, STARR & PETERS, P.L.L.C.

WILLIAM C. TUCKER
EUGENE M. VAN LOAN III, Of Counsel
JOHN E. FRIBERG, Sr.
JAMES C. WHEAT
RONALD J. LAJOIE
KATHLEEN N. SULLIVAN
JEFFREY H. KARLIN
DONALD J. PERRAULT
MARC R. SCHEER
GREGORY G. PETERS
ROBERT E. MURPHY, Jr.
DEAN B. EGGERT
MICHAEL R. MORTIMER
KATHLEEN C. PEAHL

Attorneys At Law
95 Market Street
Manchester, New Hampshire 03101
Telephone (603) 669-4140
Facsimile (603) 669-6018

WWW.WADLEIGHLAW.COM

*Serving New Hampshire since 1899*

Direct Dial: (603) 206-7204
pchabot@wadleighlaw.com

RICHARD THORNER
CHARLES F. CLEARY
CHRISTINE GORDON
JENNIFER L. ST. HILAIRE
TODD J. HATHAWAY
STEPHEN J. JUDGE
STEPHEN L. BOYD
ALISON M. MINUTELLI
MICHAEL J. TIERNEY
JAMES D. KEROUAC
PIERRE A. CHABOT
JOSEPH G. MATTSON
IRIS J. LOWERY
EMILY G. BOLTON

December 6, 2013

**VIA EMAIL AND REGULAR MAIL**

Jeffrey D. Isaacs, M.D.
3553 West Chester Pike
Unit 177
Newton Sq., PA 19073

Re: 1:12-cv-40-JL, Isaacs v. DHMC, et al., Your Notice of Deposition for Dr. Kim for December 30, 2013, and other discovery matters

Dear Dr. Isaacs:

Please allow this letter to serve as our formal objection to your Notice of Deposition which we received over the holiday weekend. Pursuant to the Magistrate's Order in this case, Docket 106 at Page 2, you were to wait until "all of the other depositions [in the case] are complete" prior to attempting to notice Dr. Kim's deposition. The Court's Order either requires our agreement or leave of Court to notice Dr. Kim's deposition at that point. Accordingly, please allow this to serve as notice that we will not be producing Dr. Kim at the Marriott in Washington on December 30th, absent a court order compelling us to do so.

Once the other depositions in the case are complete, you may wish to consider contacting us prior to issuing a deposition notice, so that we may discuss whether or not there is any basis for you to depose Dr. Kim at that point, prior to burdening the Court with that issue.

**WADLEIGH, STARR & PETERS, P.L.L.C.**

Jeffrey D. Isaacs, M.D.
December 6, 2013
Page 2

Also, please allow this letter to respond to your email of December 2, 2013, at 4:06 pm in which you state that "Dartmouth's counsel" has represented Dr. Simon. This assertion is incorrect. We want to make clear that we, the attorneys for Dartmouth, do not represent Dr. Simon, nor have we (or anyone else, to our knowledge) ever purported to do so.

Finally, in response to your other emails of December 2, seeking additional responses to your prior Request for Admissions and purporting to serve additional Interrogatories on Dr. Finn, you should note our continuing objection to your effort to circumvent the standing Discovery Order in this case. That order limited you to 25 Interrogatories and 35 Requests for Admission. Absent a Court order compelling us to do so, we will not undertake to answer any of your supernumerary discovery requests. Nothing about your modified instructions brings your requests in line with the standing Discovery Order, nor changes the fact that the Trustees of Dartmouth College have answered 35 Requests for Admission, and Dr. Finn has previously answered more than 25 Interrogatories.

I note that there are still several depositions to be taken, and would suggest that you obtain the discovery you seek in that manner, rather than pursuing written discovery that is plainly in excess of that allowed by the Court's standing order in this matter.

Respectfully,

Pierre A. Chabot

PAC/whd
cc:  Kevin D. O'Leary, Esquire
     Edward M. Kaplan, Esquire
     Christopher J. Pyles, Esquire
     Kathleen C. Peahl, Esquire

g:\d51000\51019\corres and emails\isaacs - 12-2-13.docx