UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| J.D. Isaacs,<br>　　　　　　　*Plaintiff*,<br><br>　　　　v.<br><br>Dartmouth Hitchcock Medical Center,<br>et al.<br>　　　　　　　*Defendants*. | Civil Action No. 1:12-cv-00040-LM |

DEFENDANTS' REQUEST FOR RELIEF
AND MOTION TO PROTECT WITNESSES FROM HARASSMENT

Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital respectfully seek relief from this Court in order to promote efficient discovery and protect witnesses from intimidation and harassment.  The request is in response to a recent e-mail from the Plaintiff to six witnesses he deposed.  *See Exhibit 1.* Apparently dissatisfied with their testimony, he threatened:  "You are being named in a federal law suit for perjury, obstruction of justice, conspiracy to inflict emotional distress, and conspiracy to commit fraud."  *Id.*  That e-mail is the culmination of a variety of harassing statements that were, until now, directed to counsel.  The Plaintiff's recent escalation undermines the integrity of discovery because it harasses and intimidates witnesses, and threatens them for providing deposition testimony. The Defendants ask the Court to prohibit such behavior.

I.　　　The Court has Discretionary Power to Provide the Relief Requested.

This Court has the inherent power to correct inappropriate conduct by a party and prevent it in the future.  In *Chambers v. NASCO, Inc., 501 US 32, 44 (1991)*, the

Supreme Court of the United States noted that such implied powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id., citing Link v. Wabash R. Co., 370 US 626, 630-631 (1962)*. One exercise of that power is the ability to sanction conduct that abuses the judicial process. *Id.*

There is little doubt that threatening to sue deposition witnesses is an abuse of the judicial process. As illustrated by a 2012 decision from the United States District Court for the Central District of Illinois, Springfield Division, where similar conduct occurred, it is a very serious matter to harass a witness or accuse a witness of engaging criminal conduct. In *Neiman v. Grange Mutual Insurance Company, 212 US Dist. LEXIS 124391*, the Court considered defense motions for sanctions against a pro se litigant, where there were complaints that the plaintiff filed unfounded lawsuits against individuals, filed a spurious companion suit, and threatened to sue potential witnesses if they failed to provide favorable evidence. *Id., *3 (attached as Exhibit 4)*. The Court had previously found the plaintiff's conduct "deeply troubling," when the plaintiff had accused defense counsel and others of engaging in criminal conduct. *Id.* The Court also characterized the plaintiff's communications to a witness "a rather blatant attempt to persuade the witness to change his testimony." *Id. at *9*. Ultimately, that Court declined to dismiss the complaint, but placed the plaintiff on notice that litigation tactics that were harassing and intimidating would not be tolerated and could result in a dismissal. *Id., *15*. While not identical to the *Neiman* case, some of the recent conduct by the Plaintiff in this case calls for a similar warning from the Court.

II.      A Brief Overview of the Plaintiff's Harassing Conduct.

As the Court is aware, this case arises from the Plaintiff's termination from a medical residency program.  Since litigation commenced, he has established an unfortunate pattern of threatening others with additional civil and legal claims.  For example, on September 17, 2013, the Plaintiff sent an e-mail to defense counsel, objecting to a protective order he had not yet seen, and stating:

> In the event you do proceed with a motion for a protective order, I will have all the evidence I need to know that Counsel – along with their defendants – have attempted to cause me distress and obstruct justice. Please take this as official notice that - - immediately upon filing the proposed motion – I will file a law suit against each of you, individually, in the USDC/Eastern PA for the continued pattern of abuse that has occurred in this litigation.

As the Court may be aware, the Plaintiff subsequently filed a lawsuit in Pennsylvania, naming some of the lawyers in this case, and others, as defendants (the request for a protective order was granted by this Court in the Order of November 4, 2013). Since then, he has threatened to seek additional sanctions against Counsel if they appointed a 30(b)(6) designee "who is ignorant to crimes/civil violations, with the intent of avoiding perjured testimony, or avoiding disclosure of the alleged violation," and insisted that the co-defendant's 30(b)(6) designee must have knowledge of the "mindset" of various other people.  On September 20, 2013, he wrote an e-mail alleging that one of the witnesses he asked to be deposed "is alleged to have committed felonious sexual assault against me."

