UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| J.D. Isaacs, | | |
|---|---|---|
| Plaintiff, | § § § | |
| v. | § | Civil Action No. 1:12-cv-00040-LM |
| Dartmouth Hitchcock Medical Center, et al. | § § § | |
| Defendants. | | |

## REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO COMPEL AND REQUEST FOR RELIEF

Defendants Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital briefly respond to the Plaintiff's objection as set forth below, and ask that the Court grant their Motion to Compel and provide such other relief as requested.

The Plaintiff admits that he did not comply with the Court's Order and violated the response deadline. More significantly, and more than two months later, he still has not provided substantive responses regarding prior claims. As previously outlined, the Court ruled that Defendant Interrogatories 17, 18 and 21 properly sought relevant information, and ordered the Plaintiff to respond because his answers were deficient. He did not cure those deficiencies with any supplemental responses, and refused to substantively discuss details of his claims during his deposition. The cursory discussion of these topics in his objection is likewise insufficient. The Defendants still do not know how he made his claims; if they were direct allegations, or administrative claims; what the issues were surrounding "performance and concentration issues"; what the alleged bullying was; what circumstances surrounded

his claims for discrimination based on national origin; what he meant by alleging he was discriminated against based on "other protected classes"; what his alleged damages were; what evidence, if any, supported his claims for damages; or, what supported a settlement payment of $100,000. *See Interrogatory Answer 17, previously provided*. Moreover, the Plaintiff's refusal to discuss those topics relating to his claims during his December deposition deprived the defendants an opportunity to ask follow-up questions that could reasonably have led to the discovery of other admissible evidence. *See Plaintiff's Deposition, pp. 90-93, previously provided*.

The Plaintiff still has not provided executed authorizations as ordered by the Court. He testified in deposition that as of December 19, 2013, he had not signed the authorizations (see *Plaintiff's Deposition, p. 275-76, previously provided)*; now, he has produced an authorization signed on December 11, 2013. *See attached.* Upon information and belief, that authorization was produced for the first time on January 23, 2014, more than two months after the deadline imposed by the Court. Rather than simply sign it as was required by the Court, the Plaintiff wrote "Revoked" twice and "VOID" once across the face of the authorization, rendering it useless to obtain the records deemed relevant and discoverable by the Court. He argues the defendants should create new authorizations or perhaps subpoena his records – but that is not what the Court required. No objection to the authorizations was raised or sustained during the October hearing, and the Court did not find the authorizations improper; and, production in this case is protected by the Court's confidentiality order. However, the Plaintiff has elected to defy the Court on these issues.

The Defendants asked the Plaintiff to comply with the Court Order of November 4, 2013. He has refused. The Defendants therefore ask that he be

compelled to Comply with that Order, provide details about his prior claims, and produce signed authorizations.  The Defendants further request that the Court award them whatever other relief it deems appropriate under these circumstances.

Respectfully submitted,

DARTMOUTH HITCHCOCK MEDICAL
CENTER and MARY HITCHCOCK
MEMORIAL HOSPITAL

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated: January 24, 2014    By:    /s/ Christopher J. Pyles
Edward M. Kaplan (#1307)
Christopher J. Pyles, Esq. (#15165)
Sulloway & Hollis, P.L.L.C.
9 Capitol Street
Concord, NH 03301
(603)223-2863

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via ECF on the following persons on this date:

Jeffrey David Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

Kathleen Peahl, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Pierre Chabot, Esq.
Wadleigh Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101

Dated:  January 24, 2014    By:    /s/ Christopher J. Pyles
Christopher J. Pyles