UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

*******************************************
| | |
|---|---|
| Dr. J.D. Isaacs | * |
| Plaintiff, | * |
| -v- | *  Case No. 1:12-cv-00040-LM |
| Dartmouth-Hitchcock Medical Center, Mary Hitchcock Memorial Hospital, Dr. Christine T. Finn, and the Trustees of Dartmouth College, | * |
| Defendants. | * |

*******************************************

### MOTION TO RESTRICT PLAINTIFF'S EX PARTE COMMUNICATIONS WITH REPRESENTED PARTIES AND THE EMPLOYEES OF DARTMOUTH COLLEGE

NOW COME the defendants, the Trustees of Dartmouth College ("the College") and Dr. Christine T. Finn, and respectfully seek an Order from this Court to prevent harassing, intimidating and otherwise improper communications between plaintiff, on the one hand, and represented parties and their employees on the other.

In support of their Motion, defendants do state:

1. On July 9, 2012, this Court issued an Order expressly allowing ex parte contact between Dr. Isaacs and the College's employees. Doc. 43 at pp.4-5 (LaPlante, J.).

2. The Court expressly cautioned Dr. Isaacs that this Order did not give him carte blanche to "harass or intimidate" those employees. Id. at 5.

3.  As laid out in the Motion filed by co-defendants, Dartmouth-Hitchcock Medical Center and Mary Hitchcock Memorial Hospital, Dr. Isaacs has now threatened to file lawsuits alleging "perjury, obstruction of justice, conspiracy to inflict emotional distress, and conspiracy to commit fraud" against Drs. Finn and Green, as well as Associate General Counsel, Kevin O'Leary, all of whom are employed by Dartmouth College and have been deposed in this case. Doc. 126 at 4-5; 126-1 at 1.  In addition, plaintiff has threatened suit against the current President of Dartmouth College, who was not even employed by the College at the time of plaintiff's residency.

4.  The College and Dr. Finn join in the relief requested by Dartmouth-Hitchcock Medical Center and Mary Hitchcock Memorial Hospital in their January 24, 2014, Motion, for the reasons stated in that Motion.

5.  The College and Dr. Finn move separately in order to both deal explicitly with the Court's July 9, 2012, Order and to offer additional evidence of the type of harassment and intimidation that plaintiff has employed and is likely to employ in the future if the Court does not restrain him from doing so.

6.  In addition to the communications relayed to the Court by Dartmouth-Hitchcock Medical Center and Mary Hitchcock Memorial Hospital, Dr. Alan Green, the Chair of the Psychiatry Department at the College, received an additional email at 1:54 a.m. on January 22, 2014, the morning after the plaintiff deposed Dr. Green.  That email accused Dr. Green of committing perjury with regards to seven specific points of testimony – none of which are relevant to any of the allegations pending in the Plaintiff's suit, or can even be demonstrated by admissible evidence.  A copy of the email is annexed as Exhibit A to this Motion.

7.  Plaintiff's email concluded by informing Dr. Green that his testimony "is being forwarded to the MA Attorney General's Office and the FBI."  Exh. A.

8.      As plaintiff knows, and states in the email, Dr. Green's wife is an Assistant Attorney General in the Commonwealth of Massachusetts.  Plaintiff does not state how Dr. Green's deposition testimony, in connection with a lawsuit in New Hampshire, involving acts and omissions all alleged to have taken place in New Hampshire, could in any way require a report to any authority in Massachusetts.  The only discernible reason for such a report appears to be to cause trouble for Dr. Green's wife.

