**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


J.D. Isaacs

    v.                                    Civil No. 12-cv-40-LM

Dartmouth-Hitchcock Medical
Center et al.[1]


**O R D E R**


Before the court are: "[All] Defendants' Joint Motion to
Compel and Request for Relief" (doc. no. 122), plaintiff's
objection to that motion (doc. no. 125), and a motion for leave
to reply to that objection (doc. no. 130); and the College
Defendants' motion to prevent Dr. Jim Yong Kim's deposition,
except as allowed by this court (doc. no. 123), and plaintiff's
objection to that motion (doc. no. 124).[2]

---

[1]Defendants are Dartmouth-Hitchcock Medical Center and the
Mary Hitchcock Memorial Hospital ("Hospital Defendants"), and
the Trustees of Dartmouth College and Dr. Christine T. Finn
("College Defendants").

[2]Plaintiff's appeal of the order denying his motion to
reconsider this court's November 4, 2013, discovery order does
not divest this court of jurisdiction over this matter. See
Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 96 (1st Cir. 2003)
(citing United States v. Brooks, 145 F.3d 446, 456 (1st Cir.
1998); see also Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100,
108 (2009) (discovery orders are generally not appealable).

## Discussion

I.    Deposition of Dr. Jim Yong Kim (Doc. No. 123)

On November 4, 2013, this court granted the College Defendants' motion for a protective order to prevent the deposition of Dr. Jim Yong Kim.  See Order (doc. no. 106) ("November 4 Order").  The November 4 Order stated, "Once all of the other depositions are complete in this matter, plaintiff may renew his request for Dr. Kim's deposition, if he can demonstrate that Dr. Kim possesses discoverable information not obtained or obtainable from any other source."

On January 23, 2014, Isaacs emailed defendants a copy of a subpoena issued by the United States District Court for the District of Columbia, directing Dr. Kim to appear for a deposition on February 13, 2013.  Defendants argue that the subpoena conflicts with this court's November 4 Order, which, they contend, required Isaacs to show relevance and necessity to this court before deposing Dr. Kim.

Although the November 4 Order does not expressly state that Isaacs must seek court approval before deposing Dr. Kim, it was the court's intention, in granting defendants' motion for a protective order, to require Isaacs to seek leave of this court before deposing Dr. Kim.

Isaacs has failed to make the showing of relevance and necessity required by the November 4 Order.  Accordingly, Isaacs may not at this time depose Dr. Kim.  Prior to February 13, 2014, Isaacs must withdraw his subpoena and deposition request in order to bring himself into compliance with the November 4 Order.  Thereafter, Isaacs may file a motion in this court requesting leave to depose Dr. Kim, if he can make the requisite showing of relevance and necessity.

II.  <u>Motion to Compel (Doc. No. 122)</u>

    A.    <u>Interrogatories 17 and 18</u>

Defendants claim that Isaacs gave incomplete answers, or declined to answer, interrogatories 17, 18, and 21, and also failed to meet the November 14 deadline for those responses set forth in the November 4 Order.  Defendants request an order compelling Isaacs to respond to interrogatories 17, 18, and 21. The court finds that plaintiff failed to provide answers, or complete answers, <u>see</u> Fed. R. Civ. P. 37(a)(4), to interrogatories 17 and 18, and to the deposition questions posed to him concerning the subject matter of interrogatories 17 and 18.  The court further finds that Isaacs's failure to answer those interrogatories violates the November 4 Order issued in this case.  The motion to compel Isaacs to provide answers to these interrogatories is granted.

B.    Interrogatory 21

Interrogatory 21 requested that Isaacs sign authorizations for the release of medical and other records.  In the November 4 Order, the court found that defendants had demonstrated the relevance of the information sought and directed Isaacs to sign the forms.  Isaacs has since refused to sign, or signed and then revoked, the forms provided to him, raising objections already rejected by this court, and also stating that the authorization forms violate a protective order (doc. no. 107) that this court issued, in conjunction with the November 4 Order.

Isaacs's objections are unfounded.  Isaacs must sign the forms as previously directed.  If Isaacs believes that the protective order at issue is insufficient to protect confidential information, he may seek appropriate relief from this court.

## Conclusion

For the foregoing reasons, the motions to compel discovery (doc. no. 122) and for a protective order (doc. no. 123) are GRANTED.  The motion for leave (doc. no. 130) to file a reply memorandum is DENIED as moot, as the underlying motion has been granted.  Therefore, the court issues the following order:

1.   Isaacs must withdraw the subpoena and deposition notice directed to Dr. Kim <u>before</u> 11:00 a.m. on February 13, 2014.

2.   By February 21, 2014, Isaacs must serve complete written answers to Interrogatories 17 and 18, including each subpart therein, upon defendants, and, answer Interrogatory 21 by signing each authorization to release records, on the forms provided to him by defendants' counsel, and return the signed forms to defendants' counsel by that date.

3.   Isaacs is warned that any further failure to comply with the terms of any discovery order in this case, may result in the imposition of sanctions or a finding of contempt of court.  <u>See</u> Fed. R. Civ. P. 37(b).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 12, 2014

cc:  J.D. Isaacs, pro se
     Pierre A. Chabot, Esq.
     Edward M. Kaplan, Esq.
     Kathleen C. Peahl, Esq.
     Christopher James Pyle, Esq.