UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

**********************************************

Dr. J.D. Isaacs                                        *
                                                       *
    Plaintiff,                       *
                                                       *
       -v-             *          Case No. 1:12-cv-00040-LM
                                                       *
Dartmouth-Hitchcock Medical Center,                    *
Mary Hitchcock Memorial Hospital,                      *
Dr. Christine T. Finn, and the                         *
Trustees of Dartmouth College,                         *
                                                       *
    Defendants.                      *
                                                       *

**********************************************

## DEFENDANTS CHRISTINE T. FINN, MD, and TRUSTEES OF DARTMOUTH COLLEGE'S MOTION FOR SUMMARY JUDGMENT

Now come the Defendants, Christine T. Finn, M.D., and respectfully move for summary judgment pursuant to Fed. R. Civ. Pro. 56, given the lack of any triable issue of fact concerning any of plaintiff's claims against either the Trustees of Dartmouth College ("the College") or Dr. Finn. In support of their motion, defendants state as follows:

1.) Plaintiff asserts disability discrimination claims under the Americans with Disabilities Act (Count I) and discrimination and retaliation claims under the New Hampshire Law Against Discrimination (Count III) against the College. See Plaintiff's Amended Complaint, Doc. 54 at 4-8 ("Amended Complaint").

2.) Counts I and III of the Amended Complaint fail as a matter of law, as there is no genuine factual dispute concerning the fact that plaintiff was employed by codefendants Mary Hitchcock Memorial Hospital and/or Dartmouth-Hitchcock Medical Center ("DHMC"). The College was not plaintiff's employer, and so cannot be held liable for his employment-based claims. Additionally,

1

plaintiff never served an administrative complaint on the College, and therefore has failed to exhaust administrative remedies, mandating dismissal of Counts I and III.

3.) Plaintiff asserts a fraud claim (Count VIII) against the College and Dr. Finn. Amended Complaint at 20-22.

4.) As established by the attached memorandum of law and discovery materials appended to this Motion, plaintiff has not identified any misrepresentation by the College or Dr. Finn on which he reasonably, detrimentally relied. Accordingly, he cannot establish the essential elements of a fraud claim, and defendants are entitled to judgment as a matter of law on Count VIII.

5.) Plaintiff also asserts a negligent misrepresentation claim (Count VI) against the College and Dr. Finn. Amended Complaint at 16-17.

6.) Again, defendants' proffer of admissible evidence demonstrates that there is no genuine dispute concerning any misrepresentation or detrimental reliance. Defendants are entitled to judgment as a matter of law on Count VI.

7.) Plaintiff asserts a claim under the Rehabilitation Act (Count VII) against the College. Amended Complaint at 17-20.

8.) In addition to the fact that the College was not plaintiff's employer during the relevant time period, entitling them to judgment on this claim, defendants offer admissible evidence demonstrating the lack of any genuine dispute that plaintiff never applied to any federally-funded program or service administered by the College. Defendants are entitled to judgment as a matter of law on Count VII.

9.) Plaintiff asserts a claim of intentional infliction of emotional distress (Count IX) against the College and Dr. Finn. Amended Complaint at 22-23.

10.) The depositions and other discovery materials appended to this motion demonstrate beyond reasonable dispute, that plaintiff was not subjected to "extreme and outrageous" conduct. His allegations simply do not rise to the level of intentional infliction of emotional distress under New Hampshire law, and the College and Dr. Finn are entitled to judgment as a matter of law on Count IX.

11.) Plaintiff asserts a claim for negligent infliction of emotional distress (Count X) against the College and Dr. Finn.  Amended Complaint at 23-25.

12.) Defendants' evidentiary submission demonstrates that defendants had no duty to prevent the emotional distress plaintiff claims to have suffered.  Furthermore, plaintiff failed to produce expert testimony to support the contention that defendants' negligence caused him emotional injury resulting in physical manifestations—such evidence is strictly necessary in this Court in order to maintain a negligent infliction of emotional distress claim.  It follows that defendants are entitled to judgment as a matter of law on Count X.

13.) Plaintiff asserts claims for special damages for the exacerbation of a preexisting psychiatric disability and future lost income.  E.g., Amended Complaint at ¶¶ 147, 157, 187, 188, 198, 199, 206, 207, and 208.  These damage claims cannot be presented to a jury without expert testimony, and so plaintiff's claims for medical special damages and future special damages should be dismissed.

14.) This Motion is supported by a supporting memorandum; the Declaration of Pierre A. Chabot; Excerpts of the deposition testimony of Drs. Christine Finn, William Torrey, Harley Friedman, Simon Khagi, Ghislaine Guez, Natalie Riblet and Jeffrey D. Isaacs; Plaintiff's Responses to the College and Dr. Finn's First Set of Interrogatories and First Request for Production of Documents; and several admissible deposition exhibits, namely Plaintiff's January 14, 2011 Resident Agreement of Appointment, a written Performance Improvement Plan transmitted to him by Dr. Finn; his 2010 Electronic Residency Application Service ("ERAS") application; his 2011 Application to the New Hampshire Board of Medicine for a Trainee Medical License; and the March 19, 2012 Termination Letter sent to plaintiff by DHMC.

15.) As this motion seeks disposition of the entire case, defendants have not sought plaintiff's assent.  L.R. 7.1(c).

Respectfully submitted,

**TRUSTEES OF DARTMOUTH COLLEGE
AND CHRISTINE T. FINN, M.D.**

**By their attorneys,**

WADLEIGH, STARR & PETERS, P.L.L.C.

Dated: February 18, 2014.          /s/ Pierre A. Chabot_____
                                   Kathleen C. Peahl, Esq., No. 6880
                                   Pierre A. Chabot, Esq., No. 17606
                                   Wadleigh, Starr & Peters, P.L.L.C.
                                   95 Market Street, Manchester, NH 03101
                                   (603) 669-4140
                                   kpeahl@wadleighlaw.com


<u>CERTIFICATION</u>

I hereby certify that on February 18, 2014, I electronically transmitted a copy of the foregoing Motion for Summary Judgment, including all attachments other than those to be filed under seal, to Dr. Jeffrey D. Isaacs, pro se, and all counsel of record via the Court's ECF system.


/s/Pierre A. Chabot _____