UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

*******************************************
Dr. J.D. Isaacs                              *
                                             *
    Plaintiff,                               *
                                             *
        -v-                                  *     Case No. 1:12-cv-00040-LM
                                             *
Dartmouth-Hitchcock Medical Center,          *
Mary Hitchcock Memorial Hospital,            *
Dr. Christine T. Finn, and the               *
Trustees of Dartmouth College,               *
                                             *
    Defendants.                              *
                                             *
*******************************************

**DEFENDANTS CHRISTINE T. FINN AND TRUSTEES OF DARTMOUH COLLEGE'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION (DOCS. 147 & 148)**

Plaintiff seeks reconsideration of this Court's grant of summary judgment to all defendants, Doc. 146, arguing that the thirty days provided by L.R. 7.1(b) to object to Defendants' summary judgment motions was insufficient. *See* Doc. 147 & 148. Plaintiff contends that the posture of the litigation at the time summary judgment motions were due justified his failure to file an objection, but he provides no reason that he could not have addressed these supposed procedural issues within the timeframe provided under the Federal Rules of Civil Procedure and this court's Local Rules. Nor does he offer anything other than speculation and conjecture in support of his position that additional

1

evidence may turn up that would help him create a trial-worthy issue of fact. As Plaintiff identifies no basis for relief under Fed. R. Civ. Pro. 59(e), his Motion for Reconsideration should be denied and judgment entered in favor of Defendants.

### 1—Applicable Standard

Plaintiff seeks reconsideration of this Court's grant of summary judgment to all of the Defendants. Because the Court's order disposed of all claims, and Plaintiff's motion was filed within 28 days of the order, the motion should be treated as one to amend or vacate judgment under Fed. R. Civ. Pro. 59(e). *See Alicea v. Machete Music*, 744 F.3d 773, 781 (1st Cir., Mar. 7, 2014). *See also* L.R. 7.2(d) (dealing with motions "to reconsider an *interlocutory* order of the court.") (emphasis added).

> Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. <u>The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.</u>

*Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (emphasis added).

Whether to grant a Rule 59(e) motion is left to the sound discretion of this court. *Kansky v. Coca-Cola Bottling Co. of New England*, 492 F.3d 54, 60 (1st Cir. 2007). However, the granting of such a motion is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortgage*, 465 F. 3d 24, 30 (1st Cir. 2006) (*quoting* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Because Plaintiff finds himself in his current predicament because of his

2

repeated failure to comply with court rules and orders, he should not be granted such extraordinary relief.

### 2—Plaintiff Cannot Show That There Is Newly-Discovered Evidence That Justifies Reconsideration

Plaintiff does not present the Court with any newly discovered evidence which would support reconsideration of this Court's order. Rather, he speculates that further discovery will turn up evidence of false testimony. See Doc. 148 at 5-8, 10; see also, Doc 147 at 2. Such speculation, of course, is insufficient to defeat summary judgment. *Dennis v. Osram Sylvania, Inc.*, 549 F.3d 851, 855-56 (1st Cir. 2008). See also *Kelly v. U.S.*, 924 F.3d 355, 357-58 (1st Cir. 1991) (In order to resist summary judgment, the nonmovant "may not rest upon mere allegations in, say, an unverified complaint or lawyer's brief, but must produce evidence which would be admissible at trial . . .[p]roof based on arrant speculation, optimistic surmise or farfetched inference will not suffice.") (quotations omitted).

Even if his claim that such evidence exists could be credited, Plaintiff did not raise his alleged need for further discovery in a timely response to Defendants' motions summary judgment motions. See L.R. 7.1 (b). Federal Rule of Civil Procedure 56(d) would have allowed Plaintiff a vehicle to raise the need for further discovery with the Court prior to the conclusion of briefing, and before the Court went through the process of drafting its order.[1] The Court's decision was within the letter and the spirit of the Federal Rules, given Plaintiff's failure to respond to Defendants' motions, and Plaintiff's speculative and tardy assertions do not entitle him to relief.

---

[1] As the Court noted in its opinion. See Doc. 146 at 2.

### 3—Plaintiff Identifies No Error of Fact or Law

Plaintiff appears to argue that the Court erred in treating as undisputed the well-supported facts plead by Defendants. In support of this position, Plaintiff submits various deposition transcripts that he claims create a trial-worthy issue of fact. This evidence was in existence at the time Plaintiff was obligated to respond to the summary judgment motions, however, so it cannot support his Rule 59(e) motion. Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Aybar*, 118 F. 3d at 16. Where Plaintiff failed to respond to the summary judgment motions at all, the Court correctly took all facts supported by competent evidence in Defendants' moving papers as established for purposes of summary judgment. Fed. R. Civ. Pro. 56(e)(2)-(3).

