Dr. Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073
Telephone: (212) 257-0737
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

DOCTOR J. D. ISAACS,

    Plaintiff, *pro se*,

    -v-

DARTMOUTH HITCHCOCK MEDICAL CENTER;
DOCTOR CHRISTINE FINN;
MARY HITCHCOCK MEMORIAL HOSPITAL;
TRUSTEES OF DARTMOUTH COLLEGE;

and JOHN DOE,

    Defendants.

Case No. CV-12-40-LM

**REPLY TO MOTION FOR RECONSIDERATION**

# REPLY TO MOTION FOR RECONSIDERATION

The Plaintiff submits this Reply to Motion for Reconsideration, understanding that the motion is in essence a dispositive motion and therefore leave is not required to file a reply. In the case the Plaintiff does require leave to file this reply, it is hereby requested.

### Generally, the FRCP favor evaluating a case on its merits, as compared to simple technicalities.

Opposing Counsel have filed two objection documents, arguing that Plaintiff basically missed a deadline to object to the MSJ, and therefore, doesn't have a right to object. Generally, the Plaintiff understands the Federal Rules of Civil Procedure as strongly preferring evaluation of claims on merits, rather than technicalities such as filing deadlines. The Defendants wish to win this case on form over substance, and this Court should avoid such precedent.

### Defendants MHMH and Plaintiff reached an implicit agreement to complete discovery

Yesterday, a para-legal for Sulloway & Hollis sent Plaintiff an email requesting he contact the UCLA medical center to finalize transmission of his medical records to Sulloway. (Exhibit A) The case has been closed for about a week, but clearly Defendant MHMH recognizes the importance to complete prior discovery requests. Likewise, Plaintiff is waiting for pending discovery materials (originally requested back in October) from the Texas Western District (Exhibit B). Plaintiff emailed Sulloway confirming mutual agreement on the importance of completing prior discovery requests. (Exhibit A).

### Plaintiff was "duped" by Attorney Chris Pyles and a "Mutually Assented" motion was in fact false

On October 31st 2013, this Court ordered that discovery complete on February 2 2014. Outbound requests were due by December. On December 31st, Counsel Chris Pyles sent

1  Plaintiff an email seeking to push back all deadlines by sixty days (Exhibit C). Plaintiff
2  sought 75 days extension of all dates, including "outbound discovery requests extended to
3  February 20th" at a minimum. Pyles replied about his desire for 60 days on the MSJ, and
4  Plaintiff replied reiterating his assent to 75 days on everything: "I assent to a 75 day
5  extension, in light of the fact depositions are being conducted through this month and
6  subpoenas are outstanding which may require follow-up." *Pyles filed a motion which he*
7  *claimed full assent by all parties , but in fact, he outright omitted Plaintiff's stipulation for*
8  *assent. The Court must hold a hearing to assess whether Pyles intentionally duped*
9  *Plaintiff, or, if this was some sort of excusable negligence.*

11  Plaintiff conducted the deposition of Defendant Finn on January 15th 2014 believing there
12  was another month of discovery (until February 20th). An argument erupted in the
13  deposition when Finn's attorneys ordered her not to provide her (not privileged) gmail
14  address and mobile phone number. Plaintiff believes this is critical ESI which will prove
15  his claims, and was planning to file outbound follow-up discovery requests after the
16  January 15th deposition. Chabot told a surprised Plaintiff that discovery was already over
17  (Finn deposition Page 305):
18    Q. You said you have a mobile phone with you; is that right?
19    A. Yes.
20    Q. Is that the same mobile phone number that you would have had for the last three
21  years?
22    A. Yes.
23    Q. You didn't change your accounts?
24    A. No.
25    Q. Do you have any other personal phone numbers or is that the only one that you
26  have?
27    A. I have a home phone number.
28    Q. Okay. Could you state your phone number for the mobile phone.

JDIsaacs v. Dartmouth
Case No. 12-CV-40-LM

1   MR. CHABOT: Only if you're going to agree to seal this portion of the record.

2   DR. ISAACS: That's fine. It's just for a subpoena.

3   **MR. CHABOT: You're not going to be issuing any subpoenas. You're past the**
4   **close of discovery.**

5   **DR. ISAACS: That's not true.**

6   MR. CHABOT: Yes, it is. You are. You're not going to answer, I'm sorry. We're not
7   going to give you her home phone number.

8   DR. ISAACS: That's not privileged though, so she has to answer it or I will move for
9   sanctions.

10   MR. CHABOT: You can make whatever motion you'd like, Dr. Isaacs. We're not
11   going to get into the irrelevant personal information.

