# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| J.D. ISAACS, an individual, § | |
| § | |
| *Plaintiff/Movant,* § | |
| § | |
| v. § | Misc. Action No. SA-14-MC-12-XR |
| § | Civil A. No.:12-CV-40(JL) (D.N.H.) |
| PACER Service Center, § | |
| § | |
| Respondent. § | |
| § | |

## ORDER

On this date, the Court considered Plaintiff J.D. Isaacs' Motion to Compel compliance with a Third-Party Subpoena. (Doc. No. 1).

## BACKGROUND

In the underlying court case, Plaintiff J.D. Isaacs has sued Dartmouth-Hitchcock Medical Center ("Dartmouth"), among others, in the United States District Court for the District of New Hampshire. Plaintiff alleges that he filed a lawsuit against a medical school in 2006 and that, upon graduating from a different medical school, he "received two jobs as a resident physician intern, and was abused by his directors who took an obsessive interest in his prior 2006 lawsuit." Motion at 1. Plaintiff "alleges that throughout the course of his employment as a resident physician, [Dartmouth] knew about his 2006 ADA litigation and chose to constructively terminate him." Motion at 2, 3.

To establish Defendants' knowledge of the 2006 litigation, Plaintiff sought records from the PACER Service Center ("PACER"). *Id.* at 4. Plaintiff alleges that he requested that

1

PACER "produce a 'yes/no' response to whether his [2006] lawsuit was accessed by any educational institution in the years 2010-2011." *Id*. Plaintiff further alleges that "PACER initially agreed to produce a 'yes/no' limited response, but then withdrew [its consent]." *Id.* The documents attached to Plaintiff's motion indicate the following: On September 18, 2013, Plaintiff obtained a third-party subpoena from this Court commanding the PACER Service Center to produce PACER access audit records for his prior lawsuit spanning September 2009 to August 2013. Doc. No. 1-1, Ex. A. The deadline for production was October 21, 2013. PACER did not file a motion to quash. However, on November 11, 2013, the Assistant General Counsel of the Administrative Office of the Courts emailed Plaintiff a letter, in which he indicated that the request had been denied "because it fails to satisfy the federal judiciary's disclosure regulations and the PACER Privacy and Security Policy."[1] Doc. No. 1-1, Ex. B. The letter stated that the subpoena specifically failed to satisfy "substantive and procedural grounds" set out by "§§ 630 and 850(a)" of the Judiciary's Disclosure Regulations. *Id*. The letter stated that Plaintiff failed to provide "any explanation as to the relevance of the information . . . requested or a reason why it is not readily available from another source." *Id*. Finally, PACER claimed that it has an interest in seeking "to avoid spending its resources for private purposes and to minimize its involvement in matters unrelated to its mission." *Id*.

---

[1] The AO's letter indicates that requests such as Plaintiff's subpoena *duces tecum* are governed by regulations governing the "Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings" ("Disclosure Regulations"). The regulations cited by the agency are similar to those enacted by numerous government agencies. They are often referred to as *Touhy* regulations, referencing the decision in *U.S. ex rel. Touhy v. Ragen*, 71 S.Ct. 416 (1951). The AO's letter references §§ 630 and 850(a); however, the reference to § 630 appears to be in error, since § 830 describes substantive requirements for requests for testimony or production of records.

2

## DISCUSSION

Plaintiff moves to compel compliance with the subpoena pursuant to Federal Rule of Civil Procedure 45. *See* FED. R. CIV. P. 45(c)(2)(B)(i) (2013) ("[O]n notice to the commanded person, . . . the serving party may move the issuing court for an order compelling production or inspection."). The subpoena was issued by this Court and appears to be facially valid. *See* FED. R. CIV. P. 45(a)(2)(C) (2013) (mandating that a subpoena be issued "for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made"). In this case, Plaintiff has provided a Certificate of Service, dated December 31, 2013, indicating that "notice of motion and motion to enforce subpoena *duces tecum* was delivered via USPS and email to PACER & electronically to counsel for the Defendants with counsel." Doc. No. 1, at 9.

Some courts have held that Plaintiff's motion to compel under Rule 45 is a proper method for Plaintiff to seek redress. *Beckett v. Seerpas*, No. 12-910, 2013 WL 796067, at *4 (E.D. La. March 4, 2013) (rejecting DOJ's argument that party seeking discovery must obtain judicial review of the decision by filing a separate lawsuit under the Administrative Procedure Act and concluding that "[w]hen a subpoena is issued to a nonparty federal employee by a federal court, the courts have generally held that sovereign immunity does not preclude the subpoena and that the party seeking to enforce the subpoena is not required to file a separate suit under the Administrative Procedure Act"). *But see Palmer v. Hawkins*, No. 09-mc-0019, 2009 WL 3230750, at *3 (W.D. La. Oct. 2, 2009) ("The court is not persuaded that the Fifth Circuit has made any clear choice on the issue, but it is persuaded that the courts that have applied the APA standard have the better argument.").

3

## CONCLUSION

PACER is ORDERED to respond to Plaintiff's motion no later than **March 21, 2014.** The Clerk shall mail a copy of this Order to PACER Service Center, 7550 IH 10 West, Suite 600, San Antonio, Texas 78229.

It is so ORDERED.

SIGNED this 3rd day of March, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE