UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Dr. J.D. Isaacs

    v.                                    Civil No. 12-cv-040-LM

Dartmouth-Hitchcock Medical
Center, Mary Hitchcock
Memorial Hospital, Dr.
Christine T. Finn, and the
Trustees of Dartmouth College


**O R D E R**

    Before the court is an emergency motion for reconsideration filed by Dr. J.D. Isaacs. In it, he takes issue with the court's statement, in its order on defendants' motions for summary judgment, that he did not object to those motions. He did not. To be sure, Dr. Isaacs did file a motion for a scheduling conference in which he asked the court to:

    1) Appoint counsel to review the 40 hours of
    deposition tapes for irregularities and suggest
    follow-up discovery provisioning.

    2) Re-schedule ESI discovery[.]

    3) [A]ny other action this Court deems just.

Doc. no. 140, at 3. Dr. Isaacs, however, did not move the court to extend the deadline for responding to the two summary judgment motions, nor did he seek relief under Rule 56(d) of the Federal Rules of Civil Procedure. While the Federal Rules are

intended to protect the rights of plaintiffs, such as Dr. Isaacs, to the fair resolution of their civil claims, they are also intended to protect defendants from the dilatory and haphazard litigation of claims against them. Here, the balance tips in favor of enforcing against Dr. Isaacs the consequences of his failure to: (1) object to defendants' motions for summary judgment; (2) seek an extension of the deadline for doing so; and/or (3) seek relief under Rule 56(d).

In his emergency motion for reconsideration, Dr. Isaacs states: "If Plaintiff was not clear, his motion for [an] emergency scheduling conference inherently requested a stay on the motion for summary judgment, in light of Plaintiff's unintentional delays and inability to focus on the litigation." Doc. no. 147, at 2. Courts are not in the business of ruling on inherent requests for relief, and for good reason. An opposing party has no meaningful opportunity to respond to an inherent request, and if a court were to take the steps necessary to frame a party's inherent request for relief as an express request, then it would run the risk of acting as that party's lawyer, which is most certainly out of bounds.

In sum, Dr. Isaacs has identified no good reason for the court to reconsider its order on defendants' motions for summary

judgment and, as a consequence, his emergency motion for reconsideration, doc. no. 147, is denied.

    SO ORDERED.

                                                           Landya McCafferty
                                                   United States District Judge

April 29, 2014

cc:   Pierre A. Chabot, Esq.
      J.D. Isaacs, pro se
      Edward M. Kaplan, Esq.
      Kathleen C. Peahl, Esq.
      Christopher James Pyles, Esq.