While that conduct illustrates some of the Plaintiff's inappropriate conduct, those actions were not directed toward witnesses.  In December 2013, however, that

3

began to change.  In an e-mail dated December 23, 2013, the Plaintiff wrote to Defense Counsel:  "Please advise all future witnesses you advise of my general position regarding false testimony:  I will take action, including civil claims and/or criminal complaints, against any witnesses who intentionally delays redress by obfuscating, perjuring, or otherwise falsely describing facts surrounding the controversies.  Likewise, any witness who testifies contrary to his/her employer, to the extent permitted by law, I will waive any claim/complaints against that individual."  *See Exhibit 2.*  In other words, like the plaintiff in *Neiman*, he was essentially threatening to sue anyone who disagreed with him, while suggesting he would waive claims against those who testified against the defendants.

A month later, on January 20, 2014, the Plaintiff wrote to counsel:  "Please advise all deponents that subsequent to tomorrow's deposition, the collective video/ audio/transcripts of the seven depositions conducted, to date, will be assessed by an expert witness and promptly forwarded to the FBI and the Dartmouth Trustees for immediate investigation[.]"  At about the same time, he wrote to the President of Dartmouth College, stating that he would be named in a lawsuit.  *See Ex. 3.*

Finally, and as noted above, on January 21, 2014, the Plaintiff wrote to most of the witnesses he already deposed in this case (*see Exhibit 1*), stating as follows:

> Dear Witnesses:
> You are being named in a federal law suit for perjury, obstruction of justice, conspiracy to inflict emotional distress, and conspiracy to commit fraud.
> Please respond to this letter with the contact details of any attorneys that may represent you.
> Dr. Jeffrey Isaacs

4

Threatening to sue deposition witnesses and bring civil actions against those who will not support his case is an abuse of process and should be prohibited by the Court. *See Neiman, supra.*

### III.    Request for Relief.

The Defendants are not yet seeking monetary sanctions against the Plaintiff, or dismissal of the claims. Instead, they simply seek an Order warning the Plaintiff that threats against witnesses are inappropriate, and that continued abuses of process will be subject to more severe action. While ultimately any claims against those witnesses would fail, given the protections to which they are entitled and because witnesses in judicial proceeding are immune from suit based on their testimony (*see Watterson v. Page,* 987 F. 2d 1, 22 (1st Cir. NH 1993); *Bruce v. Byrne-Stevens and Assocs. Eng'rs., Inc.*, 776 P. 2nd 666 (1989)), the escalating threats of litigation against witnesses is highly inappropriate and should not be tolerated by the Court.

Given the litany of complaints, threats, motions and even civil actions filed by the Plaintiff against lawyers for the defense, the Defendants consider it likely that the Plaintiff's response to this motion will contain similar language. It is therefore significant that his allegations of misconduct and demands for sanctions were already denied by the Court in the Magistrate's Order of November 4, 2013. While those allegations are unfortunate, counsel will - for now - continue to treat them as an unpleasant aspect of the case.[1] Witnesses, however, should not be forced to endure

---

[1] When asked if he would assent to the relief requested in this motion, as required by L.R. 7.1, the Plaintiff's escalating responses threatened he would "report this activity to the appropriate authority in Pennsylvania and file a lawsuit against you[;]" report "you to the FBI for your role in what you know is a conspiracy to obstruct due process[;]" and "see you in jail with the others[.]" *See Exhibits 5 and6.*

the same abuse, and the judicial process should not be subverted by threats of litigation against them when a party disagrees with their deposition testimony.

After being told this motion would be filed, the Plaintiff told counsel he was slightly changing his threats of litigation against witnesses, but did not notify the witnesses. *See Ex. 7.* Given the history outlined above, the relief sought is appropriate to prevent future abuses and threats.

Accordingly, the Defendants respectfully request the Court to act under the Federal Rules or through its inherent powers, and protect litigation witnesses from harassment and threats so the case may proceed in an orderly fashion, and so witnesses may testify freely and without intimidation.

Per local rule, other parties have been asked to assent to the relief requested. The co-defendants assent to the relief requested, and reserve the right to file an additional response; as indicated in Exhibits 4 and 5, the Plaintiff does not assent.

Respectfully submitted,

DARTMOUTH HITCHCOCK MEDICAL
CENTER and MARY HITCHCOCK
MEMORIAL HOSPITAL

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated: January 24, 2014          By:    /s/ Christopher J. Pyles
                                        Edward M. Kaplan (#1307)
                                        Christopher J. Pyles, Esq. (#15165)
                                        Sulloway & Hollis, P.L.L.C.
                                        9 Capitol Street
                                        Concord, NH 03301
                                        (603)223-2863

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101


Dated:  January 24, 2014          By:      /s/ Christopher J. Pyles
                                           Christopher J. Pyles