9.      It is important to point out that much of what the plaintiff considers to be "perjured testimony" in fact has no relevance whatsoever to this case.  For example, he spent considerable time during his deposition of a defendant, Dr. Finn, questioning her about whether she had any nicknames when she was an undergraduate student at Dartmouth College.  He then spent considerable time deposing Attorney O'Leary, Associate General Counsel for Dartmouth College, about fraternity practices and concluded in a written statement he marked as an exhibit at the deposition, that it is "difficult to believe that Defendant Finn did not have a 'pledge name' and could not recall any nick-names during her testimony." See Plaintiff's written statement, annexed hereto as Exhibit B.  It is impossible to discern any relevance between Dr. Finn having, or not having, a nickname and the claims in this case. It follows that plaintiff's continued inquiry can only be aimed at harassing or embarrassing Defendant Finn.  Yet this is an example of the testimony that plaintiff claims constitutes perjury, and justifies referral to the Federal Bureau of Investigation.[1]

10.     On January 21, 2014 at 8:34 p.m., plaintiff emailed Philip Hanlon, current President of Dartmouth College, stating his intention to sue him for "negligence in failing to

---

[1] Exhibit B to this Motion, which was emailed to both Attorney O'Leary and Dr. Green on the morning of their depositions, informs the deponents that their deposition videos and transcripts will be forwarded to the FBI for investigation.

3

properly oversee your general counsel and other subordinates who have conspired to subvert justice for the past three years." A copy of the email is annexed as Exhibit C to this Motion.

11. Two additional emails were sent to President Hanlon, the first at 11:22 p.m. on January 27, 2014 and the second at 1:02 a.m. on January 28, 2014. These emails are annexed hereto as Exhibits D and E. The first email threatens additional claims against President Hanlon for violations of Title IX (related to the purported failure of the College to investigate allegations related to plaintiff's employment at DHMC) and threatens to report "this matter" to the U.S. Attorney's office. The second email asserts that witnesses have been or will be intimidated to give false testimony and demands President Hanlon's action to "contain the 'cover-up' carried out by Finn….". Neither of these emails was copied to the undersigned counsel, who plaintiff knows full well represents the College and Dr. Finn. The only discernible purpose for these repeated threats to sue President Hanlon over the lack of a College investigation, into allegations having nothing to do with the College, is harassment and intimidation.

12. In light of the lack of any apparent legitimate, good-faith reason for plaintiff to continue to communicate *ex parte* with the College's employees, defendants believe that the only reasonable inference that can be drawn is that plaintiff is attempting to harass and intimidate witnesses in this lawsuit for the purpose of getting them to change their testimony.

13. Defendants therefore respectfully join in Dartmouth-Hitchcock Medical Center's pending Motion (Doc. 126), and further seek to have the Court enter an Order forbidding Dr. Isaacs from having any ex parte contact with Dr. Finn, or any of the College's employees, concerning the subject matter of any of his pending claims. To that end, defendants also request that the Court invalidate its July 9, 2012, Order concerning such communications.

14. No separate Memorandum of Law is being filed herewith, as the relief sought is clearly within the authority of the Court to grant and the arguments and authority supporting the Motion do not require a memorandum of law.

15. The undersigned's office has contacted the plaintiff to seek his assent to the relief sought herein; plaintiff does not assent.

                                        Respectfully submitted,

                                        **TRUSTEES OF DARTMOUTH COLLEGE AND CHRISTINE T. FINN, M.D.**

                                        **By their attorneys,**

                                        WADLEIGH, STARR & PETERS, P.L.L.C.

Dated: January 29, 2014.                /s/ Kathleen C. Peahl
                                            Kathleen C. Peahl, Esq., No. 6880
                                            Pierre A. Chabot, Esq., No. 17606
                                            Wadleigh, Starr & Peters, P.L.L.C.
                                            95 Market Street, Manchester, NH 03101
                                            (603) 669-4140
                                            kpeahl@wadleighlaw.com

I hereby certify that on January 29, 2014, I electronically transmitted a copy of the foregoing document Dr. Jeffrey D. Isaacs, pro se, and all counsel of record.

                                          /s/ Kathleen C. Peahl
                                          Kathleen C. Peahl

g:\d51000\51019\draft pleadings\motion to restrict plaintiff's ex parte communications final 1.29.14.docx