### 4—Plaintiff Cannot Show That Reconsideration is Necessary Due to a Subsequent Change in the Law or to Prevent "Manifest Injustice"

The First Circuit has recognized that Rule 59(e) may be employed to correct a judgment that was based on a law which has subsequently changed, and to "prevent manifest injustice." *See Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005). Plaintiff does not allege that any subsequent change in law entitles him to relief, but does seem to suggest that it would work a "manifest injustice" to allow the summary judgment ruling of this court to stand. *E.g.* Doc. 148 at 11. Plaintiff's claims, however, are all born of his overlooking deadlines and court rules. Indifference to the rules and procedures he elected to follow when he filed this action in federal court, *see*

4

Doc. 1, do not justify inaction in the face of Defendants' dispositive motions. *See Fox*, 389 F.3d at 1296.

Had Plaintiff required more time to conduct discovery or respond to Defendants' summary judgment motions, he could have asked for additional time before or after the Defendants moved for summary judgment. Plaintiff never asked for any such extension. In fact, he insisted that discovery end as scheduled when the parties last discussed amending the scheduling order in this case. *See* Exh. C, January 9, 2014 email between Plaintiff and Sulloway & Hollis, P.L.L.C.

Plaintiff asserts that he was either too ill or too overwhelmed to file timely responsive pleadings. He provides no evidence of any illness or disability that would justify his failure to comply with court rules and deadlines. Moreover, the history of this litigation belies any claim that he is unable to understand or navigate federal court procedure. Plaintiff has filed two pro se lawsuits in this Court arising out of his dismissal and has taken more than forty hours of deposition testimony from nine deponents in this case. He has filed a third suit in the Eastern District of Pennsylvania, arising out of the same dismissal and also adding claims against other institutions including the New Hampshire Board of Medicine arising out of disciplinary proceedings against his medical license. He has issued deposition subpoenas in Washington DC for a witness this Court ruled he could not depose. He has also commenced and maintained discovery litigation against the Court system in Texas seeking discovery from the PACER system. Throughout all these proceedings, plaintiff has demonstrated that he is a sophisticated pro se litigant who has the ability and resources to conduct himself according to court

rules. Thus, the granting of summary judgment against him has not resulted in any manifest injustice.

Finally, Plaintiff claims that he did not receive all summary judgment materials until March 27, 2014. Doc. 148 at 2. This is claim is false. Counsel for both Defendants emailed all of their summary judgment materials to Plaintiff on February 18, 2014, in addition to serving same via first-class mail. See Exhs. A & B. If Plaintiff is contending that he did not open his email or check his mail for well over a month while Defendants' summary judgment motions were pending, Plaintiff's neglect is inexcusable and should not entitle him to any relief. See Fox v. American Airlines, 389 F.3d 1291, 1296 (D.C. Cir. 2004). If Plaintiff is referring to the redacted exhibits filed by each defendant on April 2, 2014,[2] then his claim is illogical and without merit—as he received the unredacted exhibits on February 18.

### Conclusion

Plaintiff has not produced any newly discovered evidence nor has he demonstrated any error of law or fact. Not having raised the issues discussed in his Motion for Reconsideration in the time frame or manner required by this Court's rules and the Federal Rules of Civil Procedure, Plaintiff cannot make out a showing of "manifest injustice" where the decision he complains of arises from a straightforward application of those same rules. See Vasapoli v. Rostoff, 39 F.3d 27, 36 (1st Cir. 1994). Accordingly, Plaintiff's Motion for Reconsideration should be denied.

---

[2] Pursuant to this Court's sealed order of March 12, 2014.

                                        Respectfully submitted,

                                        **TRUSTEES OF DARTMOUTH COLLEGE AND CHRISTINE T. FINN, M.D.**

                                        **By their attorneys,**

                                        WADLEIGH, STARR & PETERS, P.L.L.C.

Dated: April 24 2014.               /s/ Pierre A. Chabot
                                        Kathleen C. Peahl, Esq., No. 6880
                                        Pierre A. Chabot, Esq., No. 17606
                                        Wadleigh, Starr & Peters, P.L.L.C.
                                        95 Market Street, Manchester, NH 03101
                                        (603) 669-4140
                                        kpeahl@wadleighlaw.com
                                        pchabot@wadleighlaw.com

## Certificate of Service

     I hereby certify that on April 24, 2014, I electronically transmitted a copy of the foregoing document to Dr. J.D. Isaacs, Pro Se, and to all counsel of record via the Court's ECF system.

                                        /s/ Pierre A. Chabot
                                        Pierre A. Chabot