12   **DR. ISAACS: I thought we agreed to extend discovery until February.**

13   MR. CHABOT: No, I don't think so.

14   MR. KAPLAN: There was an order issued today.

15   DR. ISAACS: The order must have been different than what we agreed to; is that
16   right?

17   **MR. KAPLAN: No. It was exactly what we agreed to.**

18   **DR. ISAACS: Well then, we'll talk about that later. That's different than my**
19   **understanding**. What carrier do you have, Verizon or T Mobile?

20   MR. CHABOT: Same objection. Dr. Finn, you don't need to answer that.

21   DR. ISAACS: That's ridiculous. If you want to come back about it.

22   MR. CHABOT: Dr. Isaacs, you appear to know what her cell phone number is. It's all
23   the information that we are going to give you. We are not going to give you the home
24   phone number.

25   DR. ISAACS: I don't want the home number, I want the cell phone number. Was that
26   a misunderstanding?

27   MR. CHABOT: That's exactly it, you're just going to have to make a request to the
28   court if you want that information.

1  Q. What e-mail and online services do you use?

2  A. I have an e-mail account through work through Hitchcock and Dartmouth.

3  Other than that? I have a Gmail account. What is the Gmail account?

4  MR. CHABOT: Same objection. We're not going to be giving that information out to

5  you, Dr. Isaacs.

6  **DR. ISAACS: Because you don't want any subpoenas to break your cover up.**

7  **That's not a good reason, that's not a privilege.**

8  MR. CHABOT: That's not the reason we're asserting, Dr. Isaacs. We're asserting

9  because it's unduly burdensome given the extreme amount of discovery we've provided

10 which despite all of your allegations has never once shown a suggestion of anything

11 improper going on. There's absolutely no reason, based on the discovery you've given,

12 which has been nearly plenary, that you should be able to explore any further e-mail

13 accounts, and that's our objection.

14 DR. ISAACS: That's not a privilege.

15 MR. CHABOT: Unduly burdensome is an objection. You're right, it's not a privilege,

16 it's an objection.

17 DR. ISAACS: You're directing her not to answer an unprivileged question.

18 MR. KAPLAN: Dr. Isaacs, you're running out of time, finish up. You've got a minute

19 by my watch. (End Finn Deposition Page 308)

20 (Finn Deposition Page 255) : DR. ISAACS: Just for the record, I believe that there's

21 been excessive perjury today and in other depositions. I think I'll probably stop with the

22 depositions or some of them. I will contact you about that later, then let the court

23 intervene, report this to the authorities and see, you know, what the court decides. But I

24 don't see a reason to continue with these depositions before asking the court to intervene

25 or the authorities.

26

27

28

JDIsaacs v. Dartmouth
Case No. 12-CV-40-LM

As the Court can gather from the transcripts, **Plaintiff has been abused by opposing counsel through high volume of relentless litigation tactics. Deponents were ordered not to answer non-privileged questions on multiple occasions. Plaintiff notified opposing counsel he intended to seek further discovery sanctions. Opposing Counsel filed a false statement with this Court completely omitting Plaintiff's stipulation that outbound discovery requests be extended until February 20th. Plaintiff has an absolute right to complete discovery.**

Plaintiff had four months of concentration breakdown after all the chaos from the depositions. He informed this Court, at the earliest possible date, of the need for a scheduling conference. If the Court wishes Plaintiff to personally testify under oath about his confusion, he will do so with no hesitation. Furthermore, the Court may request statements from Plaintiff's physicains and or family pertaining to worsening "mental block" Plaintiff suffered for months after the perjured depositions. Furthermore, Plaintiff was confused by hundreds of pages of sealed MSJ documents, the last received by him only on April 2. As Exhibit D shows, Plaintiff was unaware and not fully understanding the process of sealed documents, and believed he was waiting for a) the entire MSJ on April 2, and b) a scheduling conference with Your Honor to discuss the complete breakdown in depositions and discovery scheduling.

Respectfully submitted, this 25th day of April, 2014.

/s/ J. D. Isaacs

J. D. ISAACS

3553 West Chester Pike Unit 177

Newtown Square, PA 19073

Plaintiff, *pro se*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-LM

# CERTIFICATE OF SERVICE

I, J.D. Isaacs, do declare as follows:

I certify that a copy of the foregoing **MOTION FOR RECONSIDERATION REPLY** was delivered electronically to counsel for the Defendants with counsel, and mailed conventionally to those without known counsel. Executed on this 25th day of April, 2014.

/s/ J.D. Isaacs

J. D. ISAACS

Plaintiff, *pro se*

JDIsaacs v. Dartmouth
Case No. 12-CV-40-LM